Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000

**FILED**

DEC 2 0 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

| | | |
|---|---|---|
| Carl Alexander Wescott, | ) | Case Number CV 17 5837 SK |
| Plaintiff | ) | |
| | ) | COMPLAINT FOR VIOLATIONS OF THE |
| -------------- versus -------------- | ) | FDCPA; RETALIATION UNDER FIRREA; |
| | ) | BREACH OF CONTRACT; CONVERSION; |
| Monette Stephens and | ) | LEGAL MALPRACTICE; WRONGFUL |
| Michelle Harris, esquire | ) | EVICTION; MORTGAGE FRAUD; CONSUMER |
| Defendants | ) | FRAUD; CIVIL FRAUD. |

Case Management Hearing: January 8th, 1:30 pm

Courtroom A, 15th Floor, 450 Golden Gate Ave.

## CASE MANAGEMENT STATEMENT

Pursuant to Standing Order of this Court, Plaintiff Carl Wescott, proceeding Pro Per, makes the following initial Case Management Statement:

1. Basis of Jurisdiction

Jurisdiction is proper in this Court under 28 USC 1331 because this case arises under the

1

Federal Debt Collection Practices Act 15 USC 1692e and the Financial Institutions Reform, & Recovery Act 12 USC 1833 et seq. ("FIRREA").

2.   Service of Complaint

Per the US Marshalls from last week, Michelle Harris has been served. I suspect Monette Stephens has been served, too, by the US Marshalls, but there is nothing in the docket reflecting that yet.

3.   Facts

This case arises out of the dissolution of Plaintiff's marriage to Defendant Monette Stephens ("Monette"). In early 2014, Plaintiff and Monette (hereafter "the Parties") were still married with three minor children, but beginning to discuss separation and divorce. Because the Plaintiff was a real estate investor and entrepreneur caught in the credit crunch, the Parties found themselves in significant debt with insufficient income. To minimize the expenses of a divorce, the Parties agreed to hire one attorney who would represent both of them in negotiating, memorializing and then stipulating an amicable agreement concerning property, visitation and support. Plaintiff delegated the selection and retention of an attorney to Monette.

On February 27, 2014, Defendant Michelle Harris, Esq. ("Harris") introduced herself via email to the Plaintiff. Harris's introductory communication was perfectly consistent with the arrangement contemplated by the Parties. She advised Plaintiff that she had been retained to negotiate an out of court resolution for the Parties. Harris' legal practice routinely involved the collection of consumer debts and she intended to attempt to collect consumer debts against the Plaintiff without making any of the disclosures required by the Fair Debt Collection Practices Act. Harris serially violated the Fair Debt Collection Practices act (15 USC 1692a et seq) by

lying to the Plaintiff about his responsibilities including his responsibility for the Parties' debts; her status as a debt collector; and in a series of communications to the court that inaccurately summarized agreements of the parties.

Effectively, the Plaintiff spent most of the first calendar year of the Parties' marital dissolution proceedings litigation being "advised" by his litigation adversary and being discouraged from seeking independent representation to protect his interests. As a result the Plaintiff was tricked into paying grossly excessive amounts in support (obtained by frantic borrowing from family and friends); assuming grossly disproportionate responsibility for the Parties' joint consumer debts; and was maneuvered into homelessness when Harris (acting as agent for Monette) turned a negotiated housing swap into the Plaintiff's chaotic last minute eviction. In the wake of that eviction, Monette (or Harris, as per Monette testimony in October 2016) stole Plaintiff's business property including his laptops, computing equipment, and files. Between the wrongful eviction and the theft of business property, Monette and Harris knee-capped Plaintiff's ability to restore his business.

4. <u>Legal Issues</u>

Plaintiff contends that Monette and Harris fraudulently concealed Harris's true role and consistently provided the Plaintiff with false information concerning the facts, the law, and their intentions for the purpose of locking him into grossly excessive support payments and grossly disproportionate responsibility for the Parties' consumer debts. In effect, the Plaintiff was taking legal "advice" from his litigation adversary for the first months of the Parties' divorce to his catastrophic prejudice and the unjust enrichment of Stephens and Harris. Harris also utterly failed to make various disclosures required by law, including disclosures of her intention to collect consumer debts as required by the Fair Debt Collection Practices Act and serially

1  mischaracterized the Plaintiff's responsibility for consumer debts both in statements to the
2  Plaintiff and to the Court.

5. <u>Motions</u>

There has been no Motion Practice to date.

6. <u>Amendments</u>

The Plaintiff does not currently plan to amend.

7. <u>Preservation of Evidence</u>

The submitting party, Carl A. Wescott, pro per, has reviewed the Guidelines for the Discovery of Electronically Stored Evidence and agrees to abide by same.

8. <u>Initial Disclosures</u>

The Parties have not yet exchanged Initial Disclosures pursuant to Rule 26.1.

9. <u>Discovery</u>

A. <u>Witnesses</u>

(a) Plaintiff Carl Wescott: will be expected to testify concerning the Parties' negotiations and his understanding of communications from Harris. The Plaintiff will also testify concerning the Defendants' retaliatory acts and the excessive support and consumer debt payments ascribed to him as a result of Harris's serial misrepresentations and omissions.

(b) Monette Stephens: will be expected to testify concerning the Parties' negotiations; her retaliation against Plaintiff; and her theft and possible destruction of the Plaintiff's office and

4

business property.

    (c)    Michelle Harris will be expected to testify concerning the nature of her practice and her consumer collection activities; her representations and omissions to Plaintiff; and her actions in securing the Plaintiff's eviction as well as her possible complicity in the theft and possible destruction of Plaintiff's office and business property.

    (d)    Tenants at 3910 Carol Avenue, Santa Barbara, CA 93110.

    B.    <u>Documents – Partial Document List</u>

    (a)    All emails from Michelle Harris to Plaintiff.

    (b)    All written communications between Monette and Harris including Harris's engagement letter.

    (c)    All bills from Harris.

    (d)    The Stipulation including all previous drafts.

    (e)    All filings, documents, communications from Monette or Harris leading to Plaintiff's eviction.

    (f)    All documents, files and communications with tenants at 3910 Carol Avenue including email and letter correspondence.

    (g)    All documents, files and communications from Harris that refer or relate to the Parties' financial condition.

    (h)    All documents, files and communications that relate to the theft, holding, and disposition or destruction of Plaintiff's office equipment.

    (i)    All documents that establish the Parties' relative and individual responsibility for joint consumer debts.

    (j)    All documents that reflect Monette's independent income in 2013, 2014, & 2015.

10. <u>Class Action</u>

Not applicable.

11. <u>Related Cases</u>

None at this time.

12. <u>Relief Sought</u>

The Plaintiff seeks damages under the UDCPA and under FIRREA for retaliation against Monette and Harris; disgorgement of fees from Harris; damages for civil fraud, common law fraud and breach of contract from Monette and Harris; and damages for legal malpractice from Harris as well as a comprehensive accounting from both Monette and Harris covering all excess payments he has made. The Plaintiff also seeks his fees, costs and exemplary damages from both parties for acts of fraud and misrepresentation.

13. <u>Settlement & Alternative Dispute Resolution</u>

The Plaintiff would consent to a settlement conference before a Magistrate Judge.

14. <u>Consent to Have a Magistrate Judge Hear the Case</u>

The Plaintiff has consented to have a Magistrate Judge hear this case.

15. <u>Other References</u>

Plaintiff believes this to be inapplicable.

16. <u>Narrowing Issues</u>

The Plaintiff believes that the issues in this case, may be settled with the active assistance and participation of Harris' E&O carrier. It is not a unique situation for a divorce attorney to misstate her duties and authorities although it was flagrant and disastrous in this case. If Harris' E&O carrier steps up and negotiates seriously, the Plaintiff would be willing to work on narrowing issues.

17. <u>Expedited Trial Procedure</u>

The Plaintiff would be in favor of any expedited procedures that do not sacrifice the presentation and preservation of evidence.

18. <u>Scheduling</u>

The Plaintiff is pleased to have this matter scheduled at the convenience of the Court.

19. <u>Trial</u>

The Plaintiff has demanded a trial by jury. The Plaintiff currently believes that the case can be tried in 3-4 days. It is possible that that view will change based on what further facts are learned in discovery.

20. <u>Disclosure of Non-Party Interested Persons or Entities</u>

The Plaintiff is unaware of such an interested non-party.

7

20. <u>Other Matters</u>

Plaintiff believes he has an attorney-client relationship with Harris by estoppel and reserves the right to claim the attorney-client privilege for certain communications that might be covered thereby.

RESPECTFULLY SUBMITTED,

Date:

_____
Carl Alexander Wescott. Pro Se