Timothy J. Halloran - 104498
  THalloran@mpbf.com
Arthur J. Harris - 246986
  AHarris@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Telephone:    (415) 788-1900
Facsimile:    (415) 393-8087

Attorneys for Defendant
MICHELLE L. HARRIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MONETTE STEPHENS and MICHELLE HARRIS,<br><br>　　　　　Defendants. | Case No.: 3:17-cv-05837-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND** |

## I.   INTRODUCTION

Defendant MICHELLE HARRIS ("Defendant"), moves this Court under Fed. R. Civ. Proc. 6(b)(1)(B) for an extension of time to respond to Plaintiff CARL ALEXANDER WESCOTT'S ("Plaintiff") Complaint until January 31, 2018.  The facts show that good cause exists to grant the requested extension.

Defendant's delay in responding to the Complaint was the result of a reasonable but mistaken belief that her malpractice insurer was providing defense and indemnity in this action and had, thus, assigned panel counsel to respond to the Complaint.  However, she received notice of a denial of coverage weeks after the time to respond had already expired.  As soon as she was notified of the denial, defendant sought to retain independent legal counsel.  Further, Defendant's counsel immediately met and conferred with Plaintiff in an effort to obtain a stipulated extension.  Once those efforts proved

fruitless because Plaintiff refused to stipulate, Defendant was forced to file the present motion. These circumstances constitute a reasonable and good faith basis for failing to timely respond to the Complaint.

Further, good cause exists to grant the motion due to the absence of prejudice to the plaintiff. Trying the case on the merits is the only consequence for the plaintiff; anything but prejudicial.

Therefore, the motion should be granted under Fed. R. Civ. Proc. 6(b)(1)(B) on the grounds that the defendant only failed to respond due to excusable neglect.

## II.  STATEMENT OF FACTS

On or about October 31, 2017, Defendant was served a copy of Plaintiff's Complaint. (Michelle Harris Decl. ¶ 2.) Defendant immediately contacted her current malpractice insurer, Imperium Insurance Company ("IIC") on November 2, 2017. (Michelle Harris Decl. ¶ 3.) Defendant believed and understood her policy's retroactive coverage applied to these malpractice claims and that coverage was available. (*Id.*) Defendant believed and understood that IIC would provide defense and indemnity coverage, and had assigned counsel to respond to the Complaint on her behalf. (*Id.*)

On December 5, 2017, for the first time, Defendant received a response from IIC notifying her that they had denied coverage and indemnification for her claim. (Michelle Harris Decl. ¶ 4.) By the time of receipt of this letter, the time to respond to the Complaint had already expired. (*Id.*)

Defendant was surprised and unprepared by IIC's delayed denial of the insurance tender and spent some time disputing the matter with IIC. (Michelle Harris Decl. ¶ 5.) The dispute further delayed her ability to obtain legal representation. (*Id.*)

When Defendant concluded IIC would not provide coverage, Defendant immediately sought to retain independent legal counsel to represent her in this action. (Michelle Harris Decl. ¶ 6.)

On December 12, 2017, Defendant retained Murphy, Pearson, Bradley & Feeney to represent her in this matter. (Michelle Harris Decl. ¶ 7.)

Aware that time to respond to the complaint had expired prior to Defendant becoming a client, Defendant, by and through counsel, made a good faith attempt to work informally with Plaintiff to extend the time to respond via a stipulation between the parties. (Arthur Harris Decl. ¶ 3.) Specifically, starting no later than December 12, 2017, and up to and including December 27, 2017, Defendant's counsel met and conferred with Plaintiff in an effort to obtain a stipulated extension. (Arthur Harris Decl. ¶ 4.) Once

those efforts proved fruitless because Plaintiff refused to stipulate, Defendant was forced to file the present motion. (Arthur Harris Decl. ¶ 5.)

Defendant needs additional time to respond to the Complaint because her counsel has only recently been retained and need an opportunity to review the file to determine the appropriate responsive pleading. Of particular importance is the need to prepare and file a Motion to Dismiss the Complaint in its entirety. (Arthur Harris Decl. ¶ 6-7.)

The extension of time to respond to the complaint would require a modification of the case schedule by delaying the last day (1) to meet and confer over ADR process selection and initial disclosures, (2) serve the initial disclosures, (3) file the Rule 26(f) Report and Case Management Conference Statement, and (4) the date of the Initial Case Management Conference. (Arthur Harris Decl. ¶ 8.)

### III.  ISSUE PRESENTED

Whether court should grant the motion to extend the time to respond to the complaint to January 31, 2018?

### IV.  LEGAL ARGUMENT

Under Fed. Rule. Civ. Proc. 6(b)(1)(B), the court may, for good cause, grant a motion extending the time to respond to the complaint after the time has expired if the party failed to act because of excusable neglect. Generally, excusable neglect is found when a party demonstrates good faith and a reasonable basis for not complying with the specified time limit. *Smallwood v. Allied Pickfords, LLC*, No. 08CV2196BTM(RBB), 2009 WL 3247180, at *11 (S.D. Cal. Sept. 29, 2009), aff'd 660 F.3d 1115 (9th Cir. 2011). When considering whether the basis was reasonable, four factors are considered: the danger of prejudice to the other party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay; and whether the movant acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 1491 (1993).

In alignment with the general rule that default judgments are ordinary disfavored, no danger of prejudice exists merely because a party has to try the case on its merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Jackson v. Delaware Cty.*, 211 F.R.D. 282, 283 (E.D. Pa 2002); accord *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974) ("default judgments are generally disfavored; whenever

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO EXTEND TIME TO RESPOND

CASE NO.
3:17-CV-05837-SK

1  it is reasonably possible, cases should be decided on their merits"). Likewise, the length of delay must
2  be construed liberally to effectuate the general purpose of seeing that cases are tried on the merits.
3  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010); cf *Wystrach v. Ciachurski*,
4  267 F. App'x 606, 607 (9th Cir. 2008) (upholding the district court's denial of a time extension after
5  plaintiff failed to respond to a motion for more than 100 days.) Courts have the discretion determine if
6  the reason for the delay is reasonable, and have found a good faith, but mistaken reliance as reasonable.
7  *Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, No. CIV.A. 3:09-CV-1384-, 2009 WL 3378401, at
8  *2 (N.D. Tex. Oct. 19, 2009); cf *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217 (N.D. Cal. 2001)
9  (plaintiff was not entitled to an extension of time to complete discovery since the plaintiff had received
10 a prior extension as a result of his failure to appear at his own deposition.) The key factor is good faith,
11 as extensions "normally will be granted in the absence of bad faith on the party seeking relief." *California*
12 *Trout v. F.E.R.C.*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009).

13      Defendant should be granted relief from any default and additional time to prepare a responsive
14 pleading because the failure to respond was the result of excusable neglect. After receipt of the
15 complaint, Defendant immediately tendered the action to her insurance provider. Defendant believed
16 and understood that her malpractice insurer would provide defense and indemnity coverage, and had
17 assigned counsel to respond to the complaint on her behalf. As such, she undertook no efforts to locate
18 and retina counsel on her own. However, on December 5, 2017, for the first time, Defendant received
19 notice from her insurance provider – Imperium Insurance Company ("IIC") – that it was denying
20 coverage and would neither defend nor indemnify her claim. Defendant was understandably surprised
21 by IIC's coverage denial and the fact that no action had been taken in the interim to respond to the
22 complaint. Thus, Defendant's failure to respond was a result of a reasonable belief that her insurance
23 carrier had assigned counsel to represent her in the present dispute and respond to the complaint on her
24 behalf. Immediately upon notice from her insurer that coverage was denied, Defendant sought to retain
25 independent counsel to represent her in this action. That notice, however, did not come until after the
26 time to respond had already expired.

27      The extension is necessary because Defendant's newly retained counsel – Murphy Pearson
28 Bradley, and Feeney –need an opportunity to review the file to determine the appropriate responsive

- 4 -

pleading. In particular, there is an order in the state court holding Plaintiff to be a vexatious litigant and requiring him to first obtain court approval before filing any pleadings. The impact of this state court order, if any, on Plaintiff's ability to file and prosecute the present Federal complaint without prior court approval is an issue that may need to be briefed for the Federal Court as part of Defendant's responsive pleading. Additionally, Defendant anticipates filing a 12(b)(6) Motion to Dismiss on several grounds including (1) statute of limitations (the alleged legal malpractice occurred 3 years before the filing of the present action, which is outside the 1-year statute of limitations on a malpractice claim), (2) litigation privilege (all of the alleged wrongdoing occurred during Defendant's representation of an adversary in a dissolution action, which is protected conduct), and (3) a lack of duty or causation (Defendant was never engaged in an attorney-client relationship with Plaintiff and therefore did not owe him a duty of care in the underlying action). Again, both time and an opportunity to review the relevant materials is needed to assess the merit of bringing such a motion in the present action.

Plaintiff will not be prejudiced by this delay because permitting an extension of time to respond to the complaint merely allows Defendant the opportunity to defend herself on the merits of the case. (*Jackson v. Deleaware Cty.,* 211 F.R.D. 282, 283 (E.D. Pa 2002); *see also Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974) ("default judgments are generally disfavored; whenever it is reasonable possible, cases should be decided on their merits"); *accord Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ["Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible"].) Further, Plaintiff will not be prejudiced because the extension requested does not egregiously delay the time to respond to the complaint, no trial date has been set, and the other named defendant in the action has not made an appearance yet. Conversely, Defendant will substantially prejudiced if an extension is not granted because she will not have adequate time to prepare an appropriate response to the complaint, and potentially a judgment may be taken against her in case that has no merit.

Notably, prior to the making of this motion, counsel for Defendant took painstaking efforts to secure a stipulation from Plaintiff to extend the time for her to respond to the Complaint. However, on December 27, 2017, Plaintiff refused to stipulate, forcing Defendant to file the present motion.

## V. **CONCLUSION**

In conclusion, the court should grant Defendant's motion for an extension of time to respond to the complaint under Fed. R. Civ. Proc. 6(b)(1)(B) because Defendant's failure to timely respond was due to excusable mistake. Plaintiff faces no prejudice, the defendant had a good faith but mistaken reliance on her malpractice insurer, the delay is not egregiously long, and the defendant acted in good faith. All of these factors favor the Court extending Defendant's time to respond to the Complaint to January 31, 2018.

Dated: January 2, 2018

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Arthur J. Harris
Attorneys for Defendant
MICHELLE L. HARRIS

KXW.3207494.docx