Timothy J. Halloran - 104498
 THalloran@mpbf.com
Arthur J. Harris - 246986
 AHarris@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Telephone:   (415) 788-1900
Facsimile:   (415) 393-8087

Attorneys for Defendant
MICHELLE L. HARRIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>                  Plaintiff,<br><br>         v.<br><br>MONETTE STEPHENS and MICHELLE HARRIS,<br><br>                  Defendants. | Case No.: 3:17-cv-05837-SK<br><br>**DECLARATION OF ARTHUR J. HARRIS IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME** |

I, Arthur J. Harris, declare that:

1. I am an attorney duly licensed to practice in all courts of the State of California, and I am Senior Counsel with the law firm of Murphy, Pearson, Bradley & Feeney, attorneys of record for defendant Michelle Harris. I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2. Defendant MICHELLE HARRIS ("Defendant") became a client of Murphy, Pearson, Bradley & Feeney on December 12, 2017.

3. Starting no later than December 12, 2017, I contacted Plaintiff CARL ALEXANDER

- 1 -

DECLARATION OF ARTHUR J. HARRIS IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME

CASE NO. 3:17-CV-05837-SK

1  WESCOTT ("Plaintiff") in an effort to meet and confer over a stipulation between the parties for an
2  extension of time for Defendant to respond to the Complaint.

3      4.    Between approximately December 20, 2017, and December 27, 2017, Plaintiff and I were
4  in discussions regarding the terms of a potential stipulation.

5      5.    On December 27, 2017, Plaintiff told me that he would not enter a stipulation for an
6  extension of time for Defendant to respond to the Complaint. At that point, the present motion became
7  necessary.

8      6.    The extension is necessary because my firm was only recently retained and need an
9  opportunity to review the file to determine the appropriate responsive pleading. In particular, there is an
10 order in the state court holding Plaintiff to be a vexatious litigant and requiring him to first obtain court
11 approval before filing any pleadings. The impact of this state court order, if any, on Plaintiff's ability to
12 file and prosecute the present Federal Complaint without prior court approval is an issue that may need
13 to be briefed for the Federal Court as part of Defendant's responsive pleading. Additionally, Defendant
14 anticipates filing a 12(b)(6) Motion to Dismiss on several grounds including (1) statute of limitations
15 (the alleged legal malpractice occurred 3 years before the filing of the present action, which is outside
16 the 1-year statute of limitations on a malpractice claim), (2) litigation privilege (all of the alleged
17 wrongdoing occurred during Defendant's representation of an adversary in a dissolution action, which
18 is protected conduct), and (3) a lack of duty or causation (Defendant was never engaged in an attorney-
19 client relationship with Plaintiff and therefore did not owe him a duty of care in the underlying action).

20     7.    Allowing my firm both time and an opportunity to review the relevant materials is needed
21 to assess the merit of bringing a dispositive motion in the present action. Additionally, Plaintiff will not
22 be prejudiced by this delay because permitting an extension of time to respond to the Complaint merely
23 allows Defendant the opportunity to defend herself on the merits of the case. Conversely, Defendant
24 will substantially prejudiced if an extension is not granted because she will not have adequate time to
25 prepare an appropriate response to the complaint, and potentially a judgment may be taken against her
26 in case that has no merit.

27 ///
28 ///

8. The extension of time to respond to the Complaint would require a modification of the case schedule by delaying the last day (1) to meet and confer over ADR process selection and initial disclosures, (2) serve the initial disclosures, (3) file the Rule 26(f) Report and Case Management Conference Statement, and (4) the date of the Initial Case Management Conference.

9. No previous time modifications have been requested by any party in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 2nd day of January 2018, in San Francisco, California

Dated: January 2, 2018

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Arthur J. Harris
Attorneys for Defendant
MICHELLE L. HARRIS

KXW.3207408.docx

- 3 -

DECLARATION OF ARTHUR J. HARRIS IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME

CASE NO. 3:17-CV-05837-SK