Timothy J. Halloran – 104498
    THalloran@mpbf.com
Arthur J. Harris – 246986
    AHarris@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Telephone: (415) 788-1900
Facsimile: (415) 393-8087

Attorneys for Defendant
MICHELLE L. HARRIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT, | Case No.: 3:17-cv-05837-SK |
|     Plaintiff, | **DECLARATION OF DEFENDANT MICHELLE HARRIS IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16** |
| v. | |
| MONETTE STEPHENS and MICHELLE HARRIS, | |
|     Defendants. | |
| | Date: March 26, 2018 |
| | Time: 9:30 a.m. |
| | Courtroom: A, 15th Floor |
| | Judge: Magistrate Judge Sallie Kim |

I, Michelle Harris, declare that:

    1.    I am an attorney duly licensed to practice in all courts of the State of California, am a solo practitioner at Harris Family Law, and a defendant in the pending action.  I have personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is

1    true and correct of my own personal knowledge, and if called upon to testify, I could and would

2    competently testify thereto.

3         2.      No later than February 27, 2014, Defendant Monette Stephens ("Stephens") retained me

4    to represent her in the action entitled *Monette Rosemarie Stephens v. Alexander Wescott*, San Francisco

5    County Superior Court Case No. FDV-14-810782 ("Underlying Action"). I reviewed a copy of the

6    temporary restraining order at or around the time that I was retained by Stephens. In the temporary

7    restraining order, Stephens alleged that Plaintiff abused narcotics and alcohol in front of their children.

8    Stephens also alleged that Plaintiff verbally and physically abused her, and that her children had observed

9    the abuse. Stephens requested the Court issue a temporary restraining order against Plaintiff, force him

10   to move out of the family home, and restrict his access to Stephens and the children. A true and correct

11   copy of the Request for Domestic Violence Restraining Order is attached hereto as **Exhibit 1**.

12        3.      The same day, I sent an email to Plaintiff informing him that Stephens had retained me

13   to represent her in the Underlying Action and attempt to negotiate a written agreement with Plaintiff to

14   resolve their dispute. Prior to that email, I had never met or communicated with Plaintiff in any manner

15   and had no preexisting relationship with Plaintiff. A true and correct copy of my February 27, 2014,

16   email to Plaintiff is attached hereto as **Exhibit 2**.

17        4.      Between February 27, 2014, and March 13, 2014, I, in my capacity as Stephens' counsel,

18   engaged in an arms-length negotiation with Plaintiff over the terms of a written agreement to resolve the

19   Underlying Action. At all times during those negotiations I was acting in my capacity as Stephens's

20   attorney. At no time did I expressly or implicitly inform Plaintiff that I was representing his interest in

21   the Underlying Action or negotiations over the terms of a written agreement to resolve his dispute with

22   Stephens. Plaintiff was at all times my client's litigation adversary in the negation process as well as the

23   Underlying Action.

24        5.      On March 4, 2014, I received an email from Plaintiff regarding discussions over the terms

25   of the written agreement to resolve the Underlying Action. In that email Plaintiff admittedly

26   "under[stood] that [I] represent[ed] Monette and not [Plaintiff]" in the parties negotiations over the terms

27   of the Stipulation. A true and correct copy of Plaintiff's March 4, 2014, email to me is attached hereto

28

DECLARATION OF MICHELLE HARRIS IN SUPPORT OF DEFENDANT HARRIS'
MOTION TO DISMISS AND ANTI-SLAPP MOTION

CASE NO. 3:17-CV-
05837-SK

as **Exhibit 3**.

6.    On March 5, 2014, I filed a Substitution of Counsel form in the Underlying Action. The form stated that I was substituting in as Stephens' attorney only. A true and correct copy of Substitution of Counsel form substituting me into the Underlying Action is attached hereto as **Exhibit 4**.

7.    The same day, I sent Plaintiff an email that included a revised copy of the proposed written agreement. In the body of the email I informed Plaintiff that a notary would ultimately be needed when the agreement was executed because Plaintiff did not have counsel. A true and correct copy of my March 5, 2014, email (without attachments) to Plaintiff is attached hereto as **Exhibit 5**.

8.    On March 6, 2014, I received an email from Plaintiff regarding negotiations over the terms of the written agreement resolving the Underlying Action. In the email, Plaintiff stated that he was representing himself in that case: "[Plaintiff] simply cannot afford attorneys at this point in time, which why [sic] I'm representing myself, if possible…and if I get an attorney for this matter, I'm hoping I can find someone pro bono." In fact, Plaintiff also expressed his ignorance of the terms of the attorney-client fee agreement between me and Stephens: "I assume you took Monette's case partially or fully pro bono…May I see whatever agreements you signed? What hourly rate are you using? May I see what you have done so far? How much do you expect you need to do?" A true and correct copy of Plaintiff's March 6, 2014, email to me is attached hereto as **Exhibit 6**.

9.    On March 12, 2014, I sent an email to Plaintiff with a copy of the Substitution of Counsel form filed in the Underlying Action. This was the first time that I sent a copy to Plaintiff because it took approximately one week to receive an executed copy back from the Court. Plaintiff acknowledged receipt of the email at 6:23 a.m. on March 13, 2014, before any written agreements were signed resolving the Underlying Action. A true and correct copy of the March 12 and 13, 2014, email chain between me and Plaintiff is attached hereto as **Exhibit 7**.

10.    On March 13, 2014, Stephens and Plaintiff signed the Stipulation and Order Thereon Re: Custody, Support, and Housing ("Stipulation") regarding custody, support, and housing. I signed the Stipulation approved as to form only as the attorney for Stephens only. The Stipulation resulted from a simple arms-length business transaction between litigation opponents, wherein I solely represented

DECLARATION OF MICHELLE HARRIS IN SUPPORT OF DEFENDANT HARRIS'    CASE NO. 3:17-CV-
MOTION TO DISMISS AND ANTI-SLAPP MOTION                            05837-SK

1  Stephens' interests, not Plaintiff's interests.  The Stipulation was executed as an Order of the Court on

2  July 30, 2014.  A true and correct copy of the Stipulation is attached hereto as **Exhibit 8**.

3         11.     The Stipulation at Prgh. 14 states that Plaintiff shall pay for all of Stephens's legal fees

4  in the sum of $7,000, paid over an approximate forty-five (45) day period.  Under Prgh. 7, the Stipulation

5  also provided that Stephens would have exclusive use, possession, and control of the real property

6  located at 853 Ashbury Street, San Francisco, CA 94117 ("San Francisco Property") starting

7  immediately.  Prgh. 6 states that Stephens would have exclusive use, possession, and control of the real

8  property located at 3910 Carol Avenue, Santa Barbara, CA 93110 ("Santa Barbara Property") between

9  June 16, 2014 and August 31, 2014.  Both properties were in foreclosure at the time that the Stipulation

10 was executed by the parties.

11        12.     On March 25, 2014, I received an email from Plaintiff requesting a copy of the invoice

12 for the attorney's fees and costs that I billed while representing Stephens in the Underlying Action.

13 Based on the terms of the Stipulation and in response to Plaintiff's email, I invoiced Plaintiff directly for

14 the attorney's fees and costs for the work I performed as Stephens' counsel.  A true and correct copy of

15 Plaintiff's March 25, 2014, email to me is attached hereto as **Exhibit 9**.

16        13.     On June 2, 2014 Plaintiff filed a Petition for Dissolution in the action entitled *Alexander*

17 *Wescott v. Monette Rosemarie Stephens*, San Francisco County Superior Court Case No. FDI-14-781666

18 ("Dissolution Action").  Plaintiff filed the pleading in *pro per* and the petition alleged that the dissolution

19 was based on irreconcilable difficulties.  A true and correct copy of the Petition for Dissolution of

20 Marriage is attached hereto as **Exhibit 10**.

21        14.     On August 11, 2014, the Underlying Action and the Dissolution Action were consolidated

22 under the Dissolution Action.  A true and correct copy of the Order Re: Consolidation is attached hereto

23 as **Exhibit 11**.

24        15.     On August 25, 2014, I filed a Request for Order in the consolidated Dissolution Action

25 seeking to enforce the terms of the Stipulation that applied to the real property.  The motion sought to

26 have Plaintiff removed from the San Francisco Property and to prevent his future access to the Santa

27 Barbara Property.  A true and correct copy of the Request for Order Re: House is attached hereto as

28

- 4 -

DECLARATION OF MICHELLE HARRIS IN SUPPORT OF DEFENDANT HARRIS'
MOTION TO DISMISS AND ANTI-SLAPP MOTION

CASE NO. 3:17-CV-
05837-SK

**Exhibit 12**.

16.     On or around December 2, 2014, Plaintiff submitted to a psychological & substance abuse evaluation on for purposes of evaluating the scope of child custody.  A written report was prepared that documented the examination.  I received a copy of this report in my capacity as Stephens' counsel in the consolidated Dissolution Action.  In the evaluation, Plaintiff admitted to abusing alcohol and cocaine and described himself as a cocaine addict.  Psychological testing showed that Plaintiff possessed personality structures that are oppositional, mistrustful of others, and paranoid.  The testing also showed that Plaintiff engages in delusional thinking, displayed classic addict behavior, and had advanced addictive disease.

17.     On December 12, 2014, I filed a Substitution of Counsel form in the consolidated Dissolution Action substituting out of the case as Stephens' counsel.  I was replaced by Terry A. Szucsko.  My substitution out of the consolidated Dissolution Action concluded my attorney-client relationship with Stephens, and concluded any work I was performing in relation to the Stipulation and the consolidated Dissolution Action.  A true and correct copy of Substitution of Counsel form substituting me out of the consolidated Dissolution Action is attached hereto as **Exhibit 13**.

18.     My representation of Stephens in the consolidated Dissolution Action and the related Stipulation is my sole connection with Plaintiff.  Prior to February 27, 2014, I had never had any dealings or communications with Plaintiff.  Every action taken by or communication made by me with respect to Plaintiff was within our capacity as Stephens' attorney, and was directly related to the legal representation of my client.

19.     The sole purpose of all the actions and communications by me in relation to Plaintiff was to represent Stephens in the consolidated Dissolution Action and the Stipulation, and to advance my client's legal interests.

20.     All of the actions and communications by me in relation to Plaintiff were made in an effort to "to achieve the objects of the proceedings," that is, to advance my client Stephens' position against Plaintiff in the consolidated Dissolution Action and the related Stipulation.

///

- 5 -

1    ///

2    21.    I never directly entered into any contract of any nature with Plaintiff, either oral or written. I never had an attorney-client relationship with Plaintiff. I have never owed Plaintiff any fiduciary duty, or any other duty of any sort, as Plaintiff was the litigation opponent of my client Stephens.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 31st day of January 2018, in San Francisco, California.

By: /s/ Michelle Harris
         Michelle Harris

KXW.3212734.docx

1

**CERTIFICATE OF SERVICE**

2

I, Maria Diazgranados, declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San

5

Francisco, California  94108.

6

On January 31, 2018, I served the following document(s) on the parties in the within action:

7

8

**DECLARATION OF DEFENDANT MICHELLE HARRIS IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16**

9

10

| x | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail.  The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as listed below. |
|---|---|

11

12

13

14

Carl Alexander Wescott                                  Attorney For Plaintiff in Propria Persona
P.O. Box 190875
San Francisco, CA
Phone:  (415) 335-5000

15

16

17

I declare under penalty of perjury under the laws of the State of California that the foregoing is

18

a true and correct statement and that this Certificate was executed on January 31, 2018.

19

20

By _Maria Diazgranados_

Maria Diazgranados

21

- 7 -

# EXHIBIT 1

**DV-100** | **Request for Domestic Violence Restraining Order**

*You must also complete Form CLETS-001, Confidential CLETS Information and give it to the clerk when you file this Request.*

**①** **Name of person asking for protection:** Monette Stephens  ~~Monette Kaddarah Mostafa~~  Age: 50

Your lawyer in this case *(if you have one)*:

Name: In Pro Per    State Bar No.: _____

Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different address instead. You do not have to give your telephone, fax, or e-mail.):*

Address: 653 Ashbury St.

City: San Francisco    State: CA    Zip: 94117

Telephone: 415.680.0280    Fax: _____

E-Mail Address: _____

---

*Clerk stamps date here when form is filed.*

**FILED**
San Francisco County Superior Court

FEB 14 2014

CLERK OF THE COURT

BY _____ Deputy Clerk

Fill in court name and street address:

Superior Court of California, County of
_____

*Clerk fills in case number when form is filed.*

Case Number:
FDV - 14 - 010782

---

**②** **Name of person you want protection from:**

Carl Wescott

Description of person you want protection from:

Sex: ☒ M  ☐ F   Height: 5'11"   Weight: 280   Hair Color: Blond   Eye Color: Blue

Race: White    Age: 46    Date of Birth: 6.15.1967

Address *(if known)*: _____

City: _____    State: _____    Zip: _____

---

**③** **Do you want an order to protect family or household members?**  ☒ Yes  ☐ No

*If yes, list them:*

| Full name | Sex | Age | Lives with you? | Relationship to you |
|---|---|---|---|---|
| Alexander Wescott | m | 8 | ☒ Yes  ☐ No | Son |
| Cyrus Wescott | m | 5 | ☒ Yes  ☐ No | Son |
| Darius Wescott | m | 3 | ☒ Yes  ☐ No | Son |

☐ Check here if you need more space. Attach a sheet of paper and write "DV-100, Protected People" for a title.

---

**④** **What is your relationship to the person in ②?** *(Check all that apply.)*

a. ☒ We are now married or registered domestic partners.

b. ☐ We used to be married or registered domestic partners.

c. ☒ We live together.

d. ☐ We used to live together.

e. ☐ We are related by blood, marriage, or adoption (specify relationship): _____

f. ☐ We are dating or used to date, or we are or used to be engaged to be married.

g. ☒ We are the parents together of a child or children under 18:

Child's Name: Alexander Wescott    Date of Birth: 10.12.05

Child's Name: Cyrus Wescott    Date of Birth: 2.15.08

Child's Name: Darius Wescott    Date of Birth: ~~2~~2.15.10

☐ Check here if you need more space. Attach a sheet of paper and write "DV-100, Children Under 18" for a title.

h. ☐ We have signed a Voluntary Declaration of Paternity for our child or children. *(Attach a copy if you have one.)*

*If you do not have one of these relationships, the court may not be able to consider your request. Read DV-500-INFO for help.*

---

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised January 2, 2012, Mandatory Form
Family Code, § 6200 et seq

**Request for Domestic Violence Restraining Order**
(Domestic Violence Prevention)

DV-100, Page 1 of 5 →

Case Number:

**⑤ Other Court Cases**
a. Have you or any other person named in item ③ been involved in another court case with the person in ②?
☐ No ☒ Yes *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | County or Tribe Where Filed | Year Filed | Case Number (if known) |
|---|---|---|---|
| ☐ Divorce, Nullity, Legal Separation | | | |
| ☐ Civil Harassment | | | |
| ☐ Domestic Violence | | | |
| ☒ Criminal | San Francisco | 2017 | |
| ☐ Juvenile, Dependency, Guardianship | | | |
| ☐ Child Support | | | |
| ☐ Parentage, Paternity | | | |
| ☐ Other (specify): | | | |

☐ Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Court Cases" for a title.
b. Are there any domestic violence restraining/protective orders now (criminal, juvenile, family)?
☒ No ☐ Yes *If yes, attach a copy if you have one.*

## Check the orders you want. ☒

**⑥ ☒ Personal Conduct Orders**
I ask the court to order the person in ② not to do the following things to me or anyone listed in ③:
a. ☒ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, or block movements
b. ☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail or e-mail or other electronic means
*The person in ② will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**⑦ ☒ Stay-Away Order**
a. I ask the court to order the person in ② to stay at least __100__ yards away from (check all that apply):
☒ Me                                      ☒ My vehicle
☒ My home                           ☐ The children's school or child care
☐ My job or workplace        ☒ Each person listed in ③
☐ My school                         ☐ Other (specify): _____
b. If the person listed in ② is ordered to stay away from all the places listed above, will he or she still be able to get to his or her home, school, job, workplace, school, or vehicle? ☐ Yes ☒ No (If no, explain):
He will have to move

**⑧ ☒ Move-Out Order**
*(If the person in ② lives with you and you want that person to stay away from your home, you must ask for this move-out order)*
I ask the court to order the person in ② to move out from and not return to (address): 853 Ashbury St San Francisco CA 94117
I have the right to live at the above address because (explain): I am on the mortgage.

This is not a Court Order.

Case Number:

**⑨ Guns or Other Firearms and Ammunition**
I believe the person in ② owns or possesses guns, firearms, or ammunition. ☐ Yes ☐ No ☐ I don't know
*If the judge approves the order, the person in ② will be ordered not to own, possess, purchase or receive a firearm or ammunition. The person will be ordered to sell to a gun dealer or turn in to law enforcement any guns or firearms that he or she owns or possesses.*

**⑩ ☒ Record Unlawful Communications**
I ask for the right to record communications made to me by the person in ② that violate the judge's orders.

**⑪ ☐ Animals: Possession and Stay-Away Order**
I ask for the sole possession, care, and control of the animals listed below. I ask the court to order the person in ② to stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals: _____
_____

I ask for the animals to be with me because: _____
_____

**⑫ ☒ Child Custody and Visitation**
a. ☒ I do not have a child custody or visitation order and I want one.
b. ☐ I have a child custody or visitation order and I want it changed.
*If you ask for orders, you must fill out and attach Form DV-105, Request for Child Custody and Visitation Orders.*
*You and the other parent may tell the court that you want to be legal parents of the children (use Form DV-180, Agreement and Judgment of Parentage).*

**⑬ ☒ Child Support** *(Check all that apply):*
a. ☒ I do not have a child support order and I want one.
b. ☐ I have a child support order and I want it changed.
c. ☐ I now receive or have applied for TANF, Welfare, CalWORKS, or Medi-Cal.
*If you ask for child support orders, you must fill out and attach Form FL-150, Income and Expense Declaration or Form FL-155, Financial Statement (Simplified).*

**⑭ ☐ Property Control**
I ask the court to give *only* me temporary use, possession, and control of the property listed here:
_____

**⑮ ☐ Debt Payment**
I ask the court to order the person in ② to make these payments while the order is in effect:
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Debt Payment" for a title.*
Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ ☐ Property Restraint**
I am married to or have a registered domestic partnership with the person in ②. I ask the judge to order that the person in ② not borrow against, sell, hide, or get rid of or destroy any possessions or property, except in the usual course of business or for necessities of life. I also ask the judge to order the person in ② to notify me of any new or big expenses and to explain them to the court.

**This is not a Court Order.**

Case Number:

**(17)** **Spousal Support**
I am married to or have a registered domestic partnership with the person in ② and no spousal support order exists. I ask the court to order the person in ② to pay spousal support. *(You must fill out, file, and serve Form FL-150, Income and Expense Declaration, before your hearing).*

**(18)** ☐ **Lawyer's Fees and Costs**
I ask that the person in ② pay some or all of my lawyer's fees and costs.
*You must complete, file and serve Form FL-150, Income and Expense Declaration before your hearing.*

**(19)** ☐ **Payments for Costs and Services**
I ask the court to order the person in ② to pay the following:
*You can ask for lost earnings or your costs for services caused directly by the person in ② (damaged property, medical care, counseling, temporary housing, etc.). You must bring proof of these expenses to your hearing.*
Pay to: _____ For: _____ Amount: $_____
Pay to: _____ For: _____ Amount: $_____

**(20)** **Batterer Intervention Program**
I ask the court to order the person listed in ② to go to a 52-week batterer intervention program and show proof of completion to the court.

**(21)** **Other Orders**
What other orders are you asking for? Alcoholics AAnonymous, Narcotics Anon.
_____
_____
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Orders" for a title.*

**(22)** ☐ **Time for Service (Notice)**
*The papers must be personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. If you want there to be fewer than five days between service and the hearing, explain why below. For help, read Form DV-200-INFO, "What Is Proof of Personal Service?"*
_____
_____

**(23)** **No Fee to Serve (Notify) Restrained Person**
*If you want the sheriff or marshal to serve (notify) the restrained person about the orders for free, ask the court clerk what you need to do.*

**(24)** **Court Hearing**
The court will schedule a hearing on your request. If the judge does not make the orders effective right away ("temporary restraining orders"), the judge may still make the orders after the hearing. If the judge does not make the orders effective right away, you can ask the court to cancel the hearing. Read Form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order* for more information.

**This is not a Court Order.**

Case Number:

(25) **Describe Abuse**

Describe how the person in ② abused you. Abuse means to intentionally or recklessly cause or attempt to cause bodily injury to you; or to place you or another person in reasonable fear of imminent serious bodily injury; or to molest, attack, hit, stalk, threaten, batter, harass, telephone, or contact you; or to disturb your peace; or to destroy your personal property. Abuse can be spoken, written, or physical. (For a complete definition, see Family Code §§ 6203, 6320).

a. Date of most recent abuse: _1.29.14_
b. Who was there? _Respondent, our children, and myself._
c. Describe how the person in ② abused you or your children: _See Attached._

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

d. Did the person in ② use or threaten to use a gun or any other weapon? ☒ No  ☐ Yes *(If yes, describe):*

e. Describe any injuries: _Fracture orbital bone, bruising under left and right eye, hairline fracture on face, bruising all over face, ear drum burst, jaw pain_

f. Did the police come? ☒ No  ☐ Yes
If yes, did they give you or the person in ② an Emergency Protective Order? ☐ Yes  ☒ No  ☐ I don't know
*Attach a copy if you have one.*
The order protects ☐ you  or  ☐ the person in ②

g. **Has the person in ② abused you (or your children) other times?**
*If yes,* ☒ check here and use Form DV-101, Description of Abuse *or a sheet of paper to describe any previous abuse.*

(26) **Other Persons to Be Protected**

The persons listed in item ③ need an order for protection because *(describe):* _Respondent is abusing drugs and alcohol in front of children and the children have witnessed the verbal abuse and seen my injuries caused by Respondent's physical abuse._

(27) Number of pages attached to this form, if any: _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _2/12/14_

_Monette Stephens_
Type or print your name

Date: _____

_____
Lawyer's name, if you have one

▶ _[signature]_
Sign your name

▶ _____
Lawyer's signature

**This is not a Court Order.**

1  MONETTE STEPHENS
   IN PRO PER
2  853 ASBURY STREET
   SAN FRANCISCO, CA 94117
3

4                    SUPERIOR COURT OF CALIFORNIA

5                 CITY AND COUNTY OF SAN FRANCISCO

6                        UNIFIED FAMILY COURT

7

8

9  MONETTE STEPHENS,              ]
                                  ]
10        Petitioner              ]        PETITIONER'S DECLARATION
                                  ]        IN SUPPORT OF APPLICATION
11  v.                            ]        FOR CLETS RESTRAINING ORDER
                                  ]        DV 100/101
12  CARL WESCOTT,                 ]
                                  ]
13        Respondent              ]
                                  ]
14                                ]
15

16

17              **DECLARATION OF MONETTE STEPHENS**

18

19  I, Monette Stephens, declare as follows:

20     1.  The following statements are true and correct to the best of my knowledge, and as to the

21         statements where I do not have personal knowledge, I state them as true and correct on

22         information and belief.

23     2.  I am the petitioner in this matter.

24     3.  Respondent and I have been married since January 2005.  We have three children together:

25         Alexander Wescott (Age 8); Cyrus Wescott (Age 5); and Darius Wescott (Age 3). I am asking

26

27

28                                      1

the court for a 5-year CLETS restraining order to protect myself and my sons from the Respondent.

**History of Relationship and Past Incidents of Abuse**

4. Respondent and I met in or around May 2004 and married in January 2005.

5. Respondent's abuse toward me started out as emotional and has escalated to physical. The emotional abuse started in August 2005 when I became pregnant with our first son, Alexander. Respondent would call me "fat", "old", and "stupid". He ridiculed me for having two prior miscarriages with him. Respondent would tell me that he'd sleep with other women if I couldn't give him children. Respondent made these statements and similar statements to me during all three of my pregnancies.

6. Respondent also mocked the way I handled my finances. Respondent told me that I was stupid with the way I managed money and that if I let him handle it, we'd make much more money. So I gave up my financial autonomy, and allowed Respondent to handle our finances.

7. In 2007, I became pregnant with our second son, Cyrus, and I experienced significant health problems during this pregnancy. I was hospitalized and nearly lost our son. Because of these health issues, I had a caesarian. While I was still in the hospital recovering from the caesarian, Respondent told me that he wanted a third child, and he said would leave me for a younger and skinner woman if I didn't agree to have another child. Given the health risks I experienced while pregnant with our second son, Respondent's comments were extremely troublesome and cruel.

8. In the beginning of 2010, our financial situation had substantially declined and several lawsuits were filed against us to recover money lost. Around this time, I noticed a significant change in Respondent's behavior. He became very withdrawn and was sleeping during the day a lot. I thought that Respondent may be depressed given the financial troubles he was experiencing, but I later discovered in May 2011 that Respondent was actually using cocaine during this time. In May 2011, Respondent admitted to me that he had been abusing cocaine since the beginning of 2010.

2

9. In February 2010, I gave birth to our third son, Darius. The emotional abuse continued throughout this pregnancy and while I wanted to leave Respondent, I decided not to because I was so overwhelmed after giving birth to our third child. At that juncture, I had three children under the age of five to look after.

10. As time progressed, Respondent's emotional abuse turned physical. In or around fall 2010, Respondent started breaking personal property in our home when he became mad and enraged.

11. In or around May 2011, I noticed that Respondent started drinking alcohol more frequently and eventually he started binge drinking. When Respondent would drink he would become extremely angry.

12. In the summer of 2011, Respondent's sister and I confronted Respondent about his cocaine addiction after we discovered that Respondent was having cocaine delivered to our house. Respondent became enraged. He broke our glasses in the kitchen and went to the third floor of our home and started throwing glass out the window onto the street. Respondent nearly broke our garbage disposal because there was so much glass thrown down it. I was worried that the kids would see or step on the glass, so I quickly cleaned it up instead of calling the police.

13. In November 2012, I decided to take our children to Los Angeles to see their grandparents. I missed Respondent's calls during this time, which angered Respondent. When I returned to our home in Santa Barbara, Respondent had smashed several items in our office, including a computer monitor.

14. On November 23, 2012, I went out with a girlfriend for dinner and hired a babysitter to watch our children. When I returned to our home in Santa Barbara, I discovered that Respondent destroyed numerous items in our house. Among other things, Respondent broke glass and kitchen articles in the kitchen, punched holes in our walls, and smashed our microwave. For all intents and purposes, Respondent had ransacked our home. Luckily, our children, who were home at the time, remained asleep while Respondent destroyed our home. If any of them

3

had woken up and walked into the kitchen, they would have cut their bare feet on the glass strewn across the floor. After destroying our home, Respondent apparently left the house and left our children home unattended. When I got home, I called the police and Respondent was arrested for assault and child endangerment. Respondent was released on bail and left the country shortly thereafter. (*See November 26, 2012 police report attached*).

15. On December 27, 2012, Respondent and I left our children at home with the babysitter to have dinner with friends. Respondent became extremely intoxicated and started screaming at me on our way home. While stopped at a red light, Respondent jumped out of the car and started walking away from our vehicle. I drove home and locked the front door. About a half an hour later, I heard Respondent screaming and kicking the front door. This was odd because Respondent knew we had a key to our front door hidden by the door. Respondent kicked the front door so hard that he cracked it. I did not want our children to wake up, so I quickly went and answered the door. When Respondent got into our home, be started throwing glasses around. I pled for him to stop, but he refused. I was so terrified; I thought Respondent may be having a psychotic break down. The neighbors heard Respondent screaming and kicking the front door and called the police. After the police got there, I called a friend to help me get our children out of the house. Our friend took us to a hotel and Respondent remained with the police. It is my understanding that Respondent was not arrested that night. I returned to our home the following day with another friend, and I noticed more items destroyed. It appeared that Respondent may have broken more after the police allowed him to remain in the home. I called the sheriff, but I do not believe a police report was filled. However, my friend did witness the destroyed nature of our home and can provide testimony regarding the same.

16. After the December 2012 incident, I told Respondent that he had to straighten himself out and for the next few months Respondent left our children and me alone.

17. In or around March 2013, Respondent called saying he had straighten himself out, that he wouldn't yell at me anymore, and that he wanted to come home. I did want to break up our

4

1  family, so I allowed him to move back home.  However, a couple months later, Respondent
2  started with the emotional abuse again.

3  18. In June 2013, I took our children down to Santa Barbara for the summer to get a break from
4  Respondent's abuse.  Respondent joined us in August and throughout that month things were
5  relatively calm.    However, in September 2013, Respondent's reverted back and started
6  becoming very emotionally abusive again.

7  19. On September 26, 2013, Respondent became extremely intoxicated and he started yelling at
8  me and breaking items in our house.  Among other things, he called me a "stupid fucking
9  cunt" and a "fucking cunt".  Our oldest son woke up and saw Respondent's violent behavior.
10  I put our son back to bed, and called a mutual friend, Michael Stern, to help me calm
11  Respondent down.  When Mr. Stern arrived, Respondent started accusing us of having an
12  affair and Respondent started punching Mr. Stern with a clenched fist.  I called the police.
13  Mr. Stern's main objective was to ensure the safety of my children and me.  Because Mr.
14  Stern did not want any police action, the police did not arrest Respondent.   Instead
15  Respondent went to a hotel near SFO because he was leaving for a business trip to Korea in
16  the morning.  The police assisted in securing our home and I stated there with our children.
17  (See September 26, 2013 police report attached.)

18  20. In or around December 2013, Respondent, our children and I were at our home in San
19  Francisco.  Our children were playing in the downstairs living room and Respondent was in
20  the kitchen.  When I walked downstairs, I noticed that the door to our kitchen was closed.  I
21  found this unusual because we normally keep the internal doors in our house open.  When I
22  opened the door, I found Respondent snorting a white powdered substance.    I believe
23  Respondent was snorting cocaine.  When I entered the kitchen, Respondent wiped the dust off
24  the counter.  I was furious and I confronted Respondent.  I told him that I could not believe
25  that he would do drugs with our children in the other room.

5

PETITIONER'S DECLARATION IN SUPPORT OF APPLICATION FOR RESTRAINING ORDER DV100/101

**MOST RECENT INCIDENT OF ABUSE**

21. On January 29, 2014, Respondent and I agreed to get a sitter and go to a dinner and movie. On the way to dinner, we got into a verbal argument about my pending bankruptcy action. Respondent started getting very aggressive and started yelling that I was "so stupid" and that "I didn't know anything." While at a stop light, Respondent got out of the car and started walking away from our car. I then drove to a restaurant to have dinner and I texted Respondent the name of the restaurant and said he could join me if he wanted. Respondent did not come. After I finished dinner, I called Respondent to let him know I was going home and asked him if he wanted a ride. Respondent said that he did and I went and picked him up. When I picked him up, Respondent's demeanor was very agitated and aggressive. This made me feel very uneasy. He's behavior made me feel very uneasy. Given his past history of abusive behavior, I thought the situation may escalate, so I remained silent in the car and I went upstairs to my room when we got home. Respondent came into my bedroom and started yelling at me, staying "you're so stupid" and "you're destroying our family." Respondent and I then went downstairs to a bedroom where Respondent usually sleeps. Respondent started becoming more aggressive and enraged. In the past, when Respondent exhibited this behavior, he'd calm down if I rubbed his face or if I agreed to engage in sexual acts with him. So I tried to rub his face, and Respondent became enraged and started saying that I was grabbing him. I tried to continue to calm Respondent down, but to no avail. Respondent struck me on the left side of my face with a closed fist punch. He then punched me with a closed fist on the chin and then punched me with a closed fist on my right side of my face. I fell on the bed and Respondent kicked me on the right side of my ear. He then jumped on top of me and threw a blanket over me. I was so afraid because I felt like I couldn't breathe. Respondent then got up and started yelling "I'll kill you or have someone else kill you."

22. On January 30, 2014, I spoke with an employee of the Survivor Restoration Project and she encouraged me to make a statement to the police. I went to the Park police station, but after waiting a while to give my statement, I was told to go back home and call the police and give

6

1    my statement to the police when they arrived at my home. I didn't want my children or

2    neighbors to see the police at our home, so I chose not to call the police on that day.

3    23. On Monday, February 3, 2014, my injuries from the January 29, 2014 incident started getting

4    worse, so I went to urgent care. I had bruises all over my face and severe pain in my right ear.

5    The medical officials ran CAT scan and other procedures, and determine that I had fractured

6    my orbital bone with other injuries. (See medical documentation attached.) The medical staff

7    also encouraged me to go the police and give them my statement regarding the incident. After

8    I left the hospital, I went to the police and gave them my statement. (A copy of which I can

9    provide at the hearing.)

10   **Request for Legal and Physical Custody of Amiyah Love**

11   24. I request sole physical and sole legal custody of our sons, Alexander Wescott, Cyrus Wescott,

12   and Darius Wescott. I am the person responsible for their daily needs and Respondent often

13   travels out of the country for several weeks at a time.

14   25. Respondent has been verbally abusive to me in front of all our sons. Moreover, as explained

15   above, our oldest son, Alexander, has witness Respondent's violent behavior. Our middle

16   child, Cyrus, has also mentioned that he is aware that Respondent is emotionally and

17   physically abusive to me "after they [the kids] go to bed" and my three year old has made the

18   same sort of remarks to me as well. Furthermore, Respondent has been arrested in the past for

19   domestic violence, child endangerment, (see reports attached) and is a drug and alcohol

20   abuser.

21   26. Respondent has admitted to me that he has abused cocaine since the beginning of 2010. In

22   December 2013, I found Respondent snorting cocaine in the room next to where our children

23   were playing in our home. On January 27, 2014, Respondent was exhibiting certain behaviors

24   that made me think that he was still using cocaine. Respondent also abuses alcohol and

25   becomes extremely aggressive when he drinks alcohol.

26   27. I request sole legal and physical custody of our sons, Alexander Wescott, Cyrus Wescott, and

27   Darius Wescott to ensure they live healthy and safe lives.

28

7

PETITIONER'S DECLARATION IN SUPPORT OF APPLICATION FOR RESTRAINING ORDER DV100/101

**Supervised Visitation**

28. I request supervised visitation of all of our sons because of the emotional and physical abuse described above, and given that Respondent is abusing drugs and alcohol with the children present. Also, as explained above, Respondent has been arrested for child endangerment. I am fearful of my sons being alone with Respondent. My sons have witnessed the emotional abuse and my eldest son has seen Respondent's violent behavior and I do not think my sons will be safe on visitations without it being supervised.

**Conclusion**

29. I am very afraid for me and my sons' safety. I want to protect my family from the emotional and physical abuse by Respondent. Therefore, I respectfully request that this Court grant to me a CLETS restraining order pursuant to the Domestic Violence Prevention Act (Fam. Code § 6300 et seq).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ORIGINAL SIGNATURE APPEARS ON JUDICIAL COUNCIL FORM]

PETITIONER'S DECLARATION IN SUPPORT OF APPLICATION FOR RESTRAINING ORDER DV100/101

# SANTA BARBARA SHERIFF'S DEPARTMENT



# CERTIFICATE OF DETENTION

As required by the provisions of Penal code Section 851.6, I hereby certify that the taking into custody of **CARL ALEXANDER WESTCOTT** on **11-23-12** by the Santa Barbara Sheriff's Department, as described in case # **12-15863**, was a detention only, not an arrest.

A decision not to file an accusatory pleading was made by the Santa Barbara County District Attorney on **11-30-12** . Pertinent portions of Penal Code Sections 849.5 and 851.6 are included as part of this certificate.

**Bill Brown, SHERIFF**

**By:**

**M HAGUE/4212**

Penal code Section 849.5 provides:

In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, any record of arrest of the person shall include a record of release. Thereafter, the arrest shall not be deemed an arrest, but a detention only.

Penal Code Section 851.6 provides, in part:

(b) In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him describing the action as a detention.

Name and Address of Defendant

Name: CARL ALEXANDER WESTCOTT

Address: 3910 CAROL AVE
         SANTA BARBARA, CA 93101

Cert of Release (rev 2011)

Pg 1 of 4

**12-15863**    Supplement No
ORIG

# Santa Barbara County Sheriff



4434 Calle Real

Santa Barbara, CA 93110-1002
Report Type
**CHILDOFF**

(805) 681-4100

Reported Date
11/23/2012

Officer
**HENEBRY,W**

| Administrative Information | | | | | | | |
|---|---|---|---|---|---|---|---|
| Agency Santa Barbara County Sheriff | | Report No 12-15863 | | Supplement No ORIG | Reported Date 11/23/2012 | Reported Time 21:09 | Status offense |
| Report Types Offenses against the family/child | | | Location | | | | |
| City Santa Barbara City | Rep Dist 126 | Area 1 | Beat 30 | From Date 11/23/2012 | From Time 21:09 | | Entered by 3475 |
| Officer 3475/HENEBRY,W | | | Assignment SOUTH COUNTY OPS - GOLETA | | | | |
| Assignment SOUTH COUNTY OPS - GOLETA | | RMS Transfer Successful | Prop Trans Stat Successful | Solvability High level of solving case | | | |
| Score 300 | Approving Officer 2544 | | Approval Date 11/26/2012 | Approval Time 08:51:55 | | | |
| Booking Form Yes | | Probable Cause form Yes | | | | | |
| # Offenses 1 | Offense PC273A | | | Description Endangering child | | Complaint Type | |

| Person Summary | | | | | | | |
|---|---|---|---|---|---|---|---|
| Invl ARR | Invl No 1 | Type I | Name WESCOTT,CARL ALEXANDER | | MNI 161103 | Race W | Sex M |
| Invl REP | Invl No 1 | Type I | Name STEPHENS,MONETTE ROSEMARIE | | MNI 299117 | Race W | Sex F |
| Invl VIC | Invl No 1 | Type I | | | | | |
| Invl VIC | Invl No 2 | Type I | | | | | |
| Invl VIC | Invl No 3 | Type I | | | | | |

**Summary Narrative**

Suspect leaves three children at home unattended after breaking numerous items of glass within house and leaving the glass shards on the floor for the children to step on.  This is a violation of Penal Code 273(A) (a).

DO NOT DUPLICATE
SBClehpba 1017 13 1:53 PM

| Report Officer 3475/HENEBRY,W | Printed At 11/26/2012 08:53 | Page 1 of 4 |
|---|---|---|

Pg 2 of 4

12-15863

Supplement No
ORIG

# Santa Barbara County Sheriff

## Arrestee 1: WESCOTT,CARL ALEXANDER

| Involvement | Invl No | Type | Name | | MNI | Race | Sex |
|---|---|---|---|---|---|---|---|
| Arrestee | 1 | Individual | WESCOTT,CARL ALEXANDER | | 751103 | White | Male |

| | Age | Juvenile? | Height | Weight | Hair Color | Eye Color | PRN |
|---|---|---|---|---|---|---|---|
| | 45 | No | 5'10" | 223# | Blond or Strawberry | Blue | 1093891 |

| Type | | | | | City | | |
|---|---|---|---|---|---|---|---|
| Home | | | | | Santa Barbara City | | |

| State | Date | | | | | | |
|---|---|---|---|---|---|---|---|
| California | 11/23/2012 | | | | | | |

| Type | | | | | City | | State |
|---|---|---|---|---|---|---|---|
| Home | | | | | SAN FRANSISCO | | California |

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/23/2012 | | | | | | | |

| Type | ID No | | | OLS | | | |
|---|---|---|---|---|---|---|---|
| State ID Card | A5812367 | | | California | | | |

| Involvement | Arrest Type | Arrest Date | Arrest Time | Book Date | Book Time | Status | Dispo |
|---|---|---|---|---|---|---|---|
| Arrested | Arrested | 11/23/2012 | 21:58:00 | 11/23/2012 | 22:29:00 | Booked | Felony |

| Arrest Location | | | | | City | | RD | Beat |
|---|---|---|---|---|---|---|---|---|
| CAROL AV/N LA CUMBRE RD | | | | | Santa Barbara City | | 126 | 30 |

| Charge | | | Level | Charge Literal | | | |
|---|---|---|---|---|---|---|---|
| PC273A(A) | | | F | Child Abuse- Felony | | | |

## Reporting party 1: STEPHENS,MONETTE ROSEMARIE

| Involvement | Invl No | Type | Name | | MNI |
|---|---|---|---|---|---|
| Reporting party | 1 | Individual | STEPHENS,MONETTE ROSEMARIE | | 299117 |

| Race | Sex | Age | Juvenile? | Height | Weight | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| White | Female | 49 | No | 5'06" | 135# | Blond or Strawberry | Brown |

| PRN | | | | | | |
|---|---|---|---|---|---|---|
| 1093892 | | | | | | |

| Type | | | | | City | |
|---|---|---|---|---|---|---|
| Home | | | | | Santa Barbara City | |

| State | Date | | | | | |
|---|---|---|---|---|---|---|
| California | 11/23/2012 | | | | | |

| Type | | | | OLS | |
|---|---|---|---|---|---|
| Operator License | | | | California | |

| Type | ID No | | | | |
|---|---|---|---|---|---|
| Package Number | 229575 | | | | |

| Type | | | | | |
|---|---|---|---|---|---|
| Social Security Number | | | | | |

| Phone Type | | | | Date | |
|---|---|---|---|---|---|
| Cell | | | | 11/23/2012 | |

DO NOT DUPLICATE FILM
SBCsletrp0384 10/7/2015 8:19 AM

| Report Officer | Printed At | Page 2 of 4 |
|---|---|---|
| 3475/HENEBRY,W | 11/26/2012 08:53 | |

Pg 3 of 4)

**12-15863**      Supplement No
ORIG

# Santa Barbara County Sheriff

| Type | | City |
|------|--|------|
| **Home** | | **Santa Barbara City** |

| State | Date |
|-------|------|
| **California** | **11/23/2012** |

**Modus Operandi**

Crime Code(s)
**Crimes against family, neglect, nonsupport**

**Narrative**

Continuation: Monette Stephens is the reporting party. The suspect and Stephens have three children in common and they all live at the address                    The children are as follows:

Additional: I found an unrelated case number involving Stephens and the children in August of this year. 12-11294.

Evidence: Description of the inside and outside of the residence upon my arrival. The inside of the residence appeared to be strewn with glass and destroyed objects and food on the floor and counters. Several rooms had broken glass and computer items that had been destroyed and thrown on the floor area. Windows on the north facing wall of the kitchen were destroyed and broken outward and lying on and around a boys red bicycle that was on its side in the driveway next to the kitchen windows. Also in the kitchen, the bathroom door on the east facing wall had been kicked and the doorknob recessed into the door. The microwave was located on the floor area within the area of the breakfast table on the floor. All around the floor area were large amounts of broken glass, food, crayons, and containers. Medium size trash containers had been kicked and bent within the kitchen area. As I checked the bathroom area and had to step on the broken glass that was strewn across the floor. In a garage/bedroom, the computer table had broken items strewn across along with a computer that had been destroyed and thrown onto the floor. Many other items of value were also found in and around the computer table, all of a personal nature either broken or damaged and unusable. The window in the garage bathroom also had been broken and glass was on the floor area. I was unable to take and pictures to document the hazards due to equipment not being available.

Narrative:
On 11-23-12, at 2109 hours, I was dispatched to a domestic disturbance at                    Upon my arrival, I first checked the area for the suspect. While driving up Carol Ave, Stephens ran up to my vehicle and slapped the side to get my attention. I then accompanied her back to her residence at                    Stephens appeared very upset and shaken. She then stated that she went out with a girlfriend this evening for dinner leaving a babysitter at the residence with her husband/suspect to watch over their three small children. Stephens was not sure when or where the suspect was going to go, so she hired a babysitter for the evening so her husband/suspect would be free to leave. Stephens advised me that the suspect, the night before, had become enraged over their bankruptcy problems and had broken a bathroom window in the residence.

Stephens then began to talk about when she returned this night from dinner. Stephens stated that she observed the suspect jump out at her vehicle as she traversed north bound on La Cumbre Road near Carol Avenue. Stephens was confused at the suspect's behavior and thought that it was "bazaar." Once Stephens went into the residence, she discovered that numerous items within the house had been destroyed. Stephens further stated that the suspect and the babysitter were gone leaving the children asleep in the house with no supervision. Stephens stated she immediately called law enforcement due to suspect's behavior and her fear for her and the safety of her children. None of the children appeared to have awoke during the destruction of the residence. All were found still asleep in their beds.

Upon checking all the rooms for the suspect, I observed the following: Glass and kitchen articles strewn around the kitchen area. In the garage/bedroom, the computer had been destroyed and holes had been punched in the walls. The room appeared to had been ransacked with computer items destroys on the floor. Windows had been broken throughout the residence with glass strewn over the floor area. I observed in the kitchen area, a microwave upside down on the floor along with numerous shards of glass littering the floor area. The glass was observed covering a great portion of the floor within the kitchen dining area. The rooms in the kitchen and the garage all appeared to have been "tossed."

It was determined, by Stephens, that the suspect had released the babysitter and then began to destroy the

| Report Officer | Printed At | |
|----------------|-----------|--|
| **3475/HENEBRY,W** | **11/26/2012 08:53** | **Page 3 of 4** |

Pg 1 of 4

**12-15863**

Supplement No
**ORIG**

## Santa Barbara County Sheriff

**Narrative**

windows and break glass objects within the house.  Suspect then left the residence leaving the three small children asleep inside unattended.

Note** If any of the children had gotten up and walked into the kitchen, they would have cut their bare feet on the glass strewn across the floor area.

I assisted Stephens in removing the children from the residence and had her follow me with the children out of Carol Ave onto La Cumbre Road.  As I was stopped on La Cumbre Road awaiting Stephens to pull out from Carol Ave, Stephens alerted me to the suspect on the east sidewalk walking south bound on La Cumbre Road.  I pulled my marked sheriff's vehicle across the north bound lanes stopping just behind him at the east curb.  I then identified myself and asked him to stop and sit down.  I did smell an odor of an alcoholic beverage emitting from his breath and person.  The suspect stopped, but never sat down.  I attempted to question the suspect regarding the current situation and the condition of the residence.  The suspect refused to answer any of my questions and would not give any statement to what happened to the house and it's current  condition.  The suspect told me to arrest him and that I "was on his wife's side."  I again tried to talk to the suspect once we arrived in the jail parking lot, but he still would not give any statement regarding the situation that I was investigating.  There suspect would only state that he wanted an attorney.  The suspect was arrested for 273A(a) P.C. Child Endangering and booked into County Jail..

Attention Records:  Request District Attorney to file additional charge of 594(a) (Felony) destruction of common property.  Arrest Report case cleared by arrest (ADULT/JUV)

DO NOT DUPLICATE
sbcclehp0384 10/7/2013 5:51

| Report Officer | Printed At | |
|---|---|---|
| **3475/HENEBRY,W** | **11/26/2012  08:53** | **Page 4 of 4** |

San Francisco Police Department
SFPD **INCIDENT REPORT** 1286

**130810175**

Report Type: **Initial**

**130810175**

## INCIDENT

| Incident Number | Occurrence From Date / Time | Occurrence To Date / Time | Reported Date / Time | CAD Number |
|---|---|---|---|---|
| 130-810-175 | 09/25/2013   23:00 | 09/26/2013   00:31 | 09/26/2013   00:32 | 132690067 |

Type of Incident
BATTERY 04134   INVESTIGATIVE DETENTION 64085

| Location of Occurrence: | At Intersection with/Premise Type | District |
|---|---|---|
| 853 ASHBURY ST | HOUSE | PARK |

| Confidential Report? ☐ | Arrest Made? ☐ | Suspect Known? ☑ | Suspect Unknown? ☐ | Non-Suspect Incident? ☐ | Domestic Violence? ☐ | (Type of Weapon Used) | Reporting Unit 3F13E |
|---|---|---|---|---|---|---|---|

| Location Sent / On View: | At Intersection with | Reporting District |
|---|---|---|
| 853 ASHBURY ST | | PARK |

| How Cleared? 11 | Reported to Bureau | Name | Star | Date/ Time | Elder Victim ☐ | Gang Related? ☐ | Juvenile Subject? ☐ | Prejudice Based? ☐ |
|---|---|---|---|---|---|---|---|---|

## OFFICER DECLARATION

I declare under penalty of perjury, this report of _4_ pages is true and correct, based on my personal knowledge, or is based on information and belief following an investigation of the events and parties involved.
PROP 115 CERTIFIED      5 Years

| | Star | Station | Watch | Date |
|---|---|---|---|---|
| Reporting Officer GUIN, ELBERT L | 1816 | Park Station | 2100-0700 | 09/26/13 06:26 |
| Reviewing Officer LY, THOMAS S | 793 | Park Station | 2100-0700 | 09/26/13 06:26 |
| OIC DEELY, MICHAEL J | 2114 | Park Station | 0600-1600 | 09/26/13 06:42 |

| Related Case -- | Related Case | Re-assigned to Copies to 3F300 3*300 3*300 | Assigned to 3F300 Add'l Copies | Assigned by EG 1816 |
|---|---|---|---|---|

## R/VICTIM 1

| Code R/V 1 | Name (Last, First Middle) ▓▓▓▓ | Alias | Email none |
|---|---|---|---|

| Day Phone ▓▓ | Type Cell | Home Address ▓▓▓▓ | City ▓▓▓▓ | State ▓ | Zip Code ▓ |
|---|---|---|---|---|---|
| Night Phone | Type | Work Address | City | State | Zip Code |

| DOB ▓▓ / Age 43 | DOB Unk. ☐ | or age between and | Race W | Sex M | Height 5'9 | Weight 190 | Hair Color BRO | Eye Color BRO | ID Type  Jurisd.  ID No. ▓▓ |
|---|---|---|---|---|---|---|---|---|---|

| Confidential Person ☐ | Violent Crime Notification ☐ | 293 PC Notification ☐ | Star | Follow-up Form YES ☑ | Statement YES ☐ | Relationship to Subject FRIEND |
|---|---|---|---|---|---|---|

| School (if Juvenile) | Injury/Treatment REDNESS AND SWELLING LEFT LOWER JAW | Other Information/If Interpreter Needed Specify Language REFUSED MEDICAL ATTENTION |
|---|---|---|

## R/WITNESS 1

| Code R/V 1 | Name (Last, First Middle) ▓▓▓▓ | Alias | Email |
|---|---|---|---|

| Day Phone ▓▓ | Type Cell | Home Address ▓▓▓▓ | City ▓▓▓▓ | State ▓ | Zip Code ▓ |
|---|---|---|---|---|---|
| Night Phone | Type | Work Address | City | State | Zip Code |

| DOB ▓▓ / Age 49 | DOB Unk. ☐ | or age between and | Race W | Sex F | Height 5'6 | Weight 140 | Hair Color | Eye Color | ID Type  Jurisd.  ID No. |
|---|---|---|---|---|---|---|---|---|---|

| Confidential Person ☐ | Violent Crime Notification ☐ | 293 PC Notification ☐ | Star | Follow-up Form YES ☑ | Statement YES ☐ | Relationship to Subject WIFE |
|---|---|---|---|---|---|---|

| School (if Juvenile) | Injury/Treatment NONE | Other Information/If Interpreter Needed Specify Language |
|---|---|---|

Report Type: **Initial**

San Francisco Police Department
SFPD **INCIDENT REPORT** 1286

**130810175**

# NARRATIVE

On 09-26-2013 at approximately 0032 hrs, Off. Liang #1889 and I responded to 853 Ashbury St. for a report of a fight:

Upon arrival, Off. Liang, Sgt. Ly #793 and I met with (R/V) Michael Stern and (R/W) Monette Stephens who were standing on the sidewalk in front of 853 Ashbury St. Both Stern and Stephens told us that Stern had been involved in a physical altercation with (D) Carl Wescott and that Wescott was still inside the house at 853 Ashbury. Stephens and Stern told us they feared Wescott was having some sort of "mental breakdown" and had been drinking alcohol. Stern was holding an ice pack to his lower left jaw and stated Wescott was "out of control" and had punched him in the face. Stephens said Wescott locked all the doors to the house and would not let them in. Stephens also told us her 3 children were asleep inside the house.

Sgt. Ly, Off. Liang and I made several attempts to contact Wescott inside 853 Ashbury. We banged on the front door and the door inside the garage which leads into the home. Stephens used her cell phone to call into the home, which went unanswered by Wescott. Stephens then gave us her permission to force entry into the home. Off. Liang and I could hear movement inside the house and determined Wescott was still inside. Fearing for the safety of the children and the reported altered state of Wescott, which created an exigency, Off. Liang and I made a forced entry into the house through the door from the garage into the interior of the home. This was also with the approval of Sgt. Ly. As we made entry we loudly and repeatedly annouced our presence.

Sgt. Ly, Off. Liang and I conducted a full search of the interior and located Wescott in the front bedroom on the third level. Wescott was laying in a bed and told us he was sleeping and had not heard us trying to contact him from outside. Off. Liang placed Wescott in handcuffs while Sgt. Ly and I checked on the well being of the children and determined they were safe inside their bedrooms and the rest of the premises was secure.

Wescott told me that he had been at a work event and had approximately 7-8 alcoholic beverages earlier in the evening. Wescott stated he has no mental issues and does not take any medication . Wescott told me he had returned home at approximately 2330 hrs and discovered Stern having sex with his wife, Stephens. Wescott told me this enraged him and he loudly confronted Stern and Stephens about the affair. Wescott said he told Stern to leave the house but Stern refused and a brief struggle ensued. Wescott stated Stern and Stephens eventually left the home and he locked the doors and went to bed.

Stephens told me that Wescott was out earlier in the evening and returned home at approximately 2300 hrs. Stephens told me that Wescott appeared drunk and became irate and belligerent when she relayed some bad news about the couple's financial situation to him. Stephens said Wescott started yelling and dumping over furniture in the house. Stephens told me Wescott did not physically touch or threaten her, that he only went from room to room over turning furniture and breaking items. Stephens said her oldest child, 7 year old Alexander, woke up and witnessed part of Wescott's destruction. Stephens said she put Alexander back in bed and then called a family friend, Stern, to come to the house and help her with Wescott. Stephens told me when Stern arrived , this enraged Wescott further. Wescott accused Stern of having an affair with Stephens and the two became involved in a physical altercation. Stephens said she and Stern went outside the house after the altercation and Stern called 911. Stephens told me she did want any police action taken against Wescott, only that she wanted him to leave the house.

Stern told me that Stephens had called him at approximately 2325 hrs and asked him to come to her house and help deal with Wescott. Stern told me that he has been a close friend of Wescott and Stephens for a long time. Stern stated that he arrived at the home at approximately 2330 hrs and attempted to speak with Wescott in hopes of calming him down. Wescott became enraged when he saw Stern, accusing him of having an affair with his wife, Stephens. Stern told me Wescott appeared drunk and in a mentally altered state. Stern stated that he and Wescott briefly argued and Wescott packed a suitcase and walked out of the house. Stern told me Wescott returned to the house 15 minutes later and after another brief argument began to swing both clenched fists at him. Stern stated he attempted to defend himself and Wescott struck him once on the left side of his face in the lower jaw area. Stern told me he and Stephens then exited the house and called 911. Stern told me he did not want any police action taken

San Francisco Police Department

**Report Type: Initial**          SFPD **INCIDENT REPORT** 1286                    **130810175**

against Wescott for the assault. Stern refused to sign a citizen's arrest form and told me he would not cooperate with any police action against Wescott. Stern told me his only concern was that Stephens was safe and that Wescott leave the house for the rest of the night. I gave Stern a follow-up form with case number.

Wescott said he would stay the rest of the evening at a hotel near SFO because he was leaving for a week long business trip to Korea on the morning of 9-26-13. I deemed Westcott did not meet the criteria pursuant to 5150 W.I. I removed the handcuffs from Wescott and issued him an 849b form and a follow-up form with case number. Off. Liang and I watched Wescott pack his suitcase and leave the home.

Off. Liang and I stayed with Stephens and made sure all doors and windows in the home were locked and secure. Stephens was extremely upset about the incident but reiterated to me her desire to not persue anything further against Wescott. Off. Liang took (E2) 14 photos of the scene to document the destruction Wescott caused.

I gave Stephens a follow-up form with case number and a Domestic violence and referral follow up form.

Sgt. Ly booked the (E1)849b form and (E2)CD with 14 photos into evidence at Co. F.

## SERVICES FOR CHILDREN
Child Trauma Project                                                206-5311
Mt. Zion Violence Prevention Project /L.I.N.C.                      885-7636
TALK Line Family Support Center                                    441-KIDS
                                                                    441-5437
Safe Start                                                          565-SAVE

## SEXUAL ASSAULT
S.F. Rape Treatment Center                      821-3000/ 821-3222
SF Woman Against Rape                                              647-7273

## S.F. HOUSING AUTHORITY - (current residents only)
Office of Domestic Violence Crisis Intervention    1 800-799-7233

## TTY FOR HEARING IMPAIRED
(Suicide prevention)                      **Crisis line  TTY 781-2224**
W.O.M.A.N. Inc.                                         TTY 864-4765
Office of Domestic Violence Crisis Intervention   1 800-787-3224

## FOR OFFENDERS
Center for Special Problems
                                                                    292-1500
**Men's Hotline**                         **Crisis Line  924-1070**
                                                                    979-5933

**Men's Program - Marin**                 **Crisis Line  924-1070**
POCOVI                                    (Spanish Speaking) 552-1361

## FOR TRANSPORTATION to Hall of Justice - Courts
**Senior Escort Service**                                          695-5170

## A.D.A. (Americans with Disabilities Act)
**If an alternative format is needed contact the**                 553-1343
**A.D.A. Coordinator at**                              TTY   558-2406

mobile (415)
Crisis- 355 8300

SFPD 142E (rev. 06/07)

---

> ## DOMESTIC VIOLENCE, SEXUAL ASSAULT & ELDER ABUSE FOLLOW UP & REFERRAL CARD

Incident Report Number: 130810175  Date 9/26/13 Time 4:50

Reporting Officer: Cicci    Star 1859

### WHETHER OR NOT THERE WAS AN ARREST:

☒ **DOMESTIC VIOLENCE OR ELDER PHYSICAL ABUSE is a** crime! Contact the office of the **Domestic Violence Response Unit**, 850 Bryant St., Rm.450 (Mon.-Fri., 8a.m. - 5p.m.), 553-9225.

☐ **SEXUAL ASSAULT:** Sexual assault by a person known or unknown to you, including your spouse, is a crime. Contact the **Sexual Assault Unit** as soon as possible at 850 Bryant St., Rm. 436 (Mon.-Fri., 9a.m. - 5p.m.), 553-1361.

☐ **IF THERE IS FINANCIAL ABUSE (TO THE ELDERLY)** contact the **Fraud Unit**, 850 Bryant St., Rm. 421 (Mon.-Fri., 9a.m.- 5p.m.), 553-1521.

### Victim Confidentiality Advisory
### Government Code 6254(f)(2) and PC 293/293.5

The California Government Code 6254(f)(2) gives you the right to request that your name not become part of a public record including release to the media, if you are the victim of one of the following crimes: 220,261, 262, 264, 264.1, 273a, 273d, 273.5 286, 288, 288(a), 289, 422.6, 422.7, 422.75, or 646.9 PC.

Need to know an inmate's custody status?  Despite officia restraint of the person alleged to have committed domesti violence/sexual assault, the restrained person may be release at any time.  For further information on an inmate's custod status, call the San Francisco Sheriff's Department at 575-4418.

**St. Mary's Medical Hospital and Medical Center**
Emergency Department
Tel. (415) 750-5700 Fax (415) 750-4886
General Acute Care Lic. #220000071
450 Stanyan Street, San Francisco, CA 94117
Designated Prescriber: Tiffany Truong, MD
CA Lic. A104882  DEA: FT0956221                                    Serial # A46482

Patient Name: STEPHENS, MONETTE
Birthdate: 10/21/1963        Age: 50 Years                Sex: F

Patient Address1:     853 ASHBURY ST          Home Phone:
                      SAN FRANCISCO, CA 94117  Work Phone:
Allergies: penicillins

**Prescription Details:**

Rx:  Ultram 50 mg oral tablet                    Start Date: 02/04/14
   SIG:                    1 Tab PO q4hr PRN for pain
   1 Dispense/Supply:      <30 Tab>

[ ] Dispense as Written  [X] Substitution Permitted  [ ] Sedation Warning  [ ] Do Not Drive

Number of drugs this page:        1

Prescribed by:
  Do, Dzung MD

DEA #: BD8897653                      NPI #: 801830096

License #: A90291

Physician Address: 450 Stanyan St Emergency Department, San Francisco, CA 94117

**No Refills**

QUANTITY: [ ]1-24  [ ]25-49  [ ]50-74  [ ]75-100  [ ]101-150  [ ]151&OVER  [ ]____Units

Circle No. of Drugs Prescribed:    1    2    3    Prescription is void if number of drugs prescribed is not noted    No Refills allowed for Schedule II

[ ] Do Not Substitute                              X_____  Date  2/4/14
(if not marked then use substitutions as noted above)

SP-9/ www.americansecurityrx.com  Tel. 877-290-4262    Security features are listed on back    Valid Rx has blue-gray background on white paper    **1854**

🔒 Security Features

1. "VOID" appears when copied

2. Pad  will change color when touched or rubbed

3. Chemical washing will alter pattern

4. The upper right box micro-print visible with magnifier "SECURITY RX"

5. Reflective watermark on the back visible when viewed at an angle under light "CALIFORNIA SECURITY PRESCRIPTION"

# St. Mary's Medical Center
450 Stanyan Street
San Francisco, CA 94117
(415) 668-1000

## Emergency Department
## Patient Discharge Instructions

**If your symptoms continue or worsen, return to
St Mary's Medical Center or contact your
Physician.
If you have questions about your discharge
instructions, call St Mary's Medical Center Emergency Department
(415) 668-1000**

**Name:** STEPHENS, MONETTE
**Current Date:** 02/04/14 11:12:52
**DOB:** 10/21/1963 12:00 AM           **MRN:** 10497434          **FIN:** 50730423

**Patient Address:** 853 ASHBURY ST SAN FRANCISCO CA 94117
**Patient Phone:** (415)680-0280

**Reason For Visit: EENT**

Follow-Up Comment(s):

**Discharge Diagnosis:** Acute head injury

St. Mary's Medical Center would like to thank you for allowing us to assist you with your healthcare needs. These instructions are intended to provide general information and guidelines to follow at home to properly care for your particular medical problem.

The following diagnostic tests and/or procedures were performed during your stay:

STEPHENS, MONETTE has been given the following list of follow-up instructions, prescriptions, patient education materials, and valuables/belongings:

## Follow-up Instructions:

**With:**

Clifford Chew

**Address:**

929 Clay Street, #501  San Francisco, CA 94108
(415) 433-7945 Business (1)

**When:**

Within 1 to 3 Days

**Comments:**

## Patient Education Materials:
# Facial or Scalp Contusion

A facial or scalp contusion is a deep bruise on the face or head. Contusions happen when an injury causes bleeding under the skin. Signs of bruising include pain, puffiness (*swelling* ), and discolored skin. The contusion may turn blue, purple, or yellow.



HOME CARE
- Put ice on the injured area.
- Put ice in a plastic bag.

 Name STEPHENS, MONETTE          MRN 10497434          DOB 10/21/1963

- ○ Place a towel between your skin and the bag.
- ○ Leave the ice on for 15-20 minutes, 3-4 times a day.
- Only take medicines as told by your doctor.

GET HELP RIGHT AWAY IF:
- You have severe pain or a headache and medicine does not help.
- You are very tired, confused, or your personality changes.
- You throw up (*vomit*).
- You have a nosebleed that will not stop.
- You see two of everything (*double vision*) or have blurry vision.
- You have fluid coming from your nose or ear.
- You have problems walking or using your arms or legs.
- You have bite problems.
- You have pain with chewing.
- You are worried about your face not healing normally.

MAKE SURE YOU:
- Understand these instructions.
- Will watch your condition.
- Will get help right away if you are not doing well or get worse.

Document Released: 12/06/2012 Document Revised: 03/11/2013 Document Reviewed: 12/06/2012
ExitCare® Patient Information ©2013 ExitCare, LLC.

Name STEPHENS, MONETTE              MRN 10497434              DOB 10/21/1963

**Name:** Monette Stephens                          **Date of Visit:** _____    **Page 2**

**Tests:** _____

Xrays: _____

EKG: _____

Wet Mount: _____

**UA:**

| Sp.Gr _____ | Protein _____ |
| pH _____ | Blood _____ |
| Leuk _____ | Ketone _____ |
| Nitrite _____ | Bili _____ |
| Urobili _____ | Glucose _____ |
| Micro: | |

☐ Urine culture sent

**Assessment:**

① Orbital Fx

® TMJ pain & possible mandible Fx

Acute Pain

_____

| Chest Pain / CAD / CVA / CHF |
| Coumadin Mgmt / Afib / DVT / PE |
| Hypertension |
| Diabetes / ↑FG |
| Dyslipidemia: ↓HDL / ↑LDL / ↑ TG |
| Renal Insufficiency |
| Hepatitis / Abnl LFTs |
| Hypothyroidism |

COPD/RAD/Asthma

Viral syndrome
Conjunctivitis
Otitis: media, externa, serous
Sinusitis / Rhinitis
Pharyngitis / Tonsillitis
Bronchitis / Pneumonia
UTI / Pyelonephritis
Prostatitis / Urethritis
Vaginitis

Abdominal pain
GERD / Gastritis
Gastroenteritis / Diverticulitis
Nephrolithiasis

Eczema / Dermatitis / Allergy

Depression / Anxiety / Insomnia

Chronic Pain

**Studies / Consults reviewed:**

☐ Old records / outside data reviewed

**Plan:**

If jaw pain persists for > 1 week

follow up with ENT physician

consider CT scan for fracture

evaluation

- take advil 1000mg tid x 1 week

and 2 ES tylenol bid prn

pain

Pt declines Norco

Advil/Tylenol prn

Ice

Pt to make appt c̄ ENT Dr

Consider CT c̄ facial cuts

⊗ Discussed Dx / Tx
✓ Precautions / Side effects discussed
☐ Patient education handouts given
☐ Diet / Exercise / Weight loss discussed
☐ Smoking cessation / EtOH reduction/cessation
☒ Tylenol / Ibuprofen prn
☐ Rest, hydration, humidifier, saline gargle
☐ Avoid altitude changes
☐ Nasal saline lavage / Guaifenesin BID
☐ PT / Exercises demonstrated / Theraband
☐ ACS given
☐ FTF (>50% CCC): New:10 / 20 / 30 / 45 / 60 min
                          Old: 5 / 10 / 15 / 25 / 40 min

CPX due:
Imms:  PPV: _____  Influenza: _____  dT/TDaP: _____

Signed: _____ (MD)FNP/PA

Ganong/Paul/Barta/Krause/Jensen/Plumb/Winter/Lindsay/Wilford/Witover
TK  TC  SV  NS   www.ttmg.net   530.581.8864  (v12.12)

FC _____ or prn worsening

follow up with ENT in San Francisco
< 1 week.

SCAN (

# General Medical Encounter    TRUCKEE TAHOE MEDICAL GROUP

CC: _Jaw Pain_    BP _100/80_ P _72_ R _H_ T _97.5_ O2 Sat _95_ Wt _145_ Ht _5'6"_    [put in EPIC]

☐ NKDA  **Allergies** _walnuts, PCN - rash_    **Pharmacy** _____

Age: _50_  DOI: ____  ☐ W/C    LMP: _has IUD_ Tobacco: _none_

**HPI:** (4/3)    **Meds:** || See Updated PS/card/last visit

_5 days ago  injury direct blow to in San Francisco    → emergen Vit C_
_couldn't open jaw, clench, or chew                    omega 3 . MVI_

_She has an ENT in SF_

_lives in San Francisco_    ☐ Add'l history from family

**PMH:** (|| See Updated PS) ☒ None (Circle: POS, Check or line: NEG)
- ☐ Asthma/COPD/Allergies/PNA
- ☐ HTN/Dyslipidemia/Obesity
- ☐ CAD/CVA/Arrhythmia/CHF
- ☐ GERD/PUD/Diverticulitis
- ☐ Pyelo-/Nephrolithiasis/UTI's/BPH
- ☐ Diabetes/Hypothyroid
- ☐ Hepatitis/Kidney Disease
- ☐ Bleeding/DVT/PE
- ☐ Cancer
- ☐ Surgeries: _____
- ☐ Other: _____

**SH/FH:** (|| See Updated PS) _C section 2008_    Exercise: _____
_∅ fam_    EtOH: _∅_ ⊘ glasses/wk  Tob: _∅_ p/d or Remote

**Review of Systems:** (Circle:POS, Check/line:NEG) 2/9
- ☑ Pain (1-10) _____
- ☐ Fevers/chills/night sweats/wt change
- ☐ Fatigue/depression/anxiety
- ☐ Rash/edema/myalgias/arthralgia
- ☐ Dizzy/numb/vision, hearing change
- ☐ CP/palpitations/exertional CP/DOE
- ☐ Cough/sputum/heme/SOB/wheeze
- ☐ Discharge: eye/nose/sinus
- ☐ Nausea/vomit/diarrhea/constip/BRB/dyspepsia
- ☐ Dysuria/hematuria/urg/freq/nocturia/ED
- ☐ Polyuria/polydipsia
- ☐ Discharge/bleeding from penis/vagina
- ☐ Irreg menses  LMP: _____

**Physical Exam:** (Circle:Abnl,Check/line:Nl) 6,2/6,2/9
**Gen/Psych:**
- ☒ WD/WN/NAD / A&O / Nl speech
- ☐ No depressed or anxious affect

**Skin:**
- ☐ No rash / lesions → ⊕ ecchymosis a _Face @ infraorbital → R lat, @ cheek_
- ☐ No edema

**ENT:**
- ☐ Conjunctiva nl/No erythema/icterus/PERRLA
- ☐ Canals/TMs clear/Hearing intact _Pain w/ TMJ w_
- ☒ Nares patent / No swelling / Sinuses non-tender _open 7/9_
- ☐ Oral: pink/moist; No lesions/mass/exudates

**Neck:**
- ☒ No LAD, masses / Nl thyroid

**Chest:**
- ☐ Lungs clear / No rales, rhonchi, wheeze
- ☐ Nl inspiration / AP diameter / Non-Tender

**Heart:**
- ☐ RRR, No murmurs, clicks, rubs
- ☐ Pulses nl / No bruits
- ☐ No JVD/AJR, Nl PMI

**Abdomen:**
- ☐ Flat, soft, BS active / No scars, hernias
- ☐ Non-tender, No CVA tenderness
- ☒ No masses, LAD, HSM
- ☐ Rectal: no mass / Stool: OB neg

**MS/Ext:**
- ☐ Joints nl / FROM
- ☐ No erythema/tenderness/edema/atrophy

**Neuro:**
- ☐ Strength / Sensation intact / Reflexes nl No tremor
- ☐ Nl gait / Rhomberg neg / CN intact / EOMI

**Genitalia:**
- ☐ No lesions/discharge/mass
- ☐ Prostate: nl size/non-tender/no mass
- ☐ Uterus:nl size/no CMT;No adnexal mass/tenderness

**Notes:**

☐ Supple / FROM

**Name:** _Monette Stephens_
**Date of visit:** _____
Room #: _____

Cont on page 2 (v12.12)

**DV-105** | **Request for Child Custody and Visitation Orders** | Case Number:

This form is attached to DV-100, *Request for Domestic Violence Restraining Order.*

Check the orders you want ☑.

(1) Your name: Monette Stephens    ☒ Mom  ☐ Dad  ☐ Other*

(2) Other parent's name: Carl Wescott    ☐ Mom  ☒ Dad  ☐ Other*

*If Other, specify relationship to child: _____

(3) ☒ **Child Custody**
I ask the court for custody as follows:

| Child's Name | Date of Birth | Legal Custody to: *(Person who makes decisions about health, education, and welfare)* | | | Physical Custody to: *(Person you want the child to live with)* | | |
|---|---|---|---|---|---|---|---|
| | | Mom | Dad | Other | Mom | Dad | Other |
| a. Alexander Wescott | 10.12.05 | ☒ | ☐ | ☐ | ☒ | ☐ | ☐ |
| b. ~~Nicholas~~ Cyrus Wescott | 2.15.08 | ☒ | ☐ | ☐ | ☒ | ☐ | ☐ |
| c. Darius Wescott | 2.25.10 | ☒ | ☐ | ☐ | ☒ | ☐ | ☐ |
| d. _____ | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

☐ Check here if you need more space. Attach a sheet of paper and write "DV-105, Child Custody" for a title.

(4) ☐ **Change Current Court Order**
I want to change a current child custody or visitation court order.
Case Number *(if you have it):* _____ County: _____
*Explain your current order and why you want a change.* _____

☐ Check here if you need more space. Attach a sheet of paper and write "DV-105, Change Current Court Order" for a title.

(5) **Child's Address**
Where has the child in (3)(a) lived for the last 5 years? Give each city and state the child has lived unless it is unknown to the other parent and you want to keep it confidential because of domestic violence or child abuse. Start with where the child lives now and work backwards in time. *(If the current address is confidential, check the box below and just provide the current state).*

| Child (3)(a) addresses *(city and state):* | Child (3)(a) lived with: | | | Dates lived there: |
|---|---|---|---|---|
| | Mom | Dad | Other | |
| ☐ Confidential | ☒ | ☒ | ☐ | From 2004 to present |
| 853 Ashbury St | ☒ | ☒ | ☐ | From _____ to _____ |
| San Fran Ca 94117 | ☐ | ☐ | ☐ | From _____ to _____ |
| | ☐ | ☐ | ☐ | From _____ to _____ |

☐ Check here if you need more space. Attach a sheet of paper and write "DV-105, Child's Address" for a title.

**This is not a Court Order.**

**Request for Child Custody and Visitation Orders**
(Domestic Violence Prevention)

Case Number: 

(6) **Other Children's Addresses**
☐ Check here if the other child's (or children's) address information is the same as listed in ⑤ .
☐ If it is different, check here. Attach a sheet of paper and write "DV-105, Other Children's Addresses" for a title. List other children's address information, including dates, and name of person child lived with.

(7) **Other Custody Case**
Were you involved in, or do you know of, any other custody case for any child listed in this form?
☒ No   ☐ Yes   If yes, fill out below and attach a copy of any custody or visitation orders if you have them:
a. Name of each child in other custody case: _____
_____

b. Type of case:  ☐ Parentage (Paternity)   ☐ Divorce   ☐ Child Support   ☐ Guardianship
☐ Juvenile/Dependency   ☐ Domestic Violence
☐ Other (specify): _____
c. I was a   ☐ Party   ☐ Witness   ☐ Other (specify): _____
d. Court (name): _____
Address: _____  County: _____  State: _____
e. Date of court order: _____
f. Case number (if you have it): _____

(8) **Other People With or Claiming to Have Custody or Visitation Rights**
Do you know of anyone who is not involved in this case who has or claims to have custody or visitation rights with any child listed on this form?   ☒ No   ☐ Yes   If yes, fill out below:
Name and address of that person: _____

☐ Has custody   ☐ Claims custody rights   ☐ Claims visitation rights
For these children (name of each child): _____
_____

☐ Check here if you need more space. Attach a sheet of paper and write "DV-105, Other People With or Claiming Custody or Visitation" for a title.

(9) ☒ **Visitation**
I ask the court to order that the person in ② have the following temporary visitation rights:
(Check all that apply)
a. ☐ No visitation until the hearing
b. ☐ No visitation after the hearing
c. ☒ The following visitation   ☒ until the hearing   ☐ after the hearing
   (1) ☐ Weekends (starting): _____ (The 1st weekend of the month is the 1st weekend with a Saturday.)
       ☐ 1st   ☐ 2nd   ☐ 3rd   ☐ 4th   ☐ 5th weekend of month
       from _____ at _____ ☐ a.m. ☐ p.m. to _____ at _____ ☐ a.m. ☐ p.m.
            (day of week)        (time)                              (day of week)      (time)
   (2) ☒ Weekdays (starting): 1.12.14
       from Monday at 5:00 a.m. ☒ p.m. to Monday at 7:30 a.m. ☒ p.m.
            (day of week)  (time)                    (day of week)  (time)
       and Wednesday 5:00 pm to Wednesday at 7:30 p.m.
            (day of week)

**This is not a Court Order.**

Case Number:

(10) ☐ **Other Visitation**
*Attach a sheet of paper with other visitation days and times, like summer vacation, holidays, and birthdays.*
*List dates and times. Write "DV-105, Visitation" for a title.*

(11) ☒ **Responsibility for Transportation**
*The parent will take or pick up the child or make arrangements for someone else to do so.*
I ask the court to order that:
a. ☒ Mom ☐ Dad ☒ Other *(name):* Peter Castanon take children to the visits.
b. ☒ Mom ☐ Dad ☒ Other *(name):* Pearl Castanon pick up children from the visits.
c. ☒ Drop-off / pick-up of children will be at *(address):* La Boulange, 1000 Cole Street SF 9411?
d. ☐ Check here if other arrangement. Attach a sheet of paper and write *"DV-105, Responsibility for Transportation"* for a title.

(12) ☒ **Supervised Visitation**
a. I ask that the visitation in (9) be supervised by
☐ A professional supervisor ☒ A non-professional supervisor ☐ Other _____
*Name and telephone number, if known:* Peter Castanon 408.813.4587
b. I ask that the visitation in (10) be supervised by
☐ A professional supervisor ☐ A non-professional supervisor ☐ Other _____
*Name and telephone number, if known:* _____
c. I ask that any costs for supervision be paid by:
Mom _____ % Dad 100 % Other *(name)* _____ _____ %

(13) ☒ **Travel With Children**
I ask the court to order that:
☐ Mom ☒ Dad ☐ Other *(name):* _____ *must* have written permission
from the other parent, or a court order, to take the children outside of:
a. ☒ The State of California ☒ County of: Spain, ~~Honduras~~ Honduras
b. ☐ Other place(s) *(list):* _____

(14) ☒ **Child Abduction Risk**
☒ I believe that there is a risk the other parent will take our child out of California and hide the child from me.
*If you check this box you must fill out and attach Form DV-108, Request for Order: No Travel with Children.*

---

**Important Instructions**

- You must tell the court if you find out any other information about a custody case in any court for the children listed on this form.
- If the court makes a temporary custody order, the parent receiving custody must not take the child out of California without a noticed hearing. (See Family Code §3063.)

---

**This is not a Court Order.**

**Request for Child Custody and Visitation Orders**
                          **(Domestic Violence Prevention)**

| **DV-108** | **Request for Order:** **No Travel with Children** | **Case Number:** |
|---|---|---|

This form is attached to DV-105, *Request for Child Custody and Visitation Orders.*

**(1)** Your name: __Monette Stephens__   ☒ Mom  ☐ Dad  ☐ Other*

**(2)** Other parent's name: __Carl Wescott__   ☐ Mom  ☒ Dad  ☐ Other*

*If "Other," specify relationship with children:* _____

**(3)** Do you think the other parent may take the children without your permission to:

a. ☒ Another county in California?  ☒ Yes  ☐ No  *If "yes," what county?* _____

b. ☒ Another state?  ☒ Yes  ☐ No  *If "yes," what state?* _____

c. ☒ A foreign country?  ☒ Yes  ☐ No  *If "yes," what country?* _____

*If "Yes," is the other parent a citizen of that country?*  ☐ Yes  ☐ No

*If "Yes," does the other parent have family or emotional ties to that country?*  ☐ Yes  ☐ No

*Explain:*

__Respondent has told me he has an apartment in Spain; and he says that he lives Honduras; Respondent has also threatened to take the children away.__

**(4)** Why do you think the other parent may take the children without your permission?
The other parent: *(Check all that apply)*

a. ☐ Has violated — or threatened to violate — a custody or visitation order in the past.

b. ☐ Does not have strong ties to California.

c. ☐ Has done things recently that make it easy for him or her to take the children away without permission.
He or she has: *(Check all that apply)*

☐ Quit his or her job                    ☐ Sold his or her home
☐ Closed a bank account                  ☐ Ended a lease
☐ Sold or gotten rid of assets           ☐ Hidden or destroyed documents
☐ Applied for a passport, birth certificate, or school or medical records

d. ☒ Has a history of: *(Check all that apply)*

☒ Domestic violence
☐ Child abuse
☒ Not cooperating with me in parenting
☐ Child abduction

e. ☒ Has a criminal record

f. Please explain your answers to a–c:

__Multiple DUIs and incidents of abuse harming me and ou__ ~~Mutual~~ __friends. Police have come to our home several times and arrested him for assault and child endangerment.__

**This is not a Court Order.**

**Request for Order: No Travel with Children**
**(Domestic Violence Prevention)**

DV-108, Page 1 of 2 →

| Case Number: |
|---|
|  |

## What orders do you want? Check the boxes that apply to your case. ☑

(5) ☐ **Post a Bond**
I ask the court to order the other parent to post a bond for $ _____ . If the other parent takes the children without my permission, I can use this money to bring the children back.

(6) ☐ **Do Not Move Without My Permission or Court Order**
I ask the court to order the other parent *not* to move with the children without my written permission or a court order.

(7) ☒ **No Travel Without My Permission**
I ask the court to order the other parent *not* to travel with the children outside: *(Check all that apply)*
☒ This county  ☒ California  ☒ The United States  ☐ Other *(specify):* _____

(8) ☐ **Notify Other State of Travel Restrictions**
I ask the court to order the other parent to register this order in the state of _____ before the children can travel to that state for visits.

(9) ☐ **Turn In and Do Not Apply for Passports or Other Vital Documents**
I ask the court to order the other parent to turn in and *not* apply for passports or other documents (such as visas or birth certificates) that can be used for travel.

(10) ☒ **Provide Itinerary and Other Travel Documents**
If the other parent is allowed to travel with the children, I ask the court to order the other parent to give me before leaving:
☒ The children's travel itinerary
☒ Copies of round-trip airline tickets
☒ Addresses and telephone numbers where the children can be reached
☐ An open airline ticket for me in case the children are not returned
☐ Other *(specify):* _____

(11) ☐ **Notify Foreign Embassy or Consulate of Passport Restrictions**
I ask the court to order the other parent to notify the embassy or consulate of _____ of this order and to provide the court with proof of that notification within _____ calendar days.

(12) ☐ **Foreign Custody and Visitation Order**
I ask the court to order the other parent to get a custody and visitation order equal to the most recent U.S. order before the child can travel to that country for visits. I understand that foreign orders may be changed or enforced depending on the laws of the country.

(13) I declare under penalty of perjury under the laws of the State of California that the information on this form is true and correct.
Date: __2/12/14__

__Monette Stephens__
*Type or print your name*

▶ _____
*Sign your name*

**This is not a Court Order.**

**Request for Order: No Travel with Children**
**(Domestic Violence Prevention)**

**FL-155**

| Your name and address or attorney's name and address: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Monette Stephens<br>853 Asbury St.<br>San Francisco CA 94117<br>415. 680.0280 | | |

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PETITIONER/PLAINTIFF: Monette Stephens

RESPONDENT/DEFENDANT: Carl Wescot

OTHER PARENT:

| **FINANCIAL STATEMENT (SIMPLIFIED)** | CASE NUMBER: |
|---|---|

**NOTICE: Read page 2 to find out if you qualify to use this form and how to use it.**

1.  a. ☐ My only source of income is TANF, SSI, or GA/GR.
    b. ☐ I have applied for TANF, SSI, or GA/GR.
2.  I am the parent of the following number of natural or adopted children from this relationship ............ **3**
3.  a. The children from this relationship are with me this amount of time ...................................... **100** %
    b. The children from this relationship are with the other parent this amount of time ...................... %
    c. Our arrangement for custody and visitation is (specify, using extra sheet if necessary):
4.  My tax filing status is:  ☐ single  ☒ married filing jointly  ☐ head of household  ☐ married filing separately.
5.  My current gross income (before taxes) per month is ................................................ $ **9,000**

    **Attach 1 copy of pay stubs for last 2 months here (cross out social security numbers)**
    This income comes from the following:
    ☒ Salary/wages: Amount before taxes per month ............................................. $ **9,000**
    ☐ Retirement: Amount before taxes per month ................................................ $
    ☐ Unemployment compensation: Amount per month ........................................... $
    ☐ Workers' compensation: Amount per month ................................................. $
    ☐ Social security:  ☐ SSI  ☐ Other  Amount per month ................................ $
    ☐ Disability: Amount per month ............................................................ $
    ☐ Interest income ( from bank accounts or other): Amount per month ..................... $
    I have no income other than as stated in this paragraph.
6.  I pay the following monthly expenses for the children in this case:
    a. ☐ Day care or preschool to allow me to work or go to school ............................ $ **550.00 per mon**
    b. ☒ Health care not paid for by insurance ............................................... $ **5,000**
    c. ☒ School, education, tuition, or other special needs of the child ....................... $
    d. ☐ Travel expenses for visitation ....................................................... $
7.  ☐ There are (specify number) _____ other minor children of mine living with me. Their monthly expenses that I pay are ........................................................................... $
8.  I spend the following average monthly amounts (please attach proof):
    a. ☐ Job-related expenses that are not paid by my employer (specify reasons for expenses on separate sheet) $
    b. ☐ Required union dues .................................................................. $
    c. ☐ Required retirement payments (not social security, FICA, 401k or IRA) ................ $
    d. ☒ Health insurance costs .............................................................. $ **550.00 per mon**
    e. ☐ Child support I am paying for other minor children of mine who are not living with me ... $
    f. ☐ Spousal support I am paying because of a court order for another relationship .......... $
    g. ☒ Monthly housing costs: ☐ rent or ☒ mortgage ..................................... $ **5600.00**
       If mortgage:  interest payments $ _____  real property taxes $ **230,000**
9.  Information concerning ☐ my current employment ☒ my most recent employment:
    Employer: Consulting for business and corporate development.
    Address:
    Telephone number:
    My occupation: Consulting
    Date work started:
    Date work stopped (if applicable): _____ What was your gross income (before taxes) before work stopped?: _____

| PETITIONER/PLAINTIFF: | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: | |
| OTHER PARENT: | |

10. My estimate of the other party's gross monthly income *(before taxes)* is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ~~~~~~ 200

11. My current spouse's monthly income *(before taxes)* is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ~~~~~~ NB

12. Other information I want the court to know concerning child support in my case *(attach extra sheet with the information).*

13. [ ]   I am attaching a copy of page 3 of form FL-150, *Income and Expense Declaration* showing my expenses.

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date:

_Monette Stephens_
(TYPE OR PRINT NAME)

► _[signature]_
(SIGNATURE OF DECLARANT)

[X] PETITIONER/PLAINTIFF    [ ] RESPONDENT/DEFENDANT

## INSTRUCTIONS

**Step 1: Are you eligible to use this form?** *If your answer is YES to any of the following questions, you may NOT use this form:*

• Are you asking for spousal support (alimony) or a change in spousal support?
• Is your spouse or former spouse asking for spousal support (alimony) or a change in spousal support?
• Are you asking the other party to pay your attorney fees?
• Is the other party asking you to pay his or her attorney fees?
• Do you receive money (income) from any source other than the following?

  • Welfare (such as TANF, GR, or GA)       • Interest
  • Salary or wages                         • Workers' compensation
  • Disability                              • Social security
  • Unemployment                            • Retirement

• Are you self-employed?

If you are eligible to use this form and choose to do so, you do not need to complete the *Income and Expense Declaration* (form FL-150). Even if you are eligible to use this form, you may choose instead to use the *Income and Expense Declaration* (form FL-150).

**Step 2: Make 2 copies of each of your pay stubs for the last two months.** If you received money from other than wages or salary, include copies of the pay stub received with that money.
Privacy notice: If you wish, you may cross out your social security number if it appears on the pay stub, other payment notice or your tax return

**Step 3: Make 2 copies of your most recent federal income tax form.**

**Step 4: Complete this form with the required information.** Type the form if possible or complete it neatly and clearly in black ink. If you need additional room, please use plain or lined paper, 8½-by-11", and staple to this form.

**Step 5: Make 2 copies of each side of this completed form and any attached pages.**

**Step 6: Serve a copy on the other party.** Have someone other than yourself mail to the attorney for the other party, the other party, and the local child support agency, if they are handling the case, 1 copy of this form, 1 copy of each of your stubs for the last two months, and 1 copy of your most recent federal income tax return.

**Step 7: File the original with the court.** Staple this form with 1 copy of each of your pay stubs for the last two months. Take this document and give it to the clerk of the court. Check with your local court about how to submit your return.

**Step 8: Keep the remaining copies of the documents for your file.**

**Step 9: Take the copy of your latest federal income tax return to the court hearing.**

**It is very important that you attend the hearings scheduled for this case. If you do not attend a hearing, the court may make an order without considering the information you want the court to consider.**

FL-155 [Rev. January 1, 2004]          **FINANCIAL STATEMENT (SIMPLIFIED)**          Page 2 of 2

# EXHIBIT 2



Michelle Harris <michelle@stoltzfamilylawpractice.com>

## Stephens & Wescott

1 message

**Michelle Harris** <michelle@stoltzfamilylawpractice.com>          Thu, Feb 27, 2014 at 3:18 PM
To: Carl Wescott <c@carlawescott.com>
Cc: Monette Stephens <monette@gmail.com>

Carl,

Monette Stephens has retained me to move your case from public court to private, written agreements
regarding custody, support, housing, and the restraining order. Please know my e-mails tend to be brief; I
don't mean them as curt. I also use first names; no disrespect is intended.

As for the hearing on March 5th, I'll appear on Monette's behalf and ask the court to continue it thirty days to
permit you time to settle. I met with Monette this afternoon and outlined a stipulation which I'll have drafted
and sent to you by close of business on Monday the 3rd. The stipulation will address agreements regarding
custody, support, housing, and the restraining order.

As for the orders filed on February 14th, they remain in effect. Accordingly, you should not contact Monette
via any means, ie phone, text, e-mail, in person, etc. because doing so is a violation of the restraining order.
Any and all of your concerns should be directed to me and I'll forward to Monette. If you contact Monette,
please know she will not respond.

As for your travel to Asia tomorrow, please contact Hilary Jensen at 415.215.0579. Ms. Jensen will
accompany you into 853 Ashbery Street to retrieve the personal belongings you need for your Asia trip. We'll
address retrieval of your other personal belongings in the stipulation I'll send by Monday. Please know
Monette changed the security combinations on the house. Ms. Jensen has the combinations but she will not
provide them to you.

If you have any questions, please let me know.

Michelle

--
Michelle L. Harris, Esq.
Law Offices of Steven Stoltz
25 Jessie Street, 16th Floor
San Francisco, CA 94105

phone (415) 896-6620
fax (415) 896-9865



Michelle Harris <michelle@stoltzfamilylawpractice.com>

## RE: Stephens/ Wescott Stipulation

Carl A. Wescott <carl@healthiest-coffee.com>
Reply-To: carl@healthiest-coffee.com
To: Michelle Harris <michelle@stoltzfamilylawpractice.com>, Monette Stephens <monette@gmail.com>

Tue, Mar 4, 2014 at 11:37 AM

Hello Michelle,

Thank you for sending this. I've read it.

I will be in touch. I am going to suggest some changes.

We'll figure it out together.

Thank you.

--Carl

---

**From:** Michelle Harris [mailto:michelle@stoltzfamilylawpractice.com]
**Sent:** Tuesday, March 4, 2014 10:36 AM
**To:** <carl@healthiest-coffee.com>; Monette Stephens
**Subject:** Stephens/ Wescott Stipulation

Carl,

Attached is the stipulation outlining custody, support, and stay-away provisions. I'm in client meetings for the rest of the day on other cases, but will be available tomorrow, Wednesday, afternoon.

Michelle

# EXHIBIT 3



Michelle Harris <michelle@stoltzfamilylawpractice.com>

## RE: Stephens/ Wescott Stipulation

Carl A. Wescott <carl@healthiest-coffee.com>                Tue, Mar 4, 2014 at 12:35 PM
Reply-To: carl@healthiest-coffee.com
To: carl@healthiest-coffee.com, Michelle Harris <michelle@stoltzfamilylawpractice.com>, Monette Stephens
<monette@gmail.com>

Hello again Michelle.


Thank you, both of you, for allowing us to keep these issue as private as possible, for the good of our
whole family, while still protecting Monette and our children.  I believe we can keep our costs down, this
way, as well.  I have some questions about privacy for when we meet, Michelle (and a few in other
categories - I understand that you represent Monette and not me, but I believe my questions will be simple
and factual enough that you will be able to answer).


I've re-read the agreement, and the good news is that our meeting on the 13th will be fairly short - I'm
guessing 30 minutes or possibly fewer.


Most of the paragraphs are fine (though I did catch some typos which I will suggest we fix).


To be as efficient as possible, Michelle, if you prefer to send me an editable (Word) version, I can make
some suggested changes and redline.


Or, if you prefer for me to just write up my list of suggested changes for your and Monette's review, I can do
it that way, too.


Either way, I'm planning to come meet you in person, Michelle - let's delay the discussion until we can do it
in person (and then I can email anything that's useful to you, after that).


Thank you.


--Carl


**From:** Carl A. Wescott [mailto:carl@healthiest-coffee.com]
**Sent:** Tuesday, March 4, 2014 11:38 AM
**To:** 'Michelle Harris'; 'Monette Stephens'

# EXHIBIT 4

5/5/14    404
MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Minnie L Harris SBN # 225614<br>Law Offices of Steven Stoltz<br>25 Jessie<br>San Francisco CA 94102<br>TELEPHONE NO.: 415. 896. 6620   FAX NO. (Optional): 415. 896. 9865<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Monette Stephens | *ENDORSED* My<br>FILED<br>Superior Court of California<br>County of San Francisco<br><br>MAR 05 2014<br><br>CLERK OF THE COURT<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER ST.
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

CASE NAME: Stephens v. Wescott

| SUBSTITUTION OF ATTORNEY - CIVIL<br>(Without Court Order) | CASE NUMBER:<br>FDV - 14 - 810482 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):*    makes the following substitution:

1. Former legal representative ☑ Party represented self ☐ Attorney *(name):*
2. New legal representative ☐ Party is representing self* ☑ Attorney Minnie L Harris
   a. Name: Minnie L Harris    b. State Bar No. *(if applicable):* 225614
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
   Law Offices of Steven Stoltz
   25 Jessie Street
   San Francisco CA 94102
   d. Telephone No. *(include area code):* 415. 896. 6620
3. The party making this substitution is a ☐ plaintiff ☐ defendant ☑ petitioner ☐ respondent ☑ other *(specify):*
   In DV action    Protected party

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: 3/5/14
   Monette Stephens
   _____ ► _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 3/5/14
   Monette Stephens
   _____ ► _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: 3/5/14
   Minnie L Harris
   _____ ► _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | Martin Dean's<br>ESSENTIAL FORMS™ | SUBSTITUTION OF ATTORNEY - CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |

MC-050

| CASE NAME: | CASE NUMBER: |
|---|---|
| *Stephens v. Wescott* | *PTOV - 14 - 816782* |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney - Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney-Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney-Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney-Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   ~~email~~
   (1) Date of mailing: 3/5/14          (2) Place of mailing *(city and state):* San Francisco Cat

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          _____
*Michelle L Harris*                                      *Michelle Harris*
(TYPE OR PRINT NAME)                                 (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Carl Wescott          FILED PURSUANT TO
   b. Address *(number, street, city, and ZIP):*    LITIGANT'S REQUEST

   c. Name of person served:
   d. Address *(number, street, city, and ZIP):*

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]                                                      Page 2 of 2

### SUBSTITUTION OF ATTORNEY - CIVIL
### (Without Court Order)

Martin Dean's
ESSENTIAL FORMS™

# EXHIBIT 5



Michelle Harris <michelle@stoltzfamilylawpractice.com>

## RE: Stephens/ Wescott Stipulation

**Michelle Harris <michelle@stoltzfamilylawpractice.com>**                    Wed, Mar 5, 2014 at 12:48 PM
To: "<carl@healthiest-coffee.com>" <carl@healthiest-coffee.com>
Cc: Monette Stephens <monette@gmail.com>

Hello Carl,

This morning, we continued the court hearing to April 9th, 2014.   I revised the stipulation to explain this, and I
edited a bit where necessary.  If you have further comments or edits, please send by e-mail, rather than
marking up with red-line, etc.  Red-lines are too confusing with multiple revisions and/or if people need to read
on cell phones.

What time do you want to meet on 3/14?  Your signature will have to be notarized since you don't have
counsel, so I'll have to arrange for our notary to be here.
[Quoted text hidden]

📄 **general.stip.3.5.14.pdf**
42K

# EXHIBIT 6



**Michelle Harris <michelle@stoltzfamilylawpractice.com>**

**14** *attorney fees*

Carl A. Wescott <carl@healthiest-coffee.com>                                 Thu, Mar 6, 2014 at 12:01 PM
Reply-To: carl@healthiest-coffee.com
To: carl@healthiest-coffee.com, Michelle Harris <michelle@stoltzfamilylawpractice.com>
Cc: Monette Stephens <monette@gmail.com>

There's no way I am going to be able to pay $12,000 by April 1st.

\*If\* I were to make $10,000 between now and April 1st, I think we can all agree that those monies should
100% go to Monette and the children, since I think she needs the money a lot more than you do, for basic
things like food.

If you disagree with that principle, we're going to need to have a discussion (and I would want to involve
the judge and other third parties in that one).

We're going to have to work something out.

I assume that you took Monette's case partially or fully pro bono given our circumstances, and we really
appreciate your help.

Monette's BK attorney got $5k a couple years ago (when we had money... though come to think of it I think
Monette's parents provided that... but they can no longer give us money, so they stopped doing so many
months ago) and has been mostly working for free or on a deferred compensation basis since then.

Our CPAs worked for us for free for the last 4 years and recently have gotten a total of $1,000 from us.

I'm hoping that you can give Monette the best deal possible.

Would you settle for $1,000?  If so, I believe I can pay that by April 1st.

May I see whatever agreements you signed?  What hourly rate are you using?  May I see what you have
done so far?  How much more do you expect you need to do?

What is the standard procedure for indigent people like Monette and I?  Can we get help from the courts?

Are there attorneys that can help us pro bono?

Monette made some money a couple years ago but is unemployed.

I have not had a job since 2002.  I have a new business, which has not had a dollar in income, but which will finally have some income soon... which is what I've been working on for 2 years without pay.

We might want to agree on a low fixed-fee and then give me time to pay.  Anything more than $1,000 total will have to wait until I get my new business off the ground, and we can actually pay people including myself.

We simply cannot afford attorneys at this point in time, which why I'm representing myself, if possible... and if I get an attorney for this matter, I'm hoping I can find someone pro bono.


--Carl


---

**From:** Carl A. Wescott [mailto:carl@healthiest-coffee.com]
**Sent:** Thursday, March 6, 2014 11:46 AM
**To:** carl@healthiest-coffee.com; 'Michelle Harris'
**Cc:** 'Monette Stephens'
**Subject:** 12 and 13 and 14 - background


Background:


I'm not sure where Monette came up with the 20k number for my monthly income (or her 9k income) in another document I saw.

My income over the past 4+ years has been under $20,000, TOTAL (so averaging under $5,000 per year).

Monette should be aware of that, since we just filed our 2010, 2011, and 2012 taxes (Monette, I never saw the letter that you were going to include in sending them out, so I'm assuming you wrote the letter, signed it, and sent off the 2012s... if you haven't yet, please do so when you can, and let me know if I can help)... and we just sent our income info to our CPA for 2013 which we plan to file accordingly.

During that same time, we've lost over $20 million of cash/capital that we are writing off, out of a total of

# EXHIBIT 7



Michelle Harris <michelle@stoltzfamilylawpractice.com>

## RE: Retrieval Order 1618773 Proof of Completion Attached

**Carl A. Wescott** <c@carlawescott.com>                                    Thu, Mar 13, 2014 at 6:23 AM
Reply-To: c@carlawescott.com
To: Michelle Harris <michelle@stoltzfamilylawpractice.com>

Received this, thanks. --Carl

**From:** Michelle Harris [mailto:michelle@stoltzfamilylawpractice.com]
**Sent:** Wednesday, March 12, 2014 2:33 PM
**To:** Carl Wescott
**Subject:** Fwd: Retrieval Order 1618773 Proof of Completion Attached

Carl,

I'm forwarding the substitution of attorney indicating I'm representing Monette. Please know, I
intended to e-mail this on March 5th but was unable to receive it back from court until today.

Michelle

---------- Forwarded message ----------
From: <support@onelegal.com>
Date: Wed, Mar 12, 2014 at 1:53 PM
Subject: Retrieval Order 1618773 Proof of Completion Attached
To: michelle@stoltzfamilylawpractice.com

Attached to this message is the proof of completion for your order 1618773.

If you have any questions or need assistance, please send an email to support@onelegal.com, and
feel free to contact our Customer Support department Monday through Friday from 8:15 a.m. until
5:30 p.m. PST at 800-938-8815.

Thanks again for choosing One Legal.

OLRE05

# EXHIBIT 8



ENDORSED
F I L E D
San Francisco County Superior Court

AUG 0 5 2014

CLERK OF THE COURT
DAMON CARTER
BY: _____ Deputy Clerk

MICHELLE L. HARRIS (SB 225614)

LAW OFFICES OF STEVEN STOLTZ

25 Jessie Street, 16th Floor

San Francisco CA 94105

Tel: (415)896-6620 Fax: (415)896-9865

Attorney for Protected Party

Monette Stephens

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

IN RE MATTER OF:                    CASE NO.  FDV-14-810782

MONETTE STEPHENS                    STIPULATION AND ORDER

                                    THEREON RE:  CUSTODY, SUPPORT,

                                    AND HOUSING

and                                 BY FAX

                                    Dept. 404

CARL WESCOTT

_____/

    The parties hereby do agree and stipulate to the following which may become an

order of the Court:

1.  Purpose of Agreement:    The parties enter this agreement, outside of court, and between themselves for the sole purpose of avoiding the disclosure of Carl Wescott's (hereinafter "Carl") anger management issues to prospective investors, partners, customers, vendors and/or employees.    If, however, either party needs to enforce this Stipulation, either party may file it with any Court within the State of California, including but not limited the San Francisco Superior Court and/or either party may lodge this as evidence in any federal Court within the United States, including but not limited to the bankruptcy Court.  Additionally, should any of the Non-CLETS provisions herein be violated, Monette Stephens (hereinafter "Monette"), shall be permitted to cite them as recent abuse to any request for restraining orders or child custody orders.

2.      Child Custody:    Monette shall have sole legal and sole physical custody of the parties' three minor children:    Alexander Wescott, born October 12th, 2005; Cyrus Wescott, born February 15th, 2008, and Darius Wescott, born February 25th, 2010. With sole legal custody, Monette has the exclusive right to make decisions regarding the children's schooling, medical needs, and extra-curricular activities.

     a.  Carl has visitation with the children under the following conditions:

        i.      The visitation shall be supervised by a licensed child care professional;

        ii.      Monette shall select the licensed child care professional; Carl shall assume 100% of the costs of said supervision;

        iii.      The child care professional shall be permitted to testify in any court proceeding and/or shall be permitted to share information with any therapist. In other words, the supervisor does not develop a therapist/client privilege in acting as a supervisor;

        iv.      Until further court order and/or written mutual agreement, Carl's visitation with the children should not exceed five hours per week, should not include overnights, and shall not occur outside of the

state of California.  If, at any time, for any reason, Carl is unable
to exercise his custodial timeshare he shall not be permitted
make-up time.  For instance, if Carl does not exercise his
visitation during week one, he shall not be permitted ten hours of
visitation the following week to make up for the five hours he
missed during week one.  Additionally, visitation shall occur with
all three children at one time, visitation with individual children is
not permitted.  Finally, if Carl seeks to increase his custodial time,
he shall submit to a full psychological evaluation and a hair-follicle
test to determine illegal substances for the twelve calendar months
prior to the hair-follicle test.  The psychological evaluation shall be
conducted by a Court-appointed expert under the Evidence Code
§730. Said expert shall have experience with drug addiction and
pathology.  Carl shall assume 100% of the costs of said
evaluation and hair-follicle testing;

v.    All correspondence to and from the child care professional shall
be via e-mail, not text and/or phone calls, to ensure transparency
in communications.  Accordingly, each parent shall copy the other
parent on all communications to the supervisor.

vi.    Monette shall be responsible for transporting the children to and
from all visits with Carl.

3. Move-Away:  Carl consents that Monette shall be permitted to move from San
Francisco City & County to any location whether in California, the United States, or
abroad.  As of March, 2014, Monette believes she must move from San Francisco
because she is unemployed and because the parties' San Francisco residence is in
foreclosure.  Monette is unable to specify the location of her intended move
because much is dependent on available housing and finances.

4. Addresses:  Carl and Monette shall provide written notice to one another of any
change of address ten days prior to vacating their current address.  Notice shall

JUL-29-2014  13:18        JEN STOLTZ LAW OFFICE                415 896 9865      P.05

include the physical address of the person's new domicile.  Post office boxes are
not permitted.  The purpose of this provision is to be able to locate someone in the
event of emergency.  Notice shall be provided via e-mail and as outlined in
paragraph fifteen below.

5.  Passports: Monette shall possess all three of the children's passports and shall be
    permitted to renew them without Carl's written consent and/or signature.

6.  Santa Barbara Residence:  Commencing March 1st, 2014 through midnight June
    15th, 2014, Carl shall have exclusive use, possession, control of the Santa Barbara
    residence located at 3910 Carol Avenue, Santa Barbara, CA 93110 subject three
    conditions:

    a.  First, Carl shall vacate the premises from midnight April 10th, 2104 through
        and midnight April 27th, 2014.  During this time, Monette will occupy the
        house with the children during their Spring Break.

    b.  Second, Carl shall vacate if instructed by the bankruptcy and/or any other
        Court.

    c.  Third, between June 16st, 2014 and August 31st, 2014,  Carl shall vacate
        and Monette shall have exclusive, use, possession, and control of the Santa
        Barbara residence located at 3910 Carol Avenue, Santa Barbara, CA 93110.
        Likewise, Monette shall vacate the premise if so instructed by the bankruptcy
        and/or any other Court.

7.  San Francisco Residence: Commencing immediately, Monette shall have exclusive
    use, possession, and control of the San Francisco residence located at 853
    Ashbury Street, San Francisco, CA 94117 subject to the following two conditions:

    a.  First, Carl shall have exclusive, use, possession, and control of the San
        Francisco commencing June 16th, 2014, through midnight August 31st, 2014.

    b.  Second, Carl shall vacate if instructed by the bankruptcy and/or any other
        Court.

JUL-29-2014  13:19          STEVEN STOLTZ LAW OFFICE                415 896 9865        P.06

8.  Payments:  The person occupying the residences during the timeframes outlined in herein shall be responsible for paying the utilities and yard maintenance incurred during their occupation dates.

9.  Written Mutual Agreements:  Any agreement modifying the agreements made herein shall be made in writing, requiring a signature of the parties.  If either party is unrepresented, then the unrepresented party shall have his or her signature notarized.

10. Personal Property:  Until further written agreement or court order, Carl shall not be permitted to remove any furniture, furnishings, photographs, art, kitchen supplies, or family heirlooms from the Santa Barbara residence.   As of the execution of this Stipulation, Carl has submitted to Monette's counsel a list of personal belongings he wishes to obtain from the San Francisco residence.  Further, she gathered a suit-case full of these belongings and deliver it to the Palace Hotel in San Francisco on March 13th, 2014.   Belongings shall include clothing, travel supplies, and financial documents.   On or before August 31st, 2014, Carl shall remove his personal property from the San Francisco residence.  Carl shall assume all costs associated with said removal.  If Carl does not remove his personal belongings by midnight August 31st, 2014, Monette shall be permitted to deliver the items to charity.  The furniture, furnishings, photographs, art, and kitchen supplies of both residences shall be divided at a future time.

11. Fiduciary Duty:  Carl and Monette owe a fiduciary duty to one other not to harm the value of the assets acquired during marriage including the residences.

12. Child Support:  The Court shall have jurisdiction to award child and spousal support retroactive to February 14th, 2014.  Accordingly, commencing March 1st, 2014 and continuing until Monette requires housing costs, Carl shall pay Monette $15,000 per month as and for child support.   Spousal support is reserved.  Said support shall be paid in-full by the 30th of each month. Carl shall deposit the child support payments into Monette's USBank account xxx3278.   Carl shall not be permitted to withdraw any funds from this account.  These child-support agreements

C⌐

103M611731724.tif - 7/29/2014 1:14:00 PM

are non-Guideline amounts, and a change of circumstance shall be shown to modify the amounts.   The parties confirm that the children's needs shall be adequately met by these child support payments and that child support has not been assigned to any department of child support services.

13.  Add-Ons:  The add-on issues of private school tuition, summer camps and extra-curricular activities shall be reserved.

14. Attorney Fees: On March 13th, 2014, Carl shall the Law Offices of Steven Stoltz $1,000 cash as and for attorney fees.  Further, he shall pay $2,000 by April 30th, 2014 $2,000 by May 30th, 2014 and $2,000 by June 30th, 2014.  All payments shall be made to the Law Offices of Steven Stoltz.  The issue of further attorney fees is reserved for future determination.

15.  Non-CLETS: The restraining orders filed February 14th, 2014 shall expire on April 9th, 2014 at 9:00 a.m. and immediately thereafter convert to non-CLETs orders meaning Carl shall not harass, attack, strike, threaten, assault, (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, or block movements of Monette.   Further, Carl shall stay at least 100 yards away from Monette, and from any residence in which she's residing, her vehicle, and her workplace.  Last, Carl shall not contact Monette directly through any means including letter, phone, text-messaging, e-mails, etc. except for the five exceptions outlined herein.   Any communications related to these five exceptions shall be conducted through e-mail only:

a) any and all three-way communications with Smith & Company, CPAs;

b) any and all three-way communications with the visitation supervisor;

c) any communications related to vacating the San Francisco or Santa Barbara properties;

d) any and all three-way communications with Monette's bankruptcy attorney;

e) notice providing any change of residence as outlined in paragraph four.

103M611731724.tif - 7/29/2014 1:14:00 PM

16.   Accounts:  Commencing March 15˚, 2014, the USBank account referred to as the parties' "joint" account shall become the sole and separate property of Carl. As such, Monette shall not make deposits into the account and/or withdraws from the account.   Also commencing March 15˚, 2014, the US Bank accounts xxx3278, shall become the sole and separate property of Monette. As such, Carl shall not make any withdraws from this account. To comply with the support provisions herein, he shall be permitted to make deposits into account xxx3278.

It is so agreed:

Date: 3/13/2014                        _____
                                       Monette Stephens

Date: 3/13/2014                        _____
                                       Carl Wescott

Approved as to form and content:

Date: 3/13/2014                        _____
                                       Michelle L. Harris

                                       Attorney for Petitioner

It is so ordered:

Date: 7-30-14                          LINDA COLFAX
                                       _____
                                       Judge of the Superior Court

Stipulation and Order Thereon Re: Custody, Support, and Housing

# EXHIBIT 9



Michelle Harris <michelle@stoltzfamilylawpractice.com>

## followup

**Carl A. Wescott** <c@carlawescott.com>                                 Tue, Mar 25, 2014 at 1:25 AM
Reply-To: c@carlawescott.com
To: Michelle Harris <michelle@stoltzfamilylawpractice.com>

Hello Michelle,

1) I believe you were going to get me a copy of the signed stip. May I have the Word doc (or other final editable file) for my records, along with a scan of the signed agreement? Thank you.

2) Can you please send me the hours and billings that add up to $7,000, also for my records?

3) Following up on our conversation, I am requesting that your side request to seal the original filing, that contains some incorrect information. I'm open to paying for that to happen (if Monette approves your doing so). Or, if you haven't quite reached the $7k mark yet, perhaps this is how we get there. I imagine that should be a pretty simple request.

Finally, since Monette holds no hopes for reconciliation, it seems to me logical that we should file for divorce.

--Carl

**From:** Michelle Harris [mailto:michelle@stoltzfamilylawpractice.com]
**Sent:** Tuesday, March 11, 2014 2:56 PM
**To:** <carl@healthiest-coffee.com>
**Cc:** Monette Stephens
**Subject:** Re: here in SF

Carl,

Attached is the revised stipulation, made in light of the e-mails exchanged over the last few days. For context, know that Monette holds no hopes for reconciliation. The purpose of telling you know is to provide clarity through these negotiations, not to harm you. As for child custody, she's offering you five hours a week, which is more than you've averaged seeing them over these past

# EXHIBIT 10

FL-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Carl Wescott, 3910 Carol Avenue, Santa Barbara, CA 93110

TELEPHONE NO.: 8055635000     FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco

STREET ADDRESS:

MAILING ADDRESS: 400 McAllister Street

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME:

**MARRIAGE OF**

PETITIONER: Carl Alexander Wescott

RESPONDENT: Monette Rosemarie Stephens

FILED
State of California
County of San Francisco
NOV 03 2014
CLERK OF THE COURT
BY: _____ Deputy Clerk

CASE NUMBER:

FDI . '14 - 781666

**PETITION FOR**

- [✓] Dissolution of Marriage
- [ ] Legal Separation
- [ ] Nullity of Marriage

[ ] AMENDED

1. RESIDENCE (Dissolution only)  [ ] Petitioner  [✓] Respondent  has been a resident of this state for at least six months and of this county for at least three months immediately preceding the filing of this *Petition for Dissolution of Marriage.*

2. STATISTICAL FACTS
   a. Date of marriage: January 15th, 2005
   b. Date of separation: February 24th, 2014
   c. Time from date of marriage to date of separation (specify):
      Years: 9     Months: 1

3. DECLARATION REGARDING MINOR CHILDREN (include children of this relationship born prior to or during the marriage or adopted during the marriage):
   a. [ ] There are no minor children.
   b. [✓] The minor children are:

| Child's name | Birthdate | Age | Sex |
|---|---|---|---|
| Alexander Georges Wescott | October 12th, 2005 | 8 | Male |
| Cyrus Mason Wescott | February 15th, 2008 | 6 | Male |
| Darius Sebastian Wescott | February 25th, 2010 | 4 | Male |

   [ ] Continued on Attachment 3b.
   c. If there are minor children of the Petitioner and Respondent, a completed *Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)* (form FL-105) must be attached.
   d. [ ] A completed voluntary declaration of paternity regarding minor children born to the Petitioner and Respondent prior to the marriage is attached.

4. SEPARATE PROPERTY
   Petitioner requests that the assets and debts listed [ ] in *Property Declaration* (form FL-160) [ ] in Attachment 4
   [ ] below  be confirmed as separate property.

   Item                                         Confirm to

**NOTICE:** You may redact (black out) social security numbers from any written material filed with the court in this case other than a form used to collect child or spousal support.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-100 [Rev. January 1, 2005]

**PETITION—MARRIAGE**
**(Family Law)**

Family Code, §§ 2330, 3409;
*www.courtinfo.ca.gov*

| MARRIAGE OF *(last name, first name of parties):* | CASE NUMBER: |
|---|---|
| Wescott, Carl; Stephens, Monette | |

5. **DECLARATION REGARDING COMMUNITY AND QUASI-COMMUNITY ASSETS AND DEBTS AS CURRENTLY KNOWN**

   a. ☐ There are no such assets or debts subject to disposition by the court in this proceeding.

   b. ☑ All such assets and debts are listed ☐ in *Property Declaration* (form FL-160) ☐ in Attachment 5b.

       ☑ below *(specify):* Petitioner has no assets and over $100 million in debt. For full details of 99%+ of the debt, see January 2012 chapter 7 filing.

6. **Petitioner requests**

   a. ☑ dissolution of the marriage based on
      (1) ☑ irreconcilable differences. (Fam. Code, § 2310(a).)
      (2) ☐ incurable insanity. (Fam. Code, § 2310(b).)

   b. ☐ legal separation of the parties based on
      (1) ☐ irreconcilable differences. (Fam. Code, § 2310(a).)
      (2) ☐ incurable insanity. (Fam. Code, § 2310(b).)

   c. ☐ nullity of void marriage based on
      (1) ☐ incestuous marriage. (Fam. Code, § 2200.)
      (2) ☐ bigamous marriage. (Fam. Code, § 2201.)

   d. ☐ nullity of voidable marriage based on
      (1) ☐ petitioner's age at time of marriage. (Fam. Code, § 2210(a).)
      (2) ☐ prior existing marriage. (Fam. Code, § 2210(b).)
      (3) ☐ unsound mind. (Fam. Code, § 2210(c).)
      (4) ☐ fraud. (Fam. Code, § 2210(d).)
      (5) ☐ force. (Fam. Code, § 2210(e).)
      (6) ☐ physical incapacity. (Fam. Code, § 2210(f).)

7. **Petitioner requests** that the court grant the above relief and make injunctive (including restraining) and other orders as follows:

| | Petitioner | Respondent | Joint | Other |
|---|---|---|---|---|
| a. Legal custody of children to | ☐ | ☐ | ☑ | ☐ |
| b. Physical custody of children to | ☐ | ☐ | ☑ | ☐ |
| c. Child visitation be granted to | ☑ | ☐ | ☐ | ☐ |

     As requested in form: ☑ FL-311 ☐ FL-312 ☑ FL-341(C) ☑ FL-341(D) ☐ FL-341(E) ☐ Attachment 7c.

   d. ☐ Determination of parentage of any children born to the Petitioner and Respondent prior to the marriage.   ☑
   e. Attorney fees and costs payable by
   f. Spousal support payable to (earnings assignment will be issued)
   g. ☑ Terminate the court's jurisdiction (ability) to award spousal support to Respondent.
   h. ☐ Property rights be determined.
   i. ☐ Petitioner's former name be restored to *(specify):* Note bene that petitioner made $1600 in 2014 prior to date of separation, and has zero income since then.
   j. ☐ Other *(specify):*

       ☐ Continued on Attachment 7j.

8. **Child support**—If there are minor children born to or adopted by the Petitioner and Respondent before or during this marriage, the court will make orders for the support of the children upon request and submission of financial forms by the requesting party. An earnings assignment may be issued without further notice. Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

9. **I HAVE READ THE RESTRAINING ORDERS ON THE BACK OF THE SUMMONS, AND I UNDERSTAND THAT THEY APPLY TO ME WHEN THIS PETITION IS FILED.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5/16/2014     CARL WESCOTT
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PETITIONER)

Date:
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY FOR PETITIONER)

**NOTICE:** Dissolution or legal separation may automatically cancel the rights of a spouse under the other spouse's will, trust, retirement plan, power of attorney, pay on death bank account, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the right of a spouse as beneficiary of the other spouse's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance polices, retirement plans, and credit reports to determine whether they should be changed or whether you should take any other actions. However, some changes may require the agreement of your spouse or a court order (see Family Code sections 231–235).

FL-100 [Rev. January 1, 2005]

**PETITION—MARRIAGE**
**(Family Law)**

FL-105/GC-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| CARL WESCOTT<br>3910 CAROL AVENUE<br>SANTA BARBARA, CA 94102<br>TELEPHONE NO.: 805 563 5000   FAX NO.*(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| *(This section applies only to family law cases.)*<br>PETITIONER: CARL WESCOTT<br>RESPONDENT: MONETTE STEPHENS<br>OTHER PARTY: | CASE NUMBER:<br>FDI '14 - 781666 |
| *(This section applies only to guardianship cases.)*<br>GUARDIANSHIP OF *(Name)*:                                           Minor | |

**DECLARATION UNDER UNIFORM CHILD CUSTODY
JURISDICTION AND ENFORCEMENT ACT (UCCJEA)**

1. I am a party to this proceeding to determine custody of a child.
2. ☐ My present address and the present address of each child residing with me is confidential under Family Code section 3429 as I have indicated in item 3.
3. There are *(specify number)*: 3   minor children who are subject to this proceeding, as follows:
*(Insert the information requested below. The residence information must be given for the last FIVE years.)*

| a. Child's name ALEXANDER GEORGES WESCOTT | Place of birth SAN FRANCISCO | Date of birth 10/12/2005 | Sex MALE |
|---|---|---|---|
| **Period of residence** | **Address** 853 ASHBURY ST SF CA 94117 ☐ Confidential | **Person child lived with** *(name and complete current address)* BOTH until 2/24/2014; since then, Monette ☐ Confidential | **Relationship** Son |
| BIRTH to present | | | |
| | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | | | |
| | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | | | |
| | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | | | |

| b. Child's name CYRUS MASON WESCOTT | Place of birth SAN FRANCISCO | Date of birth 2/15/2008 | Sex MALE |
|---|---|---|---|
| ☑ Residence information is the same as given above for child a. *(If NOT the same, provide the information below.)* | | | |
| **Period of residence** | **Address** ☐ Confidential | **Person child lived with** *(name and complete current address)* ☐ Confidential | **Relationship** Son |
| to present | | | |
| | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | | | |
| | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | | | |
| | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | | | |

c. ☐ Additional residence information for a child listed in item a or b is continued on attachment 3c.
d. ☑ Additional children are listed on form FL-105(A)/GC-120(A). *(Provide all requested information for additional children.)*

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-105/GC-120 [Rev. January 1, 2009] | **DECLARATION UNDER UNIFORM CHILD CUSTODY<br>JURISDICTION AND ENFORCEMENT ACT (UCCJEA)** | Family Code, § 3400 et seq.;<br>Probate Code, §§ 1510(f), 1512<br>www.courtinfo.ca.gov |

Martin Dean's
ESSENTIAL FORMS™

FL-105/GC-120

| SHORT TITLE: WESCOTT / STEPHENS DIVORCE | CASE NUMBER: |
|---|---|

4. Do you have information about, or have you participated as a party or as a witness or in some other capacity in, another court case or custody or visitation proceeding, in California or elsewhere, concerning a child subject to this proceeding?

☐ Yes  ☑ No   *(If yes, attach a copy of the orders (if you have one) and provide the following information):*

| Proceeding | Case number | Court (name, state, location) | Court order or judgment (date) | Name of each child | Your connection to the case | Case status |
|---|---|---|---|---|---|---|
| a. ☐ Family | | | | | | |
| b. ☐ Guardianship | | | | | | |
| c. ☐ Other | | | | | | |

| Proceeding | Case Number | Court (name, state, location) |
|---|---|---|
| d. ☐ Juvenile Delinquency/ Juvenile Dependency | | |
| e. ☐ Adoption | | |

5. ☐ One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you have one and provide the following information):*

| Court | County | State | Case number (if known) | Orders expire (date) |
|---|---|---|---|---|
| a. ☐ Criminal | | | | |
| b. ☐ Family | | | | |
| c. ☐ Juvenile Delinquency/ Juvenile Dependency | | | | |
| d. ☐ Other | | | | |

6. Do you know of any person who is not a party to this proceeding who has physical custody or claims to have custody of or visitation rights with any child in this case? ☐ Yes ☑ No   *(If yes, provide the following information):*

| a. Name and address of person | b. Name and address of person | c. Name and address of person |
|---|---|---|
| ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights<br>Name of each child | ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights<br>Name of each child | ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights<br>Name of each child |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

CARL WESCOTT
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF DECLARANT)

7. ☐ Number of pages attached: _____

**NOTICE TO DECLARANT:** You have a continuing duty to inform this court if you obtain any information about a custody proceeding in a California court or any other court concerning a child subject to this proceeding.

Page 2 of 2

FL-105/GC-120 [Rev. January 1, 2009]

**DECLARATION UNDER UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA)**

Martin Dean's ESSENTIAL FORMS™

FL-105(A)/GC-120(A)

| CASE NAME: | CASE NUMBER: |
|---|---|
| WESCOTT / STEPHENS DIVORCE | FDI '14 - 781666 |

**ATTACHMENT TO**
**DECLARATION UNDER UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA)**

Child's name DARIUS SEBASTIAN WESCOTT — Place of birth SAN FRANCISCO — Date of birth 2/25/2010 — Sex MALE

Residence information is the same as given on form FL-105/GC-120 for child a. *(If NOT the same, provide the information below.)*

| Period of residence | Present address | Person child lived with (name and complete current address) | Relationship |
|---|---|---|---|
| to present | ☐ Confidential | ☐ Confidential | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |

Child's name ___ Place of birth ___ Date of birth ___ Sex ___

Residence information is the same as given on form FL-105/GC-120 for child a. *(If NOT the same, provide the information below.)*

| Period of residence | Address | Person child lived with (name and complete current address) | Relationship |
|---|---|---|---|
| to present | ☐ Confidential | ☐ Confidential | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |

Child's name ___ Place of birth ___ Date of birth ___ Sex ___

Residence information is the same as given on form FL-105/GC-120 for child a. *(If NOT the same, provide the information below.)*

| Period of residence | Address | Person child lived with (name and complete current address) | Relationship |
|---|---|---|---|
| to present | ☐ Confidential | ☐ Confidential | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |
| to | Child's residence (City, State) | Person child lived with (name and complete current address) | |

Page ___ of ___

Form Adopted for Mandatory Use
Judicial Council of California
FL-105(A)/GC-120(A)
[New January 1, 2009]

Family Code, § 3400 et seq.;
Probate Code, §§ 1510(f), 1512
www.courtinfo.ca.gov

**ATTACHMENT TO**
**DECLARATION UNDER UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA)**

FL-311

| | |
|---|---|
| PETITIONER/PLAINTIFF: Carl Alexander Wescott | CASE NUMBER: |
| RESPONDENT/DEFENDANT: Monette Rosemarie Stephens | FDI·'14 - 7 8 1 6 6 6 |

## CHILD CUSTODY AND VISITATION APPLICATION ATTACHMENT

TO ☑ **Petition, Response, Application for Order or Responsive Declaration** ☐ **Other** *(specify)*:

☑ **To be ordered now and effective until the hearing**

1. ☑ **Custody.** Custody of the minor children of the parties is requested as follows:

| Child's Name | Date of Birth | Legal Custody to *(person who makes decisions about health, education, etc.)* | Physical Custody to *(person with whom the child lives)* |
|---|---|---|---|
| Alexander | October 12th, 2005 | Joint Legal Custody | Monette (until hearing) |
| Cyrus | February 15th, 2008 | Joint Legal Custody | Monette (until hearing) |
| Darius | February 25th, 2010 | Joint Legal Custody | Monette (until hearing) |

2. ☑ **Visitation.**

   a. ☐ Reasonable right of visitation to the party without physical custody **(not appropriate in cases involving domestic violence)**

   b. ☐ See the attached _____-page document dated *(specify date)*:

   c. ☐ The parties will go to mediation at *(specify location)*:

   d. ☐ No visitation

   e. ☑ Visitation for the ☑ petitioner ☐ respondent will be as follows:

   (1) ☑ **Weekends starting** *(date)*: June 1st, 2014
       *(The first weekend of the month is the first weekend with a Saturday.)*

   ☑ 1st ☐ 2nd ☑ 3rd ☐ 4th ☑ 5th weekend of the month

   from   Friday _____ at 5 _____ ☐ a.m. ☑ p.m.
            *(day of week)*          *(time)*

   to   Sunday _____ at 8 _____ ☐ a.m. ☑ p.m.
            *(day of week)*          *(time)*

   (a) ☐ The parents will alternate the fifth weekends, with the ☐ petitioner ☐ respondent having the initial fifth weekend, which starts *(date)*:

   (b) ☐ The petitioner will have fifth weekends in ☐ odd ☐ even months.

   (2) ☐ **Alternate weekends starting** *(date)*:
       The ☐ petitioner ☐ respondent will have the children with him or her during the period

   from _____ at _____ ☐ a.m. ☐ p.m.
        *(day of week)*          *(time)*

   to _____ at _____ ☐ a.m. ☐ p.m.
        *(day of week)*          *(time)*

   (3) ☐ **Weekdays starting** *(date)*:
       The ☐ petitioner ☐ respondent will have the children with him or her during the period

   from _____ at _____ ☐ a.m. ☐ p.m.
        *(day of week)*          *(time)*

   to _____ at _____ ☐ a.m. ☐ p.m.
        *(day of week)*          *(time)*

   (4) ☐ **Other** *(specify days and times as well as any additional restrictions)*:

☐ See Attachment 2e(4).

Page 1 of 2

**CHILD CUSTODY AND VISITATION APPLICATION ATTACHMENT**

Family Code, § 6200 et seq.
www.courtinfo.ca.gov

| PETITIONER: Carl Alexander Wescott | CASE NUMBER: |
|---|---|
| RESPONDENT: Monette Rosemarie Stephens | |

3. ☐ **Supervised visitation.**
   I request that *(name):* _____ have supervised visitation with the minor children according to the schedule set out on page 1 and that the visits be supervised by *(name):* _____ who is a ☐ professional ☐ nonprofessional supervisor. The supervisor's phone number is *(specify):*

   I request that the costs of supervision be paid as follows: petitioner: _____ percent; respondent: _____ percent.

   **If item 3 is checked, you must attach a declaration that shows why unsupervised visitation would be bad for your children. The judge is required to consider supervised visitation if one parent is alleging domestic violence and is protected by a restraining order.**

4. ☐ **Transportation for visitation and place of exchange.**
   a. ☐ Transportation **to** the visits will be provided by *(name):*
   b. ☐ Transportation **from** the visits will be provided by *(name):*
   c. ☑ Drop-off of the children will be at *(address):* Ashbury Market at Ashbury and Frederick
   d. ☑ Pick-up of the children will be at *(address):* Ashbury Market at Ashbury and Frederick
   e. ☑ The children will be driven only by a licensed and insured driver. The car or truck must have legal child restraint devices.
   f. ☐ During the exchanges, the parent driving the children will wait in the car and the other parent will wait in his or her home while the children go between the car and the home.
   g. ☐ Other *(specify):*

5. ☐ **Travel with children.** The ☐ petitioner ☐ respondent ☐ other *(name):* _____ **must** have written permission from the other parent or a court order to take the children out of
   a. ☐ the state of California.
   b. ☐ the following counties *(specify):*
   c. ☐ other places *(specify):*

6. ☐ **Child abduction prevention.** There is a risk that one of the parents will take the children out of California without the other parent's permission. I request the orders set out on attached form FL-312.

7. ☑ **Children's holiday schedule.** I request the holiday and visitation schedule set out on the attached ☑ form FL-341(C)
   ☐ other *(specify):*

8. ☑ **Additional custody provisions.** I request the additional orders regarding custody set out on the attached
   ☑ form FL-341(D) ☐ other *(specify):*

9. ☑ **Joint legal custody provisions.** I request joint legal custody and want the additional orders set out on the attached
   ☑ form FL-341(E) ☐ other *(specify):*

10. ☐ **Other.** I request the following additional orders *(specify):*

**CHILD CUSTODY AND VISITATION APPLICATION ATTACHMENT**

FL-341(C)

| PETITIONER: Carl Alexander Wescott | CASE NUMBER: |
| RESPONDENT: Monette Rosemarie Stephens | |

## CHILDREN'S HOLIDAY SCHEDULE ATTACHMENT

TO  [✓] Petition or Application for Order    [ ] Findings and Order After Hearing or Judgment
[ ] Stipulation and Order for Custody and/or Visitation of Children

1. **Holiday parenting.** The following table shows the holiday parenting schedules. Write "Pet" or "Resp" to specify each parent's years—odd, even, or both ("every year")—and under "Time" specify the starting and ending days and times.

| Holiday | Time (from when to when) (Unless otherwise noted, all single-day holidays start at 9 a.m. and end at 8 p.m.) | Every Year Petitioner/ Respondent | Even Years Petitioner/ Respondent | Odd Years Petitioner/ Respondent |
|---|---|---|---|---|
| January 1 (New Year's Day) | | | PETITIONER | RESPONDE |
| Martin Luther King's Birthday (weekend) | | RESPONDEN | | |
| Lincoln's Birthday | | RESPONDEN | | |
| President's Day (weekend) | | RESPONDEN | | |
| Spring Break, first half | | PETITIONER | | |
| Spring Break, second half | | PETITIONER | | |
| Mother's Day | | RESPONDEN | | |
| Memorial Day (weekend) | | | RESPONDE | PETITIONER |
| Father's Day | | PETITIONER | | |
| July 4th | | PETITIONER | | |
| Labor Day (weekend) | | PETITIONER | | |
| Columbus Day (weekend) | | PETITIONER | | |
| Halloween | | | | |
| Veteran's Day (weekend) | | PETITIONER | | |
| Thanksgiving Day | | | PETITIONER | |
| Thanksgiving weekend | | | PETITIONER | |
| Winter Break, first half | | | PETITIONER | |
| Winter Break, second half | | | PETITIONER | |
| New Year's Eve | | | RESPONDE | PETITIONER |
| Child's birthday | | RESPONDEN | | |
| Mother's birthday | | PETITIONER | | |
| Father's birthday | | PETITIONER | | |
| Breaks for year-round schools | | | RESPONDE | PETITIONER |
| Summer Break, first half | | | | |
| Summer Break, second half | | PETITIONER | | |
| Other (specify): | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

[✓] Any three-day weekend not specified above will be spent with the parent who would normally have that weekend.
[ ] Other (specify):

2. **Vacations.** The [ ] petitioner [ ] respondent may take a vacation of up to (specify number): [ ] days
[ ] weeks with the children the following number of times per year (specify): . They must notify the other parent in writing of their vacation plans a minimum of (specify number): days in advance and provide the other parent with a basic itinerary that includes dates of leaving and returning, destinations, flight information, and telephone numbers for emergency purposes.
[ ] The other parent has (specify number): days to respond if there is a problem with the schedule.
a. [ ] This vacation may be outside California.
b. [ ] Any vacation outside [ ] California [ ] the United States requires prior written consent of the other parent or a court order.
c. [ ] Other (specify):

Form Approved for Optional Use Judicial Council of California FL-341(C) [Rev. January 1, 2005]
**CHILDREN'S HOLIDAY SCHEDULE ATTACHMENT**
Family Code, §§ 3003, 3083 www.courtinfo.ca.gov

The form FL-341(D).

FL-341(D)

| PETITIONER: Carl Alexander Wescott | CASE NUMBER: |
|---|---|
| RESPONDENT: Monette Rosemarie Stephens | |

## ADDITIONAL PROVISIONS—PHYSICAL CUSTODY ATTACHMENT

TO ☑ Petition or Application for Order   ☐ Findings and Order After Hearing or Judgment
☐ Stipulation and Order for Custody and/or Visitation of Children

1. ☐ **Notification of parent's current address.** Each parent must notify the other parent of his or her current address and telephone number within *(specify number):* _____ days of any change in his or her
   a. address for ☐ residence ☐ mailing ☐ work.
   b. telephone/message number at ☐ home ☐ work ☐ the children's schools.
   Neither parent may use such information for the purpose of harassing, annoying, or disturbing the peace of the other or invading the other's privacy. If a parent has an address with the State of California's Safe at Home confidential address program, no residence or work address is needed.

2. ☐ **Notification of proposed move of child.** Each parent must notify the other parent *(specify number):* _____ days prior to any planned change in residence of the children. The notification must state, to the extent known, the planned address of the children, including the county and state of the new residence. The notification must be sent by certified mail, return receipt requested.

3. ☑ **Child care**
   a. ☑ The children must not be left alone without age-appropriate supervision.
   b. ☑ The parents must let each other know the name, address, and phone number of the children's regular child-care providers.

4. ☑ **Right of first option of child care.** In the event either parent requires child care for *(specify number):* 4 hours or more while the children are in his or her custody, the other parent must be given first opportunity, with as much prior notice as possible, to care for the children before other arrangements are made. Unless specifically agreed or ordered by the court, this order does not include regular child care needed when a parent is working.

5. ☑ **Canceled parenting time**
   a. ☑ If the noncustodial parent fails to arrive at the appointed time and fails to notify the custodial parent that he or she will be late, then the custodial parent need wait for only *(specify number):* 15 minutes before considering the visitation canceled.
   b. ☑ In the event a noncustodial parent is unable to exercise visitation on a given occasion, he or she must notify the custodial parent at the earliest possible opportunity.
   c. ☑ The custodial parent must give the noncustodial parent as much notice as possible if the children are ill and unable to participate in scheduled time with the other parent. ☐ A doctor's excuse is required.

6. ☐ **Phone contact between parents and children**
   a. ☑ The children may have telephone access to the parents ☑ and the parents may have telephone access to the children at reasonable times, for reasonable durations.
   b. ☐ The scheduled phone contact between parents and the children is *(specify):*
   c. ☐ Neither parent nor any other third party may listen to or monitor the calls.

7. ☑ **No negative comments.** Neither parent will make or allow others to make negative comments about the other parent or the other parent's past or present relationships, family, or friends within hearing distance of the children.

8. ☑ **No use of children as messengers.** The parents will communicate directly with each other on matters concerning the children and may not use the children as messengers between them.

9. ☑ **Alcohol or substance abuse.** The ☑ petitioner ☑ respondent may not consume alcoholic beverages, narcotics, or restricted dangerous drugs (except by prescription) within *(specify number):* 12 hours prior to or during periods of time with the children ☑ and may not permit any third party to do so in the presence of the children.

10. ☑ **No exposure to cigarette smoke.** The children will not be exposed to secondhand cigarette smoke while in the home or car of either parent.

Page 1 of 2

**ADDITIONAL PROVISIONS—PHYSICAL CUSTODY ATTACHMENT**
Family Code, §§ 3003, 3024, 3083
www.courtinfo.ca.gov

| PETITIONER: Carl Alexander Wescott | CASE NUMBER: |
|---|---|
| RESPONDENT: Monette Rosemarie Stephens | |

11. [✓] **No interference with schedule of other parent without that parent's consent.** Neither parent will schedule activities for the children during the other parent's scheduled parenting time without the other parent's prior agreement.

12. [ ] **Third-party contact**
  a. [ ] The children will have no contact with *(specify name):*
  b. [ ] The children must not be left alone in the presence of *(specify name):*

13. [ ] **Children's clothing and belongings**
  a. [ ] Each parent will maintain clothing for the children so that the children do not have to make the exchanges with additional clothing.
  b. [ ] The children will be returned to the other parent with the clothing and other belongings they had when they arrived.

14. [ ] **Log book.** The parents will maintain a "log book" and make sure that the book is sent with the children between their two homes. Using businesslike notes (no personal comments), parents will record information related to the health, education, and welfare issues that arise during the time the children are with them.

15. [✓] **Terms and conditions of order may be changed.** The terms and conditions of this order may be added to or changed as the needs of the children and parents change. Such changes will be in writing, dated and signed by both parents; each parent will retain a copy. If the parents want a change to be a court order, it must be filed with the court in the form of a court document.

16. [ ] **Other** *(specify):*

FL-341(D) [Rev. January 1, 2005]    **ADDITIONAL PROVISIONS—PHYSICAL CUSTODY ATTACHMENT**

FL-341(E)

| PETITIONER: Carl Alexander Wescott | CASE NUMBER: |
|---|---|
| RESPONDENT: Monette Rosemarie Stephens | |

## JOINT LEGAL CUSTODY ATTACHMENT

TO ☑ Petition or Application for Order   ☐ Findings and Order After Hearing or Judgment
☐ Stipulation and Order for Custody and/or Visitation of Children

1. The parents will have joint legal custody of the minor children.

2. In exercising joint legal custody, the parents will share in the responsibility and confer in good faith on matters concerning the health, education, and welfare of the children. The parents must confer in making decisions on the following matters:
   a. ☑ Enrollment in or leaving a particular private or public school or daycare center
   b. ☑ Participation in particular religious activities or institutions
   c. ☑ Beginning or ending of psychiatric, psychological, or other mental health counseling or therapy
   d. ☐ Selection of a doctor, dentist, or other health professional (except in emergency situations)
   e. ☐ Participation in extracurricular activities
   f. ☑ Out-of-country or out-of-state travel
   g. ☐ Other (specify):

   In all other matters in exercising joint legal custody, the parents may act alone, as long as the action does not conflict with any orders concerning the physical custody of the children.

3. If a parent does not obtain the required consent of the other parent to the decisions checked in item 2:
   a. He or she may be subject to civil or criminal penalties.
   b. The court may change the legal and physical custody of the minor children.
   c. ☐ Other consequences (specify):

4. ☑ Special decision-making designation
   a. The ☐ petitioner ☐ respondent    will be responsible for making decisions regarding the following issues (specify):

   b. ☑ Each parent will have access to the children's school, medical, and dental records and the right to consult with professionals who are providing services to the children.

5. ☑ Health-care notification
   a. ☑ Each parent must notify the other of the name and address of each health practitioner who examines or treats the children; such notification must be made within (specify number):0    days of the commencement of the first such treatment or examination.
   b. ☑ Each parent is authorized to take any and all actions necessary to protect the health and welfare of the children, including but not limited to consent to emergency surgical procedures or treatment. The parent authorizing such emergency treatment must notify the other parent as soon as possible of the emergency situation and of all procedures or treatment administered to the children.
   c. ☑ Both parents are required to administer any prescribed medications for the children.

6. ☑ School notification. Each parent will be designated as a person the children's school will contact in the event of an emergency.

7. ☑ Name. Neither parent will change the last name of the children or have a different name used on the children's medical, school, or other records without the written consent of the other parent.

8. ☐ Other (specify):

Form Approved for Optional Use
Judicial Council of California
FL-341(E) [Rev. January 1, 2005]

## JOINT LEGAL CUSTODY ATTACHMENT

Family Code, § 3003, 3083
www.courtinfo.ca.gov

# EXHIBIT 11

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

F I L E D
San Francisco County Superior Court

AUG 1 1 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

| | |
|---|---|
| Alexander Wescott<br>(aka Carl Wescott)<br><br>        Petitioner,<br><br>v.<br><br>Monette Rosemarie Stephens<br>(Monette Stephens)<br>        Respondent. | Case No.: FDI-14-781666<br>        FDV-14-810782<br><br>ORDER RE: CONSOLIDATION |

On the Court's own motion, case number FDV-14-810782 is hereby consolidated into

San Francisco Superior Court case number FDI-14-781666. All future filings for all of these

matters shall be under case number FDI-14-781666.

IT IS SO ORDERED.

Date: AUG 1 1 2014

_Charlotte W. Woolard_

Hon. Charlotte Walter Woolard

Judge of Superior Court

# EXHIBIT 12

FL-300

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Michelle L. Harris
Law Office of Steven Stoltz          225614
25 Jessie Street
San Francisco, CA 94105

TELEPHONE NO.: 415.896.6620          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Monette Stephens

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco

STREET ADDRESS: 400 McAllister

MAILING ADDRESS:

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME: Unified Family Court

PETITIONER/PLAINTIFF: Alexander "Carl" Wescott

RESPONDENT/DEFENDANT: Monette Stephens

OTHER PARENT/PARTY:

**F I L E D**
San Francisco County Superior Court

AUG 25 2014

CLERK OF THE COURT
BY: _____
Deputy Clerk

| REQUEST FOR ORDER | | CASE NUMBER: |
|---|---|---|
| ☐ Child Custody ☐ Child Support ☐ Attorney Fees and Costs | ☐ MODIFICATION ☐ Visitation ☐ Spousal Support | ☐ Temporary Emergency Court Order ☒ Other *(specify):* House |

CASE NUMBER:
FDI-14-781666
FDV-14-810782

1. TO *(name):* Carl Wescott in pro per

2. A hearing on this *Request for Order* will be held as follows: **If child custody or visitation is an issue in this proceeding, Family Code section 3170 requires mediation before or at the same time as the hearing (see item 7.)**

Thurs
a. Date: 9/25/14   Time: 9 am   ☐ Dept.: 404   ☐ Room: 404

b. Address of court   ☒ same as noted above   ☐ other *(specify):*

3. Attachments to be served with this *Request for Order:*
   a. ☐ A blank *Responsive Declaration* (form FL-320)
   b. ☐ Completed *Income and Expense Declaration* (form FL-150) and a **blank** *Income and Expense Declaration*
   c. ☐ Completed *Financial Statement (Simplified)* (form FL-155) and a **blank** *Financial Statement (Simplified)*
   d. ☐ Points and authorities
   e. ☐ Other *(specify):*

Date: 8/25/14

Michelle L. Harris                                    *(signature)* Michelle Harris
_____                              ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE)

**COURT ORDER**

4. ☐ YOU ARE ORDERED TO APPEAR IN COURT AT THE DATE AND TIME LISTED IN ITEM 2 TO GIVE ANY LEGAL REASON WHY THE ORDERS REQUESTED SHOULD NOT BE GRANTED.

5. ☐ Time for ☐ service ☐ hearing   is shortened. Service must be on or before *(date):*

6. Any responsive declaration must be served on or before *(date):*

7. The parties are ordered to attend mandatory custody services as follows:

8. ☐ You are ordered to comply with the *Temporary Emergency Court Orders* (form FL-305) attached.

9. ☐ Other *(specify):*

Date: _____

_____
JUDICIAL OFFICER

**To the person who received this *Request for Order:* If you wish to respond to this *Request for Order*, you must file a *Responsive Declaration to Request for Order* (form FL-320) and serve a copy on the other parties at least nine court days before the hearing date unless the court has ordered a shorter period of time. You do not have to pay a filing fee to file the *Responsive Declaration to Request for Order* (form FL-320) or any other declaration including an *Income and Expense Declaration* (form FL-150) or *Financial Statement (Simplified)* (form FL-155).**

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
FL-300 [Rev. July 1, 2012]

Martin Dean's
ESSENTIAL FORMS™

**REQUEST FOR ORDER**

Family Code, §§ 2045, 2107, 6224,
6228, 6320–6326, 6380–6383
Government Code, § 26826
www.courts.ca.gov

Stephens

| | FL-300 |
|---|---|
| PETITIONER/PLAINTIFF: Alexander "Carl" Wescott | CASE NUMBER: |
| RESPONDENT/DEFENDANT: Monette Stephens | |
| OTHER PARENT/PARTY: | |

## REQUEST FOR ORDER AND SUPPORTING DECLARATION

☐ Petitioner   ☒ Respondent   ☐ Other Parent/Party   **requests the following orders:**

1. ☐ **CHILD CUSTODY**              ☐ **To be ordered pending the hearing**
   a. <u>Child's name and age</u>          b. Legal custody to (name of person who        c. Physical custody to (name of
                                              <u>makes decisions about health, education, etc.)</u>     <u>person with whom child will live)</u>

   d. ☐ As requested in form  ☐ *Child Custody and Visitation Application Attachment* (form FL-311)
                              ☐ *Request for Child Abduction Prevention Orders* (form FL-312)
                              ☐ *Children's Holiday Schedule Attachment* (form FL-341(C))
                              ☐ *Additional Provisions—Physical Custody Attachment* (form FL-341(D))
                              ☐ *Joint Legal Custody Attachment* (form FL-341(E))
                              ☐ Other (Attachment 1d)
   e. ☐ Modify existing order
      (1) filed on *(date)*:
      (2) ordering *(specify)*:

2. ☐ **CHILD VISITATION** *(PARENTING TIME)*        ☐ **To be ordered pending the hearing**
   a. As requested in:  (1) ☐ Attachment 2a   (2) ☐ *Child Custody and Visitation Application Attachment* (form FL-311)
                        (3) ☐ Other *(specify)*:
   b. ☐ Modify existing order
      (1) filed on *(date)*:
      (2) ordering *(specify)*:

   c. ☐ One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you have one.)* The orders are from the following court or courts *(specify county and state)*:
      (1) ☐ Criminal: County/state:              (3) ☐ Juvenile: County/state:
          Case No. *(if known)*:                        Case No. *(if known)*:
      (2) ☐ Family: County/state:                 (4) ☐ Other: County/state:
          Case No. *(if known)*:                        Case No. *(if known)*:

3. ☐ **CHILD SUPPORT** *(An earnings assignment order may be issued.)*
   a. <u>Child's name and age</u>     b. ☐ I request support based on the    c. <u>Monthly amount requested</u> (if not by guideline)
                                   child support guidelines             $

   d. ☐ Modify existing order
      (1) filed on *(date)*:
      (2) ordering *(specify)*:

---

**Notice:** The court is required to order child support based on the income of both parents. It normally continues until the child is 18. You must supply the court with information about your finances by filing an *Income and Expense Declaration* (form FL-150) or a *Financial Statement (Simplified)* (form FL-155). Otherwise, the child support order will be based on information about your income that the court receives from other sources, including the other parent.

FL-300 [Rev. July 1, 2012]                    **REQUEST FOR ORDER**                         Page 2 of 4

Martin Dean's
ESSENTIAL FORMS™

Stephens

| | | FL-300 |
|---|---|---|
| PETITIONER/PLAINTIFF: Alexander "Carl" Wescott | CASE NUMBER: | |
| RESPONDENT/DEFENDANT: Monette Stephens | | |
| OTHER PARENT/PARTY: | | |

4. ☐ SPOUSAL OR PARTNER SUPPORT *(An earnings assignment order may be issued.)*
   a. ☐ Amount requested *(monthly)*: $        c. ☐ Modify existing order
   b. ☐ Terminate existing order                        (1) ☐ filed on *(date):*
      (1) ☐ filed on *(date):*                          (2) ☐ ordering *(specify):*
      (2) ☐ ordering *(specify):*
   d. ☐ The *Spousal or Partner Support Declaration Attachment* (form FL-157) is attached *(for modification of spousal or partner support after judgment only)*
   e. ☐ An *Income and Expense Declaration* (form FL-150) must be attached

5. ☐ ATTORNEY FEES AND COSTS are requested on *Request for Attorney Fees and Costs Order Attachment* (form FL-319) or a declaration that addresses the factors covered in that form. An *Income and Expense Declaration* (form FL-150) must be attached. A *Supporting Declaration for Attorney Fees and Costs Order Attachment* (form FL-158) or a declaration that addresses the factors covered in that form must also be attached.

6. ☐ PROPERTY RESTRAINT   ☐ **To be ordered pending the hearing**
   a. The ☐ petitioner ☐ respondent ☐ claimant   is restrained from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, except in the usual course of business or for the necessities of life.
      ☐ The applicant will be notified at least five business days before any proposed extraordinary expenditures, and an accounting of such will be made to the court.
   b. ☐ Both parties are restrained and enjoined from cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability, held for the benefit of the parties or their minor children.
   c. ☐ Neither party may incur any debts or liabilities for which the other may be held responsible, other than in the ordinary course of business or for the necessities of life.

7. ☒ PROPERTY CONTROL   ☐ **To be ordered pending the hearing**
   a. ☐ The petitioner ☒ respondent   is given the exclusive temporary use, possession, and control of the following property that we own or are buying *(specify):*
      residence at 3910 Carol Avenue, Santa Barbara, CA 93110
      residence at 853 Ashbury Street, San Francisco, CA 94117

   b. ☐ The petitioner ☐ respondent   is ordered to make the following payments on liens and encumbrances coming due while the order is in effect:

      Debt                          Amount of payment        Pay to

8. ☐ OTHER RELIEF *(specify):*

---

**NOTE: To obtain domestic violence restraining orders, you must use the forms *Request for Order (Domestic Violence Prevention)* (form DV-100), *Temporary Restraining Order (Domestic Violence)* (form DV-110), and *Notice of Court Hearing (Domestic Violence)* (form DV-109).**

---

FL-300 [Rev. July 1, 2012]                    **REQUEST FOR ORDER**                    Page 3 of 4

Martin Dean's
ESSENTIAL FORMS™

Stephens

FL-300

| | |
|---|---|
| PETITIONER/PLAINTIFF: Alexander "Carl" Wescott<br>RESPONDENT/DEFENDANT: Monette Stephens<br>OTHER PARENT/PARTY: | CASE NUMBER: |

9. ☐ **I request** that time for service of the *Request for Order* and accompanying papers be shortened so that these documents may be served no less than *(specify number):* _____ days before the time set for the hearing. I need to have this order shortening time because of the facts specified in item 10 or the attached declaration.

10. ☒ FACTS IN SUPPORT of orders requested and change of circumstances for any modification are *(specify):*
☐ Contained in the attached declaration. (*You may use* Attached Declaration (form MC-031) for this purpose. *The attached declaration must not exceed 10 pages in length unless permission to file a longer declaration has been obtained from the court.*)

My declaration is brief because I lack the attorney fees for greater detail. Essentially, I was an investment banker and owned the Carol Avenue Santa Barbara property virtually free and clear before marriage to Petitioner. I also had considerable assets. Respondent, herein after "Carl" was raised in international prep schools and attended Stanford at the age of 16. He became an investment prodigy. When I married him, I was in my early 40s eager to have children. We married. I had three children between the age of 41 and 46. I left my career and trusted our finances to Carl.

A few years ago, Carl's investor partners starting suing him for failure to materialize promises. The lawsuits were the first I knew of Carl's breaches of fiduciary duty. In an effort to avert the financial ruin, we filed bankruptcy. During that proceeding Carl told people he lived in Honduras and ceased involvement in . the bankruptcy court. He travels extensively to Asia and Central America because he claims to be involved with buying and selling coffee. Yes, when I am able to collect more in fees, I will address the issues of hidden assets abroad and his breaches of fiduciary duty.

Given our bankruptcy he cannot allegedly open new US bank accounts. That said, in March he stipulated at $15,000 per month in child support. He has since failed to make these payments. My job efforts are rigorous but I remain unemployed, though I may have contract work in Santa Barbara.

Both the Santa Barbara and our Ashbury San Francisco residence are in foreclosure. I ask the court to award me temporary, exclusive use, possession and control, so that I may occupy the San Francisco residence with our three elementary age boys and rent and use the Santa Barbara residence until foreclosure.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 8/25/14

Monette Stephens
        (TYPE OR PRINT NAME)

▶ *see attached*
        (SIGNATURE OF APPLICANT)



**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)

FL-300 [Rev. July 1, 2012]

**REQUEST FOR ORDER**

Page 4 of 4

Martin Dean's
ESSENTIAL FORMS™

Stephens

FL-300

PETITIONER/PLAINTIFF: Alexander "Carl" Wescott
RESPONDENT/DEFENDANT: Monette Stephens
_____ OTHER PARENT/PARTY:

CASE NUMBER:

9. ☐ I request that time for service of the *Request for Order* and accompanying papers be shortened so that these documents may be served no less than *(specify number)* _____ days before the time set for the hearing. I need to have this order shortening time because of the facts specified in item 10 or the attached declaration.

10. ☒ FACTS IN SUPPORT of orders requested and change of circumstances for any modification are *(specify)*:
   ☐ Contained in the attached declaration. ( *You may use Attached Declaration (form MC-031) for this purpose.*
   *The attached declaration must not exceed 10 pages in length unless permission to file a longer declaration has been obtained from the court.*)

   My declaration is brief because I lack the attorney fees for greater detail. Essentially, I was an investment banker and owned the Carol Avenue Santa Barbara property virtually free and clear before marriage to Petitioner. I also had considerable assets. Respondent, herein after "Carl" was raised in international prep schools and attended Stanford at the age of 16. He became an investment prodigy. When I married him, I was in my early 40s eager to have children. We married. I had three children between the age of 41 and 46. I left my career and trusted our finances to Carl.

   A few years ago, Carl's investor partners starting suing him for failure to materialize promises. The lawsuits were the first I knew of Carl's breaches of fiduciary duty. In an effort to avert the financial ruin, we filed bankruptcy. During that proceeding Carl told people he lived in Honduras and ceased involvement in the bankruptcy court. He travels extensively to Asia and Central America because he claims to be involved with buying and selling coffee. Yes, when I am able to collect more in fees, I will address the issues of hidden assets abroad and his breaches of fiduciary duty.

   Given our bankruptcy he cannot allegedly open new US bank accounts. That said, in March he stipulated to $15,000 per month in child support. He has since failed to make those payments. My job efforts are rigorous but I remain unemployed, though I may have contract work in Santa Barbara.

   Both the Santa Barbara and our Ashbury San Francisco residence are in foreclosure. I ask the court to award me temporary, exclusive use, possession and control, so that I may occupy the San Francisco residence with our three elementary age boys and rent and use the Santa Barbara residence until foreclosure.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

Monette Stephens _____                    ▶    _____                    5/__/__
(TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)

FL-300 [Rev. July 1, 2012]
ESSENTIAL FORMS™

**REQUEST FOR ORDER**

Page 4 of 4

Stephens

This is a fillable form which means that you may use your keyboard to complete the fields on this form. Use the TAB key to move between fields. What you type into this form cannot be saved, therefore, use the Print button at the bottom of the last page to make a copy for signing and/or saving. To assure your own privacy, click on the Clear Form button before leaving this screen to remove all data you entered onto the form.

## SFUFC Form 11.17

| ATTORNEY FOR PARTY WITHOUT ATTORNEY (Name and Address)  Telephone No.: | FOR COURT USE ONLY |
|---|---|
| CARL WESTCOTT            805 563 5 | Superior Court of California County of San Francisco |
| ATTORNEY FOR (Name): | JUN 02 2014 |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CLERK OF THE COURT |
| STREET ADDRESS:   400 Mc AllisTer | Damon Carter |
| MAILING ADDRESS:   SAN FRANCISCO, CA 94102 | Deputy Clerk |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | CASE NUMBER: |
| PLAINTIFF/PETITIONER:  Carl Westcott | '14 - 781666 |
| DEFENDANT/RESPONDENT:  Minnie Stephens  FDI | |

## NOTICE OF NATURE AND AVAILABILITY OF ALTERNATIVE DISPUTE RESOLUTION METHODS IN FAMILY LAW MATTERS

**A.    Superior Court and Family Law Department Policy Recommending Use of Alternative Dispute Resolution Methods in Family Law Matters**

The San Francisco Superior Court and its Family Law Department strongly recommend the use of alternative dispute resolution methods in family law matters. This Notice is intended to inform parties and counsel about the nature and availability of such methods.  All parties and all counsel in such matters must file and serve a signed copy of this Notice in the manner prescribed in Rule 11.17 of these Rules.

The term "alternative dispute resolution" (sometimes called "ADR") refers generally to methods of resolving disputes without going through formal adversarial court proceedings.  Although there are several methods of ADR, the two methods to which this Notice applies are mediation and collaborative law (also called collaborative divorce and collaborative practice).

Mediation and collaborative law can be used at any point in a family law proceeding to resolve disputes about property division, child support, spousal support, child custody, parenting plans, and many other family law issues.  Mediation and collaborative law can save time and money and can greatly increase parties' satisfaction with the outcome of their case.  Rule 11.17(A) of these Rules states the policy of the San Francisco Superior Court as follows:

"The Superior Court of the County of San Francisco and its Family Law Department strongly encourage the resolution of family law matters through the use of alternative dispute resolution procedures.  The Court and the Department recognize

| PLAINTIFF/PETITIONER:  CARL WESTOTT. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  monette Stephens | |

that formal adversarial litigation in family law is expensive, time-consuming, and often emotionally destructive for parties and their children. The Court and the Department further recognize that alternative dispute resolution procedures can help parties avoid these undesirable aspects of family law litigation. Accordingly, in an effort to reduce hostility between the parties, facilitate early resolution of issues, minimize expense, and maximize the opportunity for parties to reach mutually satisfactory agreements, the Court and the Department institute this Rule 11.17 supporting and promoting alternative dispute resolution procedures in family law cases."

The Superior Court strongly encourages the use of mediation and collaborative law in family law matters but does not favor any particular form of ADR. Other forms of ADR, including arbitration, court-supervised settlement conferences, and judicial case management are referenced in Rule 11 of these Rules. For purposes of mediation and collaborative law the Court does not endorse any particular attorney or group provider, nor does the Court guarantee the outcome or cost in any particular case.

B.    Description and Availability of Mediation and
      Collaborative Law in Family Law Matters

    1.    Mediation

Mediation is a voluntary process. In mediation a neutral attorney called a "mediator" meets with the parties together, or with the parties and their attorneys, to assist them in reaching an agreement. The mediator facilitates communication between the participants, clarifies issues, explores each party's needs and interests, and helps the participants consider options for settlement.

In mediation the parties may resolve a single issue or the entire case. The agreements reached in mediation are not limited by the results available under the law, so mediated solutions can more easily accommodate the circumstances of individual cases. An agreement reached in mediation is binding once it is signed and later it generally becomes a court order. A party cannot be forced to accept a decision in mediation, and participating in mediation does not affect a party's right to a court hearing. If an agreement is not reached a party may continue through the court system.

Mediation is private and confidential. The sessions are conducted in the mediator's office. Anything spoken or written during mediation by any of the participants is confidential and may not be disclosed to the Court or any other person without the consent of the participants.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

The Court encourages the use of mediation and collaborative practice to resolve child custody and parenting plan issues. However, where such issues are not resolved by mediation, collaborative practice, or other forms of alternative dispute resolution, before any such dispute is submitted to a judicial officer for determination, California law requires the disputing parties to conduct child custody mediation with the Office of Family Court Services of the Superior Court. This mediation is conducted under the supervision of the Court, is limited to child custody and parenting issues, and does not address property, support, or other financial questions.

The undersigned certifies that s/he has read this Notice In compliance with San Francisco County Local Rule 11.17.

Date: 5/18/2014                          Date:

_____        _____
Signature of Petitioner                 Signature of Respondent

Attorney Certification of compliance with San Francisco County Local Rule 11.17:

Date:                                    Date:

_____        _____
Signature of Attorney for Petitioner     Signature of Attorney for Respondent

```
  Print Form                Clear Form
```

| PLAINTIFF/PETITIONER: _CARL WESCott_ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: _Monette Stephens_ | |

There are several ways to find out more about mediation, including costs, and to locate a mediator. The San Francisco Superior Court maintains a list of court-approved mediators, including family law mediators, on the Court Website at www.sfgov.org/courts. The Superior Court information telephone number is 415-551-4000. The Bar Association of San Francisco also maintains a list of mediators, including family law mediators, on its Website at www.sfbar.org. The Bar Association information telephone number is 415-982-1600.

### 2.    Collaborative Practice

In collaborative practice each party has a private lawyer. Both parties and both lawyers make a formal commitment not to initiate or engage in any type of litigation or adversarial proceedings. There is no neutral mediator. The parties and lawyers hold a series of four-way meetings designed to develop information and to find solutions to the problems presented in each individual case. The lawyers in collaborative practice, who are referred to as "collaborative counsel", work together with the parties to enhance communication between the parties, clarify issues, identify the parties' needs, goals, and interests, and develop options for resolution of issues. Often, collaborative counsel help the parties assemble a team of professionals specially suited to address the parties' unique issues. The team may include mental health professionals who serve as divorce "coaches" for the parties, child specialists, financial specialists and vocational experts. Problem-solving in a collaborative divorce is not limited to the results available under the law, so that collaborative divorce offers a broader and more flexible approach to dispute resolution than traditional litigation can provide.

An agreement reached in collaborative practice is binding once it is signed and later it generally becomes a court order. Also collaborative practice, like mediation, is private and confidential. The parties agree at the outset that all spoken and written communication is confidential and cannot be disclosed to the court or any other person unless the participants consent.

To find more information and to locate attorneys and other professionals who are trained in the collaborative process and maintain collaborative practices, parties can consult the Website for Collaborative Practice San Francisco at www.collaborativepracticesanfrancisco.com.

### C.    Mediation and Collaborative Practice Inapplicable In Certain Situations

Mediation and collaborative practice are most useful when parties are able to communicate and solve problems without fear or intimidation. For this reason these methods may not be appropriate when parties have a history of domestic violence.

# EXHIBIT 13

12/19 @ 403
MC-050

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Terry A. Szucsko    (Bar # 258096)
Lvovich, Volchegursky & Szucsko, P.C.
260 California Street, Suite 1001
San Francisco, CA 94111
TELEPHONE NO.: (415) 392-2560    FAX NO. *(Optional):* (415) 391-4060
E-MAIL ADDRESS *(Optional):* terry@lvslawgroup.com
ATTORNEY FOR *(Name):* Monette R. Stephens, Respondent

FOR COURT USE ONLY

215  c

**F I L E D**
San Francisco County Superior Court

DEC 1 2 2014

CLERK OF THE COURT
By: _____ Annie Ivy _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco  94102
BRANCH NAME: Unified Family Court

CASE NAME:
Carl A. Wescott v. Monette R. Stephens

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

CASE NUMBER:
FDI-14-781666

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):*    Monette Stephens    makes the following substitution:
1. Former legal representative    ☐ Party represented self    ☒ Attorney *(name):* Michelle L. Harris
2. New legal representative    ☐ Party is representing self*    ☒ Attorney
   a. Name: Terry A. Szucsko    b. State Bar No. *(if applicable):* 258096
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* Lvovich, Volchegursky & Szucsko, P.C.
      260 California Street, Suite 1001
      San Francisco, CA  94111
   d. Telephone No. *(include area code):* (415) 392-2560
3. The party making this substitution is a    ☐ plaintiff    ☐ defendant    ☐ petitioner    ☒ respondent    ☐ other *(specify):*

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

| • Guardian | • Personal Representative | • Guardian ad litem |
| • Conservator | • Probate fiduciary | • Unincorporated |
| • Trustee | • Corporation | association |

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date:
   _____ Monette R. Stephens _____    ▶    *See Fax Signature*
   (TYPE OR PRINT NAME)    (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date:
   _____ Michelle L. Harris _____    ▶    *See Fax Signature*
   (TYPE OR PRINT NAME)    (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 12/12/14
   _____ Terry A. Szucsko _____    ▶
   (TYPE OR PRINT NAME)    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

Lvovich, Volchegursky & Szucsko, P.C.
260 California Street, Suite 1001
San Francisco, CA 94111
TELEPHONE NO: (415) 392-2560    FAX NO: (415) 391-4060
E-MAIL ADDRESS: terry@lvslawgroup.com
ATTORNEY FOR (name): Monette R. Stephens, Respondent

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | |
| STREET ADDRESS: 400 McAllister Street | |
| MAILING ADDRESS: 400 McAllister Street | |
| CITY AND ZIP CODE: San Francisco 94102 | |
| BRANCH NAME: Unified Family Court | |

CASE NAME:
Carl A. Wescott v. Monette R. Stephens

| | |
|---|---|
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | FDI-14-781660 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):*  Monette Stephens  makes the following substitution

1. Former legal representative ☐ Party represented self ☒ Attorney *(name):* Michelle L. Harris
2. New legal representative ☐ Party is representing self ☒ Attorney
   a. Name: Terry A. Szucsko
   b. State Bar No. *(if applicable):* 258096
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):* Lvovich, Volchegursky & Szucsko, P.C.
      260 California Street, Suite 1001
      San Francisco, CA 94111

   d. Telephone No. *(include area code):* (415) 392-2560
3. The party making this substitution is a ☐ plaintiff ☐ defendant ☐ petitioner ☒ respondent ☐ other *(specify):*

**NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- • Guardian
- • Conservator
- • Trustee
- • Personal Representative
- • Probate fiduciary
- • Corporation
- • Guardian ad litem
- • Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: 12/18/14
   Monette R. Stephens
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: 12/11/14
   Michelle L. Harris
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date:
   Terry A. Szucsko
   (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*    Page 1 of 2

**SUBSTITUTION OF ATTORNEY—CIVIL**

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Carl A. Wescott v. Monette R. Stephens | FDI-14-781666 |

**PROOF OF SERVICE BY MAIL**
**Substitution of Attorney—Civil**

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An* <u>unsigned</u> *copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause. I** am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):* 260 California Street, Suite 1001
San Francisco, CA 94111

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

(1) Date of mailing: December 12, 2014      (2) Place of mailing *(city and state):* San Francisco, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 12, 2014

Tianna Olayon
(TYPE OR PRINT NAME)                                    (SIGNATURE)

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED**

4. a. Name of person served:  Carl A. Wescott
b. Address *(number, street, city, and ZIP):* P.O. Box 191273
San Francisco, CA 94119

c. Name of person served:
d. Address *(number, street, city, and ZIP):*

e. Name of person served:
f. Address *(number, street, city, and ZIP):*

g. Name of person served:
h. Address *(number, street, city, and ZIP):*

i. Name of person served:
j. Address *(number, street, city, and ZIP):*

☐   List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2009]                     **SUBSTITUTION OF ATTORNEY—CIVIL**                     Page 2 of 2
**(Without Court Order)**

*LexisNexis® Automated California Judicial Council Forms*