1  Timothy J. Halloran – 104498
        THalloran@mpbf.com
2  Arthur J. Harris – 246986
        AHarris@mpbf.com
3  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
4  San Francisco, CA  94108-5530
   Telephone:     (415) 788-1900
5  Facsimile:     (415) 393-8087

6  Attorneys for Defendant
   MICHELLE L. HARRIS

7

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  CARL ALEXANDER WESCOTT,              Case No.: 3:17-CV-05837-WHO
                                         **MEMORANDUM OF POINTS AND**
14              Plaintiff,               **AUTHORITIES IN SUPPORT OF**
                                         **DEFENDANT MICHELLE HARRIS'**
15         v.                            **MOTION TO STRIKE PLAINTIFF'S**
                                         **SUR-REPLY PURSUANT TO FRCP**
16  MONETTE STEPHENS and MICHELLE        **RULE 12(F).**
    HARRIS,
17                                       Date: April 4, 2018
              Defendants.               Time: 2:00 p.m.
18                                       Courtroom: 2, 17th Floor
                                         Judge: William H. Orrick
19

20

21              I.    __INTRODUCTION__

22         Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(f), Defendant Michelle Harris

23  ("Harris") submits this Motion to Strike Plaintiff Carl Wescott's ("Wescott") "Motion for Leave to File

24  Sur-Reply (to Reply to Response to Defendant's Motion to Dismiss)" (hereinafter "Sur-Reply"), which

25  is an improper attempt by Wescott to submit additional, unrequested briefing in opposition to Harris'

26  Motion to Dismiss and Motion to Special Motion to Strike ("Harris' Motion").  This is only the most

27  recent example of Wescott's obsessive tendency to bury courts with frivolous filings in his pursuit to

28  harass his ex-wife (Defendant Monette Stephens) and her divorce attorney (Harris).  This filing does not

1   materially respond to Harris' arguments in favor of dismissal.

2       Accordingly, for the reasons set forth below, this Court should neither consider nor accept for

3   filing Wescott's Sur-Reply.  Further, Harris respectfully requests this Court order Wescott not to submit

4   any additional papers related to Harris's Motion unless first requested by the Court.

5                           II.    **PROCEDURAL HISTORY**

6       On January 31, 2018, Harris moved to dismiss Wescott's Complaint under FRCP Rule 12(b)(6)

7   and moved to have the Complaint stricken under California's anti-SLAPP statute Cal. Civ. Code

8   §425.16.  Wescott submitted an opposition to the Harris' Motion on February 16, 2018.  Harris filed her

9   reply on February 21, 2018, thereby concluding briefing on the motion.  The motion is currently set to

10  be heard on April 4, 2018.

11      On March 7, 2018, without asking for the Court's permission or expressly being requested by the

12  Court for additional briefing in conjunction with Harris' Motion, Wescott submitted an eight (8) page

13  brief titled a sur-reply, which reasserts legal arguments made in the Complaint and in the Opposition to

14  Harris' Motion.  In a three sentence preamble to the Sur-Reply, Wescott requests the Court grant him

15  leave to file the Sur-Reply because he alleges Harris introduced a new argument on page fourteen (14)

16  of Harris' reply brief, and because he alleges Harris raised matters outside of the pleadings.  No new

17  arguments were raised for the first time in the Harris' reply brief that were not first argued in the moving

18  papers in support of Harris' Motion.

19                          III.    **ARGUMENT**

20  **A.    Wescott's Sur-Reply is Procedurally and Substantively Improper**

21      Under Local Rule 7-3(d), "[o]nce a reply is filed, no additional memoranda, papers or letters may

22  be filed without prior Court approval."  An exception to this rule is available if new evidence has been

23  submitted in the reply in which case, the party may file and serve an "Objection to Reply Evidence,

24  which may not exceed 5 pages in text, stating its objections to the new evidence, <u>which may not include

25  further argument</u> on the motion."  (Emphasis added.)  (*See* Local Rule 7-3.)  If an objection to reply

26  evidence is filed, it must be filed and served not more than seven (7) days after the reply was filed.  (*Id.*)

27      This very limited exception notwithstanding, sur-replies are disfavored in federal courts and

28  should be viewed as the exception and not the rule. (*United States v. Int'l Bus. Machines Corp.*, 66 F.R.D.

383, 384 (S.D.N.Y. 1975)).  This is so because "nothing but delay, unnecessary work, and unwarranted expense can result from the routine filing of reply, and inevitably, surreply papers which do nothing more than restate in a different form or with additional detail material [already] set forth."  (*Id.*)  The standard for granting a leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.  (*Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)).  Leave to file a sur-reply should only be given when a party demonstrates to the court that it seeks to reply to new issues raised which are material to the disposition of the question before the court. (*United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. at 384). Sur-reply papers should be viewed as the exception and not the rule.  (*Id.*)

Procedurally, the party seeking to submit sur-reply papers should submit an informal request in writing to the judge's chambers setting forth the basis for the request, identifying the new issue to which it seeks to reply and specifying the basis for its belief that the issue is a material one.  (*Id.*)  The proposed sur-reply should never be filed contemporaneously with the request for leave to submit them because it "would enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance." (*In re WorldCom, Inc.*, No. 02-13533 (AJG), 2007 WL 1989262, at *5 (Bankr. S.D.N.Y. July 9, 2007)).

Here, as an initial matter, no new "evidence" was submitted by Harris in conjunction with her reply brief.  Thus, Wescott has no grounds under Local Rule 7-3(d)(1) to submit additional briefing on Harris' Motion.  Wescott's Sur-Reply is an obvious attempt to restate arguments made in the Complaint and Opposition.  Regardless, Wescott's sur-reply fails to comply with any of the requirements set forth under Local Rule 7-3.  Specifically, Wescott did not file an objection to reply evidence, but instead a "Motion for Leave to File Sur-Reply (to Reply to Response to Defendant's Motion to Dismiss)."  Further, the only evidentiary objections in the Sur-Reply were in the last sentence of the three sentence preamble, in which Wescott objects that "Defendant continues to raise matters outside of the pleadings." (Sur-Reply at page 1.)  This vague objection is entirely unsupported.  Additionally, Wescott could not even manage to keep this Sur-Reply within the allowable 5 page limit nor file and serve it within the statutory 7-day window; Wescott's Sur-Reply is 3 pages too long and was filed and served 7 days <u>later</u> than is permissible pursuit to Local Rule 7-3.  Because Wescott's Sur-Reply failed to comply with Local Rule

1    7-3, it should be stricken pursuant to FRCP Rule 12(f).

2        Moreover, even if Wescott had sought leave to file a sur-reply in compliance with Local Rule 7-
3    3(d), the additional briefing would still be improper under these circumstances.  In particular, granting
4    Wescott leave to file a sur-reply would do nothing but create unnecessary delay and unwarranted
5    expense. Wescott's Sur-Reply has merely restated his arguments from the Complaint and his Opposition
6    to Harris' Motion.  In the preamble to the Sur-Reply brief, Wescott fabricated an argument that was not
7    made in Harris' reply brief to argue a new issue was raised when he stated "In support of his Motion, the
8    Plaintiff states that the Defendant has introduced a new argument at p. 14 to the effect that the Defendant
9    must be directly employed by a consumer credit company in order to be liable under the Fair Debt
10   Collection Practices Act." (Sur-Reply at 1.)  No such argument was raised in Harris' reply brief.  Even
11   if the reply contained a new argument, Wescott did nothing in the Sur-Reply to demonstrate that the
12   issue was material to the disposition of a question before the Court.

13       As with Local Rule 7-3(d), Wescott ignored the procedural requirements of submitting a sur-
14   reply.  He did not submit an informal request identifying a new, material issue. (*United States v. Int'l
15   Bus. Machines Corp*., 66 F.R.D. at 384).  Wescott also improperly filed the motion for leave
16   contemporaneously with his sur-reply brief. (See *In re WorldCom, Inc*., No. 02-13533 (AJG), 2007 WL
17   1989262, at *5 (Bankr. S.D.N.Y. July 9, 2007).) This is clearly in bad faith, as Wescott is desperate to
18   place papers before the Court regardless of whether or not the Court grants leave. Thus, even had Wescott
19   complied with Local Rule 7-3, granting his motion for leave to file a sur-reply would be inappropriate
20   as he failed to specify new material arguments and failed to adhere to the procedural requirements by
21   improperly submitting his sur-reply with the motion. (See *United States v. Int'l Bus. Machines Corp*., 66
22   F.R.D. at 384).  Accordingly, Wescott's Sur-Reply should be stricken pursuant to FRCP Rule 12(f) the
23   Court should not consider the arguments repeated therein.

24       In addition to striking Wescott's Sur-Reply, the Court should order that Wescott cannot submit
25   any additional papers related to Harris's Motion.  Wescott has demonstrated repeatedly that he has no
26   regard for the integrity of the courts or their procedural boundaries.  Wescott was declared a vexatious
27   litigant in California Superior Court less than a year ago for manically filing frivolous motions and
28   lawsuits towards no other end than harassing his ex-wife.  The Complaint subject to Harris' Motion was

nothing more than an attempt to circumvent the pre-filing requirements imposed on vexatious litigants by the California Courts.  Here, Wescott's Sur-Reply is further proof that he equally has no respect for the rules, time, and resources of Federal Courts.  Because Wescott will undoubtedly continue to file improper motions, this Court should order he not submit additional papers related to Harris' Motion unless expressly requested to do so by this Court.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Court should strike Wescott's Sur-Reply and should decline to consider the arguments improperly submitted therein.  Further, Harris respectfully requests the Court order Wescott not to submit any additional papers related to Harris's Motion.

Dated: March 20, 2018

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
   Arthur J. Harris
   Attorneys for Defendant
   MICHELLE L. HARRIS

KXW.Document in ProLaw

1

**CERTIFICATE OF SERVICE**

2

I, Maria Diazgranados, declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San

5

Francisco, California  94108.

6

On March 20, 2018, I served the following document(s) on the parties in the within action:

7

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
MICHELLE HARRIS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY PURSUANT TO
FRCP RULE 12(F).**

9

10

**DEFENDANT MICHELLE HARRIS'S NOTICE OF MOTION AND MOTION TO STRIKE
SUR-REPLY PURSUANT TO FRCP 12(F) AND REQUESTED ORDER THAT PLAINTIFF
NOT FILE ADDITIONAL PAPERS**

11

12

**[PROPOSED] ORDER GRANTING DEFENDANT MICHELLE HARRIS'S MOTION TO
STRIKE PLAINTIFF'S SUR-REPLY AND REQUESTED ORDER PROHIBITING
PLAINTIFF FROM FIILING ADDITIONAL PAPERS.**

13

14

15

16

| x | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as listed below. |
|---|---|

17

18

19

Carl Alexander Wescott                                    Attorney For Plaintiff in Propria Persona
P.O. Box 190875

20

San Francisco, CA
E-mail:  c@carlawescott.com

21

Phone:  (415) 335-5000

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is

23

a true and correct statement and that this Certificate was executed on March 20, 2018.

24

25

By: _____
Maria Diazgranados

26

27

28