Timothy J. Halloran – 104498
    THalloran@mpbf.com
Arthur J. Harris – 246986
    AHarris@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Telephone:    (415) 788-1900
Facsimile:     (415) 393-8087

Attorneys for Defendant
MICHELLE L. HARRIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>           Plaintiff,<br><br>     v.<br><br>MONETTE STEPHENS and MICHELLE HARRIS,<br><br>           Defendants. | Case No.: 3:17-CV-05837-WHO<br><br>**DEFENDANT MICHELLE HARRIS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:       April 4, 2018<br>Time:       3:00 p.m.<br>Location:  Courtroom 2, 17th Floor<br>Judge:     Judge William H. Orrick |

### I.     SEPARATE CASE MANAGEMENT STATEMENTS

Although the Standing Order called for a joint Case Management Statement, the parties in this action are permitted to file separate Case Management Statements because PLAINTIFF CARL ALEXANDER WESCOTT ("Plaintiff") is in *propria persona* in this action.  (*See* Civ. L.R. 16-9(a) ["If one or more of the parties is not represented by counsel, the parties may file separate case management statements"].)

### II.     JURISDICTION AND SERVICE

Plaintiff brought suit against DEFENDANT MICHELLE HARRIS ("Harris") in District Court in the Northern District of California.  Plaintiff alleges the Court has subject matter jurisdiction over the Plaintiff's Complaint because it raises a federal question.

At this time, there are no issues regarding personal jurisdiction or venue.

### III.    FACTS

Plaintiff was previously married to DEFENDANT MONETTE STEPHENS ("Stephens") in 2014. On February 14, 2014, Stephens filed a request for a restraining order against Plaintiff in the action entitled *Monette Rosemarie Stephens v. Alexander Wescott*, San Francisco County Superior Court Case no. FDV-14-810782 ("Underlying Action").

On or about February 27, 2014, Stephens retained Harris to represent her in the Underlying Action. That same day, Harris contacted Plaintiff for the first time and informed him that Stephens had retained her to negotiate a written agreement with Plaintiff to resolve the dispute.

Between February 27, 2014, and March 13, 2014, the parties engaged in an arm's length negotiation over the terms of a written agreement. On March 5, 2014, Harris filed s Substitution of Counsel form in the Underlying Action. The form stated that Harris was substituting in as Stephen's attorney only. A copy of the Substitution of Counsel form was served on Plaintiff no later than March 12, 2014.

On March 13, 2014, Stephens and Plaintiff signed the Stipulation and order Thereon Re: Custody, Support, and Housing ("Stipulation"). Harris signed the Stipulation approved as to form only as the attorney for Stephens. In the Stipulation, Plaintiff agreed to pay for all of Stephen's legal fees. As a result, Harris invoiced Plaintiff directly for the attorney's fees and costs for the work Harris performed as Stephen's counsel.

On June 2, 2014, Plaintiff filed a Petition for Dissolution in the action entitled *Alexander Wescott v. Monette Rosemarie Stephens,* San Francisco County Superior Court Case No. FDI-14-781666 ("Dissolution Action"). Plaintiff field the pleading in *pro per* and the petition alleged that the dissolution was based on irreconcilable difficulties.

No later than August 25, 2014, Harris undertook efforts to enforce the terms of the Stipulation. In an effort to enforce the provisions of the Stipulation, Harris sought and obtained an order to have Plaintiff removed a San Francisco Property. Plaintiff alleges that when he left the San Francisco property on or about September 1, 2014, he left most of his possessions at the house.

On December 12, 2014, Harris filed a Substitution of Counsel form in the dissolution action

- 2 -

1  substituting out of the case as Stephen's counsel.  Harris was replaced by Terry A. Szucsko.  Harris'
2  substitution concluded her attorney-client relationship with Stephens.

3  On May 13, 2015, Stephens was granted a permanent restraining order against Plaintiff with a
4  duration of five years, expiring May 13, 2020.

5  In October 2016, a bench trial was held in the Dissolution Action.  The trial judge awarded
6  Stephens sole legal and physical custody of the children, and sole use, possession, and ownership of the
7  San Francisco property.  Due to the litigation tactics of the Plaintiff, the court held that Stephens did not
8  need to personally appear to respond to any future filings unless specifically instructed to do so by the
9  Court.

10  On November 4, 2016, Stephens filed a request for order declaring Plaintiff a vexatious litigant
11  in the San Francisco County Superior Court.  The order was granted on May 1, 2017.  The court found
12  that Plaintiff filed numerous unmeritorious motions and requests for contempt against Stephens.
13  Plaintiff also filed numerous unmeritorious lawsuits in federal court, other state courts, and foreign
14  jurisdictions against Stephens.  The court found that Plaintiff used frivolous litigation tactics including
15  being untruthful with the court, forging documents, and back-dating documents.  The court prohibited
16  Plaintiff from filing any new litigation in *propria persona* in the courts of California without pre-
17  approval.

### IV.   **LEGAL ISSUES**

19  Plaintiff filed this Complaint on October 11, 2017.  Plaintiff alleges that Harris represented him
20  in the Underlying Action and negotiating the terms of the Stipulation.  He also alleges that Harris'
21  representation of him was below the standard of care.  Plaintiff also alleges that Harris deceived Plaintiff
22  about his monetary obligations arising out of the Stipulation. Plaintiff claims he only became aware that
23  he was not represented by Defendant when the Stipulation was breached in August 2014.

24  Plaintiff alleges that Harris' representation of Stephen's in the Dissolution Action and her efforts
25  to enforce the terms of the Stipulation including seeking to collect damage obligations, were debt
26  collection actions.  Likewise, Plaintiff alleges that by directly invoicing him $7,000.00 for legal services
27  owed to herself, Harris engaged in debt collecting, which were in violation of the FDCPA.

28  Harris contends that no attorney-client relationship ever existed between herself and Plaintiff.

Harris also contends that Plaintiff's claims arise out of Harris' representation of Stephens in the Underlying Action and are, therefore, immune from suit under the *Noerr-Pennington* Doctrine and California's litigation privilege. Harris contends that Plaintiff's complaint is an attempt to chill Harris and Stephens' constitutional right to petition courts for redress of grievances in violation of California's anti-SLAPP statute. Further, Harris contends that Plaintiff's claims of legal malpractice, breach of contract, and fraud are time-barred under the applicable limitations periods.

Harris contends that she was neither a debt collector nor collected any debts from Plaintiff as they are defined under the FDCPA.

The parties are in dispute as to whether the Harris was ever in a fiduciary relationship with Plaintiff, whether Harris was negligent, and/or whether Plaintiff suffered any damages.

## V.     MOTIONS

Plaintiff filed a motion for leave to proceed in *forma pauperis* on October 10, 2017. The motion was granted on October 12, 2017.

Plaintiff filed a motion for entry of defaults on December 11, 2017, which was denied on December 12, 2017.

Harris filed a motion to extend time to respond to the complaint pursuant to Fed. R. Civ. P. 6(b) on January 2, 2018. The motion was granted on January 8, 2018.

On January 31, 2018, Harris filed a motion to dismiss the complaint pursuant to F. R. Civ. P. 12(b)(6) and a special motion to strike the complaint pursuant to Cal. Code. Civ. P. 425.16. The motion is set to be heard on April 4, 2018.

On March 21, 2018, Harris filed a motion to strike a surreply improperly submitted by Plaintiff pursuant to Fed. R. Civ. P. 12(f). The motion remains pending.

Harris anticipates filing a motion for sanctions pursuant to Fed. R. Civ. P. 11(b). Harris also anticipates filing a motion for attorney's fees and costs pursuant to Cal. Code. Civ. P. 425.16 as the prevailing party on an anti-SLAPP motion.

## VI.     AMENDMENT OF PLEADINGS

The pleadings may be amended by the parties' written consent or with the Court's leave at any time prior to trial pursuant to Fed. R. Civ. P. 15(a)(2).

## VII. EVIDENCE PRESERVATION

Harris has preserved records from her representation of Stephens in the Underlying Action and the Dissolution Action.

## VIII. DISCLOSURES

The parties have yet to exchange Fed. R. Civ. P. 26 initial disclosures. Harris and Plaintiff met and conferred on March 8, 2018, regarding alternative dispute resolution ("ADR"), discovery, and initial disclosures. Harris and Plaintiff agreed hold-off on selecting a form of ADR, conducting any discovery and/or exchanging initial disclosures until after the Court's ruling on Harris' Motion to Dismiss/Anti-SLAPP. The motion is set to be heard on April 4, 2018. If the motion is granted, then the initial disclosures and ADR will likely prove unnecessary.

## IX. DISCOVERY

For the reasons set forth above, no written discovery has been exchanged thus far.

It is anticipated that the parties intend to conduct the following discovery:

**A.  Depositions**

Plaintiff likely intends to take the depositions of at least Harris and Stephens.

Harris intends to take the depositions of Plaintiff, Stephens, and likely any other witnesses identified by Plaintiff in his initial disclosure. At this time, Harris does not anticipate modification to the usual discovery limitations set forth in the Federal Rule of Civil Procedure and Civil Local Rules, including the 10-deposition limit under Rule 30.

**B.  Written Discovery**

Harris intends to conduct written discovery concerning the facts and allegations that support the legal malpractice, breach of contract, FDCPA, fraud, and conversion claims. To that end, Harris anticipates propounding interrogatories, requests for admission, and requests for production of documents. It may be necessary to conduct additional written discovery, which cannot be anticipated at this time. At this time, Harris does not anticipate modification to the usual discovery limitations set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33.

**C.     Medical Examination:**

Not likely applicable.

**D.     Expert Discovery:**

The parties intend to take the depositions of expert witnesses at the appropriate time.

## X.     CLASS ACTIONS

This case is not a class action.

## XI.     RELATED CASES

There are no related cases pending before another judge of this court, or before another court or administrative body.

## XII.     RELIEF

Harris seeks dismissal and an award of fees and costs. If liability is found, Harris contends that damages be determined according to proof.

## XIII.     SETTLEMENT AND ADR

As discussed *supra*, the parties participated in an ADR phone conference, but agreed to hold-off on selecting a form of ADR until after the April 4, 2018, hearing on Harris' Motion to Dismiss/Anti-SLAPP.

## XIV.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Harris does not consent to having a Magistrate Judge conducting further proceedings.

## XV.     OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a Special master, or the Judicial Panel of Multi-District Litigation.

## XVI.     NARROWING OF ISSUES

No agreements were reached regarding the legal or factual issues, or the issue of bifurcation.

## XVII.     EXPEDITED SCHEDULE

This case is not suitable for handling on an expedited basis or with streamline procedures given the fact that one of the named defendants still has not made an appearance in the action, and the likely discovery issues that will need to be resolved before Harris can produce documents or respond to written discovery. Harris maintains that she was only counsel for Stephens in the Underlying and Dissolution

1  Actions.  As such, Harris has a legal and ethical duty to maintain the attorney-client privilege and work
2  product privilege of her communications with Stephens.  Accordingly, Harris' ability to defend this
3  action and/or participate in the discovery process will be significantly hampered.

### XVIII. SCEDULING

Harris requests the following schedule be ordered:

- Fact Discovery Cut-Off:  September 21, 2018
- Expert Witness Disclosure:  October 12, 2018
- Rebuttal Expert Disclosure: October 26, 2018
- Expert Discovery Cut-off: November 30, 2018
- Dispositive Motion Filing Deadline:  January 25, 2019
- Dispositive Motion Hearing: March 1, 2019
- Pretrial Conference:  May 3, 2019
- Trial: June 7, 2019

### XIX.   TRIAL

Harris requests a bench trial.  Harris anticipates trail lasting approximately 3-5 court days.

### XX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Harris has no interested entities or persons to disclose pursuant to civil Local Rules 3-16.

### XXI.   PROFESSIONAL CONDUCT

Attorneys for Harris have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXII.  OTHER MATTERS

As discussed *supra*, On May 1, 2017, the San Francisco Superior Court found Plaintiff to be a vexatious litigant.  The superior court found that Plaintiff used frivolous litigation tactics including being untruthful with the Court, forging documents, and back-dating documents.  The superior court prohibited Plaintiff from filing any new litigation in *propria persona* in the courts of California without pre-approval.  Harris requests that this Court set explicit briefing schedules for all motions and order Plaintiff not submit briefing to the Court that is not in direct compliance with the briefing schedule.  Plaintiff has shown a clear pattern and practice of skirting the rules of the courts and a lack of respect for the time

and resources of the courts and opposing parties. Plaintiff will undoubtedly continue his improper litigation tactics absent a Court order precluding him from filing frivolous motions and pleadings.

Dated: March 23, 2018

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
Arthur J. Harris
Attorneys for Defendant
MICHELLE L. HARRIS

KXW.3233269.docx

# CERTIFICATE OF SERVICE

I, Maria Diazgranados, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108.

On March 23, 2018, I served the following document(s) on the parties in the within action:

**DEFENDANT MICHELLE HARRIS' CASE MANAGEMENT CONFERENCE STATEMENT**

| xx | **VIA MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as listed below. |
|---|---|

Carl Alexander Wescott                                         Attorney For Plaintiff in Propria Persona
P.O. Box 190875
San Francisco, CA
E-mail: c@carlawescott.com
Phone: (415) 335-5000

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on March 23, 2018.

By ___*Maria Diazgranados*___
Maria Diazgranados