FILED

MAR 27 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

| | | |
|---|---|---|
| Carl A. Wescott, | ) | Case Number CV 17 5837 WHO |
| Plaintiff | ) | |
| ----------- versus ----------- | ) | **PLAINTIFF'S CASE MANAGEMENT** |
| Monette Stephens and | ) | **STATEMENT** |
| Michelle Harris, esquire | ) | Case Management Conference: **4/4/2018, 2 pm** |
| Defendants | ) | Courtroom 2, 17th floor, 450 Golden Gate Avenue |

Pursuant to standing Order of this Court Plaintiff Carl A. Wescott, proceeding *pro se*, makes the following initial Case Management Statement:

1. Basis of Jurisdiction

2. Jurisdiction is proper in this Court under 28 USC 1331 because this case arises under the Federal Debt Collection Practices Act 15 USC 1692e and the Financial Institutions Reform Recovery and Enforcement Act 12 USC 1833 et seq. ("FIRREA").

3. Service of Complaint

Defendants Harris has been served. Defendant Stephens has not been served. The US Marshalls note that she has been evading service.

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

4. Facts

This case is about acts of fiduciary breach and fraud committed by an attorney in concert with her client against a third party who reasonably believed he was also the attorney's client. The Plaintiff and his then wife (now ex-wife) had agreed to hire one attorney for the purpose of negotiating/mediating an amicable divorce settlement. The attorney defendant, as agent for the ex-wife defendant, led the Plaintiff to believe she was representing his interest by repeatedly offering him legal advice and billing him directly for her services. The attorney lied outrageously and repeatedly about the Plaintiff's financial obligations, advising him, for example, that on a $5,000 per year annual income he would have to pay his wife a support "minimum" of $15,000 per month plus directly pay all her fees. The Plaintiff scrambled to borrow from friends to meet this fictive obligation. The Plaintiff was placed at a tremendous disadvantage by accepting the "advice" of an adversary posing as an advisor. The attorney defendant, who routinely collects consumer debt in the course of her matrimonial practice, committed a series of misrepresentations in collecting the massive consumer debts owed by the marital estate to the advantage of her real client and present co-defendant. Defendant Harris evicted him from the multiple residences Plaintiff owned with his ex-wife on September 1st, 2014. The two Defendants kept all of Plaintiff's possessions, including the computing equipment that would have allowed him to work and earn income. On October 13th, 2016 Ms. Stephens declared under penalty of perjury that she did indeed have said computing equipment and had given it all to Defendant Harris. That equipment was essentially stolen by the Defendants (the civil legal term is "converted", whereas the criminal legal

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

terms are "larceny" and "grand theft"). The ex-wife committed a related complex mortgage fraud and retaliated against the Plaintiff for opposing the fraud. As a result, the Plaintiff emerged from his bankruptcy with his financial resources depleted, his professional network disrupted, his office equipment converted, and owing millions of dollars in "support" while evicted from multiple household residences and actually living on the street. The Plaintiff, who used to have significant assets, is still homeless due to the acts of the co-Defendants, and is currently surviving with CalFresh (aka food stamps).

5. Legal Issues

The Plaintiff has alleged civil fraud, consumer fraud, mortgage fraud, legal malpractice, breach of contract, and violations of FIRREA and the Fair Debt Collection Practices Act. The Plaintiff has pled breach of fiduciary duty on the part of his ex-wife defendant and may amend to add a count for same. The Plaintiff has pled conversion on the part of both co-Defendants and may amend to add a count for same.

The parties have sparred to date over two legal issues: whether what is essentially a claim for legal malpractice may be neutralized by the litigation privilege or petitioning privilege and whether a non-lawyer may be expected to uncover and correct an intricate web of lies about the law, told by an expert professional, less than one year from being consigned to the street because of the machinations of that professional. The Plaintiff contends that there is no litigation or petitioning privilege to commit legal malpractice, lies, and acts of fraud, and that Business & Professionals 6068 sets an expectation that lawyers will not engage in outright deceit making his reliance on the lawyer defendant reasonable and the discovery of her lies burdensome and difficult for a non-lawyer. The Defendants also appear to argue that only a direct employee of a consumer creditor may

PLAINTIFF'S CASE MANAGEMENT STATEMENT

be sued under the Fair Debt Collection Practices Act an argument that is, to be candid, somewhat obscure to the Plaintiff. The Act essentially states the opposite.

6. Motions

The Defendants have filed a Motion to dismiss based on the issues outlined in (5). If that Motion is resolved in Plaintiff's favor, he plans to file a Motion For Partial Summary Judgment on the issue of the standard of care. The Plaintiff also plans to amend to add counts for breach of fiduciary duty on the part of his (then) wife and inducing fiduciary breach on the part of the attorney defendant. The Plaintiff also plans to amend to add the specific count for conversion of his laptops and computing equipment, which has had a very significant impact as the Plaintiff is on the hook for approximately $55,000 per month in support to the very person who originally stole his computing equipment (as she admitted under oath, before giving it to her co-defendant to keep Plaintiff from getting his equipment) and did everything she could to prevent him from earning an income.

7. Amendments

As stated above, the Plaintiff plans to amend to add counts for breach of fiduciary duty on the part of his (then) wife and inducing fiduciary breach on the part of the attorney defendant. The Plaintiff also plans to add at least one count for the conversation and related issues (he is currently researching and trying to understand the law on these issues).

8. <u>Preservation of Evidence</u>

The submitting party, Carl A. Wescott, *pro se*, has reviewed the Guidelines for the Discovery of Electronically Stored Evidence and agrees to abide by same. Ironically, the Defendants have in their possession all of his digital files through September 1st, 2014.

9. <u>Initial Disclosures</u>

The Parties have not yet exchanged 26.1 initial disclosures.

10. <u>Discovery</u>

A. <u>Witnesses</u>

(a) Carl Wescott, the Plaintiff is expected to testify as to the relevant communications with the defendants; his desperate efforts to raise funds for the purpose of complying with the "minimum" legal obligations presented by Defendant Harris; the disruption to his business and his earning prospects as a result of the loss of his residences and his laptops; his reliance both on Defendant Stephens' representations and the representations of Defendant-Harris concerning Plaintiff's legal obligations; the extent of the parties' consumer debts and their overall financial situation; his then-wife's earning capacity which at that point in time dramatically exceeded his own; and the painful process of uncovering Defendant-Harris's myriad lies about the law.

(b) Michelle Harris is expected to testify about her retention by the parties; her communications and representations to the Plaintiff; the payments she received from Plaintiff; her awareness and intentionality in securing the collection of consumer debts; her omissions of critical disclosures; her wrongful eviction of the Plaintiff; and her

confiscation and retention of his laptops and other computing equipment which contains critical information, software, evidence, and business records.

(c) Monette Stephens is expected to testify about her retention of Harris; her related contemporaneous representations to the Plaintiff; her machinations in relation to the Santa Barbara residence and her creation of fictive charges of waste against the Plaintiff in retaliation for his questioning the transaction; her earning capacity at the time of the divorce and actual financial needs; and her coordination with attorney Harris in deceiving and disadvantaging the Plaintiff.

(d) The Plaintiff is likely to retain an expert on the standard of care for a reasonably prudent matrimonial attorney in the locality as well as the ethical strictures imposed on such an attorney with a view to demonstrating that Defendant Harris omitted critical clarifying disclosures and acted unprofessionally and actionably in purporting to "advise" the Plaintiff concerning the law.

B. Documents

(a) All e-mail correspondence between the Plaintiff and Defendant Harris;

(b) All e-mail correspondence between the Plaintiff and Defendant Stephens;

(c) The contents of the parties' "negotiated" Stipulation including drafts.

(d) A record of Defendant Harris's billings and Plaintiff's payment(s);

(e) Documents related to the Santa Barbara mortgage fraud;

(f) Pleadings and memoranda in the Plaintiff's divorce case and in his eviction proceedings;

(g) Contemporaneous video which documents Defendant Stephens' retention of the Plaintiff's laptops and other computing equipment (despite her and her co-Defendant

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**

denying possession) containing trade secrets, business contacts, business records, and evidence for this case;

(h) Documents that establish the value of the data on the laptop including the trade secrets;

(i) A transcript of testimony offered by Defendant Stephens on October 13th, 2016 which discloses that the laptops and other computing equipment was consigned to the possession and control of Defendant Harris;

(j) Other transcripts by Defendant Stephens, including 341 hearings for her bankruptcy and subsequent testimony concerning some paintings and her diamond ring that she lied about to her bankruptcy trustee.

(k) An expert report concerning the misstatements of law and fact made by Defendant Harris; her critical omitted disclosures; and her departures from the appropriate standard of care and ethical standards;

(l) Relevant phone records;

(m) Relevant business records documenting debt incurred by Plaintiff in making the excess payments to Stephens and establishing his lost business opportunities;

(n) Documents showing Stephens' contemporaneous earnings;

(o) Documents establishing the extent and details of the parties' consumer debts and Defendant Harris's success in collecting payment for same from Plaintiff;

(p) Documents that show the nature of Defendant Harris's practice and its routine intersection with the collection of consumer debt.

11. <u>Class Action.</u>

Not applicable.

12. Related Cases

None.

13. Relief Sought

The Plaintiff seeks, among other relief, statutory damages for violations of the Fair Debt Collection Practices Act, compensatory and punitive damages for fraud and breach of fiduciary duty, damages for conversion, and damages for breach of the anti-retaliation section of FIRREA. If necessary, the Plaintiff will seek injunctive relief for the return of his laptops and other computing equipment.

14. Settlement & Alternative Dispute Resolution

Mr. Harris emailed me weeks ago and proposed we postpone ADR discussions until after his Motion to Dismiss. I agreed to his plan. We spoke again yesterday and plan to discuss ADR options after his Motion to Dismiss is denied. I personally am in favor of ADR and suggested a settlement conference and mediation as our first two steps.

15. Consent to Have a Magistrate Judge Hear the Case

The Plaintiff did consent to having a Magistrate Judge hear this case, but Defendant Harris did not.

16. Other References

Plaintiff believes this to be inapplicable.

17. Narrowing Issues

Although the Complaint is for multiple counts the Plaintiff is not certain how issues could be productively narrowed in the short term. The Plaintiff is hopeful that as many documents may be authenticated by Stipulation as possible.

PLAINTIFF'S CASE MANAGEMENT STATEMENT

18. <u>Expedited Trial Procedure</u>

The Plaintiff would be in favor of any expedited procedure that does not sacrifice the presentation and preservation of complex evidence.

19. <u>Scheduling</u>

The Plaintiff does not believe that we can schedule until the second Defendant appears in this case. To that end, is it possible that the Marshalls, who gave up on their first attempts to serve Ms. Stephens, can be engaged to continue their service of process. The Plaintiff can provide information to the appropriate person that will make it easy to serve Defendant Stephens despite her best attempts to evade service.

20. <u>Trial</u>

The Plaintiff has requested a trial by jury. The Plaintiff believes that the case can be tried in four or fewer days, not counting the time needed for the defense.

21. <u>Disclosure of Non-Party Interested Persons or Entities</u>

The Plaintiff is unaware of such an interested non-party.

22. <u>Other Matters</u>

The Plaintiff understands that Defendant Harris's insurer has declined her tender of defense. The Plaintiff believes that one or more count is potentially covered and that Defendant Harris's insurer may be in breach of the duty to defend. The Plaintiff would consider cooperating with Defendant Harris to determine whether an assignment of rights to garnish the policy would be a fair and expeditious resolution of the parties' dispute. This would require a careful review of the Defendant's policy and related correspondence. The Plaintiff is hopeful that a commonality of interest would induce the parties to work together (despite the apparent frayed nerves and antipathy as

demonstrated in Mr. Harris' recent filings on behalf of his client). The Plaintiff is attempting to vindicate his legal rights and recover damages opportunity costs and is not seeking to impose punishment for the sake of punishment.

RESPECTFULLY SUBMITTED,                Date: 3/27/2018

_____
Carl A. Wescott. Pro Se

**PLAINTIFF'S CASE MANAGEMENT STATEMENT**                              10