Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000
FILED

MAR 23 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

| | |
|---|---|
| Carl Alexander Wescott,<br>    Plaintiff<br>--------------- versus ---------------<br>Monette Stephens and<br>Michelle Harris, esquire<br>    Defendants | Case Number CV 17 5837 SK<br><br>**PLAINTIFF'S OPPOSITION TO**<br>**DEFENDANT'S MOTION TO STRIKE SUR**<br><br>**Hearing Date: April 4TH, 2018, 2 pm** |

Plaintiff Carl Wescott, proceeding *pro se*, hereby opposes the Defendant's Motion to Strike the Plaintiff's Sur-Reply and in support of his Motion, the Plaintiff offers this concise Memorandum of Points & Authorities.

1. Introduction

The Plaintiff will aim to be brief so as to conserve judicial resources and not further provoke Defense counsel whose blood pressure appears to have been already dangerously elevated by a proposed eight-paged Sur-Reply.

The Plaintiff and his ex-wife decided to part ways in an environment in which they were cash-constrained. They agreed to hire one lawyer to negotiate a settlement in an effort to save on divorce transaction costs.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SUR-REPLY**    1

As the Bible enjoins us, no man (nor woman) can serve two masters, for s/he will surely hold to the one one and despise the other. Matthew 6:24. In this case, Defendant Harris held to Defendant Stephens and despised the Plaintiff. Leading him to believe she was advising him about the law she instructed the Plaintiff that $15,000 per month was the minimum for support and maintenance and that he should pay her fees directly for the service of so informing him. Matters careened downhill from there.

The Plaintiff has alleged that the Defendants misused the trust and confidence he reposed in both of them to lie about the law, and about certain material facts, and place him at a tremendous disadvantage financially and in the posture of his divorce case. The Defendant has interposed many defenses including the litigation privilege, the right to conduct petitioning activity and the statute of limitations.

One of the Plaintiff's causes of action was violation of the Fair Debt Collection Practices Act. The Defense inserted a new argument into its reply in connection with that Act. The Plaintiff sought Leave to File a Sur-Reply in which he admittedly addressed more arguments than the single new one. But the Plaintiff does not believe that the Defendant's Motion is proper as submitted.

2. <u>The Defendant's Motion is Not Proper Under 12(f)</u>

As a threshold matter, the Defendant's Motion to Strike is nearly unhinged in tone and engages in personal recrimination all out of proportion to the alleged offense (which is distilled to wantonly attaching a document to another document): a Motion For Leave to File an Eight-paged Sur-Reply.

Thus, the Defendant's MPA states at p. 1:

> This is only the most recent example of Wescott's obsessive tendency to bury courts with frivolous filings in his pursuit to harass his ex-wife (Defendant Monette Stephens) and her divorce attorney (Harris).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SUR-REPLY**     2

The Plaintiff will restrain his obsessiveness as reflected in the 8-paged avalanche he previously unleashed on the Court and counsel and will not reply in kind, even though such language from the Defendant might itself be regarded as "impertinent" or "scandalous" within the meaning of 12 (f). The parties are not fond of each other, which is sad. But it is unprofessional for a lawyer to project personal rancor in his filings.

Because Courts construe pleadings liberally, a Motion to Strike pursuant to Rule 12(f) is not commonly granted. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). The same Court commented on the Movant's burden:

> "Immaterial" means that the matter has *no bearing* on the controversy before the court. . . . If there is *any* doubt as to whether the allegations might be an issue in the action, courts will deny the motion. . . . "Impertinent" has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence.

Thus, an "impertinent" allegation might well be that the Plaintiff in this case is obsessed with harassing the Defendants. But the Defendant's problem with the Plaintiff's Sur-Reply isn't that it was impertinent or immaterial but rather that the Plaintiff got some extra shots in (Defendants claim "no new arguments" were made on p. 4 of their MPA).

The Defendant makes picky and prolix arguments that do not begin to establish that the arguments in Plaintiff's proposed Sur-Reply are improper under the standard of 12(f). For example, the Defendant attempts to hold the Plaintiff to a five paged limit provided in the local rules for an Objection to Reply Evidence which may be filed without leave. But the Plaintiff did not file an Objection to Reply Evidence and he *sought* leave to file his Sur-Reply. The local rules do not apply a five-paged limit to a Sur-Reply that is to be filed only with leave. The Plaintiff thanks the Defendant for making him aware that some Courts think it to be improper to attach a proposed Sur-Reply to Motion For Leave to File, but there is no such Rule in this District and it did not occur to the Plaintiff that his proposed Sur-Reply would act like an attractive nuisance

and irresistibly focus the attention of the Court. The Plaintiff asks the Defendant's attorney to make up his mind: is he creating an avalanche of new work through his obsessive filings or is he mesmerizing the Court with his brazen attachments?

The Plaintiff offered pertinent, material, non-scandalous and relevant arguments in his Sur-Reply. Accordingly, 12(f) is simply not the proper vehicle for opposing it. It may be better to treat the Defendant's argument as an Opposition to the Plaintiff's request that he be permitted to file the Sur-Reply in question.

3. The Defendant is in Error: Sur-Replies are Not Disfavored in Every Case

The Plaintiff will engage this Court candidly. If a litigant scans tens of thousands of reported cases over seven or eight decades of modern practice, the litigant will find a range of attitudes on the part of District Courts toward Sur-Replies. This is the sort of issue on which Trial Judges are afforded the widest possible latitude. Defense counsel diligently uncovered cases in which Sur-Replies were "disfavored". The Plaintiff, despite being at a cavernous disadvantage in education, legal experience, resourecs and vocabulary has – perhaps with the benefit of his obsessiveness – uncovered cases in which Courts believed Leave to File Sur-replies should be liberally granted. *St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co. Ltd. et al.*, C.A. No. 12-69-LPS (D. Del. Mar. 29, 2013): Sur-Replies should be liberally allowed. *King v. Knoll*, 399 F.Supp.2nd 1169, 1174-75 (D.Kan. 2005). Indeed, some Courts have given preference to Sur-Replies filed by Plaintiffs in the context of Motion Practice as part of the policy of construing the Complaint liberally. *Robinson v. Farmers services LLC* No.-cv-02244 2010 WL 4067180 (D. Kan October 15, 2010). Thus the *Robinson* Court accepted a Sur-Reply even after finding that the Defense had not truly made a new argument in its reply.

It is this last argument that the Plaintiff would urge upon the Court, without the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SUR-REPLY 4

concession concerning the Defendant's FDCPA argument that was indeed new. The Plaintiff is not a professional drafter of Complaints, nor polished crafter of arguments. He is a programmer (as in software engineer) learning law as he goes. The Defendant did offer a new and rather confusing argument in her Reply brief to the effect that she needed to be employed by an original creditor in order to be liable under the Fair Debt Collection Practices Act. On the other hand, in an abundance of candor, the Plaintiff's arguments ranged beyond the new argument inserted by the Defendant.

That conceded, the Defendant's Motion to Strike is unsupported in law as is her poorly articulated request that the Plaintiff be prohibited from filing any document with the Court without a pre-filing application. This appears to be a short-cut to having the Plaintiff declared a vexatious litigant in the 9th Circuit. The hurdle for such a designation is high; far higher than it is in the State Court system, *Ringgold-Lockhart v. County of Lose Angeles*, 761 F.3rd (9th Cir. 2014). The Defendant's request in this respect is grossly improper.

4. Conclusion

The Plaintiff owes Defense counsel thanks not only for pointing out that in 1975 in New York it was considered a faux pas to attach a Sur-Reply to a Motion For Leave to File a Sur-Reply (even though it appears to be the convention to attach prospective filings in most other cases) but also for focusing such a blinding spotlight on the Plaintiff's Sur-Reply with counsel's hyperbole and invective. Defense counsel seems to think that a Court will not be able to resist perusing *any* document attachment; if he is correct, how could a Court be able to resist perusing a document that the Defendant scorns so vituperatively? See, Feresten, Spike The Little Kicks, Seinfeld Episode 138, October 10, 1996 (Elaine forbids a co-worker to see George because he is "bad" thereby making George irresistible to the co-worker). Plaintiff's less subtle strategy will be

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SUR-REPLY    5

1 to ignore any document he does not want emphasized.

2 The Plaintiff hopes that his eight paged Sur-Reply will prove to be helpful and illuminating to this Court and asks that the Court consider its contents in aid of liberally construing the complaint in this case. Should the Court decline to accept or review the Plaintiff's Sur-Reply any Order to Strike would be moot and it would be unwarranted by Rule 12(f) itself as the Sur-Reply is not immaterial or impertinent. It is not redundant – at least not in whole – as it addresses at least one new and novel argument by the Defendant.

The Plaintiff has sustained heavy damages because he effectively accepted the legal advice and direction of a disguised adversary. Lawyers are understandably clothed with the privileges necessary to do their jobs but their jobs do not extend to defrauding their opponents, especially into thinking that they are joint clients. Lawyers (Defendant Michelle Harris) are also not supposed to steal their clients' (or adversaries, for that matter) property: Ms. Harris still has the Plaintiff's computing equipment, as per the testimony under oath of her co-Defendant Ms. Stephens (on October 13th, 2016). Even for this *pro se* opponent, it is clear that this is "conversion," which has not only civil but criminal implications ("larceny"). While the laws regarding conversion and larceny seem relatively simple, the law in the area of attorneys defrauding clients and adversaries is complex. The opposition, if not exactly "obsessive" is tenacious and learned and has thrown the kitchen sink at the complaint.

The Plaintiff humbly requests that this Court err on the side of liberality in construing his arguments. The Motion to Strike should be denied.

RESPECTFULLY SUBMITTED on March 23rd, 2018.

_____
Carl A. Wescott. *Pro Se*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SUR-REPLY**      6