UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>MONETTE STEPHENS, et al.,<br><br>Defendants. | Case No. 17-cv-05837-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS THE COMPLAINT**<br><br>Re: Dkt. No. 21, 31, 32 |

**INTRODUCTION**

Plaintiff Carl Alexander Wescott alleges that his former wife, Monette Stephens, and her matrimonial law attorney, Michelle Harris, fraudulently persuaded him to assume unreasonable support and mortgage payments during the dissolution of the marriage. Wescott brings suit against Stephens and Harris for an accounting, violation of the Fair Debt Collection Practices Act ("FDCPA"), fraud, retaliation under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), breach of contract, conversion, and legal malpractice. Harris now moves to dismiss. Wescott cannot state a FDCPA claim against Harris because debts arising under marital dissolution agreements are not covered by the FDCPA and because Harris is not a debt collector within the meaning of the Act. He cannot state a claim under FIRREA against Stephens, who has not been served, because she is not a financial institution. There is no way these claims can be plausibly amended. Accordingly, I GRANT Harris's motion to dismiss the federal claims without leave to amend and decline to exercise supplemental jurisdiction over the state claims.

**BACKGROUND**

**I.    Factual Background**

In early 2014, Wescott and his former wife, Stephens, "decided to separate and likely thereafter dissolve their marriage." Complaint ("Compl.") ¶ 7. They had "massive consumer

debt, including mortgage payments on multiple residences, high credit card balances and other consumer loans." *Id.* Wescott alleges that on February 25, 2014, they "decided to hire one attorney who would assist them in negotiating a settlement in the most cost effective manner," and he delegated the hiring to Stephens. *Id.* ¶ 8. Stephens hired Harris, "a matrimonial law attorney." *Id.* ¶¶ 6, 8.

Wescott alleges that he believed that Harris "was representing the interests of both Plaintiff and Stephens," when in reality, "Harris was attempting to impose the harshest possible terms upon Plaintiff and obtain the best possible terms for Stephens." Compl. ¶¶ 10–11. Wescott accepted Harris' representation that "the minimum support amount he would need to pay Stephens was $15,000 per month," despite informing Harris "that his annual revenue for that year was $1,600." *Id.* ¶ 12. Harris also persuaded him "to assume the parties' mortgage obligations and consumer obligations" as well as to pay her legal fees. *Id.* ¶¶ 10, 14. He alleges that "[i]n imposing ruinous payment terms" on him, Harris made various false statements and omissions, which he relied on. *Id.* ¶¶ 15–18. He also makes various other allegations regarding Harris and Stephens' conduct, including that Stephens made false statements in connection with the refinancing of a property in Santa Barbara, resulting in Wescott being "falsely made responsible" to pay the mortgage on that property. *Id.* ¶¶ 21–24.

**II.     Procedural Background**

On October 10, 2017, Wescott, proceeding pro se, filed suit for violation of the FDCPA against Harris, retaliation in violation of FIRREA against Stephens, and several state law claims, including fraud, breach of contract, conversion, legal malpractice, and a request for an accounting. Harris was served with the Complaint on October 31, 2017. *See* Harris Decl. [Dkt. No. 16-2] ¶ 2. On January 26, 2018, the summons returned unexecuted as to Stephens. *See* Dkt. No. 20. To date, she has not been served in this action.

On January 31, 2018, Harris filed a motion to dismiss the Complaint for failure to state a claim and special motion to strike the Complaint as a SLAPP suit. *See* Dkt. No. 21. She also filed a concurrent Request for Judicial Notice of an order issued by the Superior Court of California, County of San Francisco, granting Stephens' request for an order declaring Wescott a vexatious

2

litigant pursuant to California Code of Civil Procedure Section 391(b)(3).[1] After the opposition and reply briefs were filed, Wescott then filed a motion for leave to file a sur-reply, attaching his sur-reply brief. *See* Dkt. No. 31. Harris filed a motion to strike the sur-reply and requested an order that he not file additional papers, *see* Dkt. No. 32, which he opposed, *see* Dkt. No. 39.[2]

## LEGAL STANDARD

Under Federal Rule of Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Additionally, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

---

[1] The Order notes that Stephens was granted a restraining order protecting her from Wescott on May 13, 2015, with a duration of five years, expiring on May 13, 2020. *See* Request for Judicial Notice [Dkt. No. 21-2] Ex. 1, at 1. While this document certainly helps to explain the rancor between these parties evidenced by the briefing, I do not find it relevant to the resolution of this matter, and decline to take judicial notice of it at this time. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to take judicial notice of another action "not relevant" to the case); *Neylon v. Cty. of Inyo*, No. 1:16-cv-0712, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied.").
[2] While Wescott violated Local Rule 7-3(d) by attaching his sur-reply without prior approval of the Court, given that he is proceeding pro se, as well as that his sur-reply addresses a dispositive issue, I consider it in my reasoning below and DENY Harris's motion to strike.

3

94 (2007). Indeed, the court must afford a *pro se* litigant "the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

If the court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

**I.     FDCPA Claim**

Wescott brings a claim for violation of the FDCPA against Harris, alleging that she was negligent, willful, or both in collecting and attempting to collect an unauthorized debt in violation of Section 1692f(1) and in omitting legal disclosures required by Section 1692f(3). Harris moves to dismiss this claim on the ground that he cannot state a valid claim under the FDCPA as a matter of law. I agree with Harris.

The FDCPA provides a cause of action for consumers who have been exposed to "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004). This is a question of law suitable for resolution on the pleadings. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) ("[W]hether the undisputed facts alleged in the complaint establish the existence of debt within the meaning of § 1962a(5) is a question of law.").

The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1962a(5). The Ninth

4

Circuit has held that "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." *Fleming*, 581 F.3d at 925. The FDCPA, however, "does not apply where a defendant attempts to collect a state court judgment for damages as a result of tortious conduct." *Id.*; *see also Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (obligation to pay child support not a "debt" under the FDCPA because it was not incurred in exchange for consumer goods or services); *Mazzaferro v. Stanaland*, Nos. C 11-4097 SI, C 11-4098 SI, 2011 WL 5444323, at *3 (N.D. Cal. Nov. 9, 2011) (award of attorney fees not a debt within the meaning of the FDCPA). The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1962a(6).

Wescott alleges that he and Stephens "had massive consumer debt, including mortgage payments on multiple residences, high credit card balances and other consumer loans." Compl. ¶ 7. While he states in opposition that "Harris schemed to ensure that the Plaintiff would disproportionately pay the parties' massive consumer debt" and "was acting . . . to collect debts to another," Opp. at 12, the allegations in the Complaint specify that Wescott agreed to pay a "minimum support amount" of "$15,000 per month" to Stephens through Harris, Compl. ¶ 12. He also alleges that Harris "directly invoiced Plaintiff $7,000 for legal services." *Id.* ¶ 10.

These allegations fail to state a claim under the FDCPA as a matter of law because Wescott does not allege any "debt" within the meaning of the Act. The payments that he characterizes as consumer debt are not any debts arising from a transaction, but rather payments pursuant to an agreement to pay alimony, or matrimonial support to his former wife, along with related legal fees—all of which were stipulated pursuant to the terms of the dissolution of the marriage. *See* Compl. ¶ 12. In this circuit, like child support or damage obligations, these payments are not "debts" within the meaning of the FDCPA. *See Turner*, 362 F.3d at 1227 (citing *Mabe*, 32 F.3d at 88).

The allegations fail for the second reason that Harris is not a "debt collector" within the

5

meaning of the Act. While Wescott alleges in opposition that "Harris was acting . . . to collect debts owed to another—not only Harris, but the ultimate holders of the consumer debt," Opp. at 12, this allegation does not appear in his Complaint. He does not allege that Harris settled any debts with creditors on behalf of himself or Stephens, or that she was specifically collecting debts as owed to creditors, or that she even had any contact with his third-party creditors. Instead, the Complaint alleges only that she collected "support" from Wescott, *see id.* ¶ 12, as one would expect from "a matrimonial law attorney," *id.* ¶ 12. Given her profession, allegations otherwise would be implausible; his suggestion that she acted as a "debt collector" within the meaning of the Act is incorrect as a matter of law. He does not cite to, nor have I found, any authority suggesting that a matrimonial attorney may be a "debt collector" within the meaning of the FDCPA. Finally, to the extent that she was collecting her own legal fees, Harris was not acting as a "debt collector" as she was not collecting any debt "due another." *See* 15 U.S.C. § 1692a(6).

For these reasons, the FDCPA claim is DISMISSED. Because leave to amend would be futile, Wescott is denied leave to amend.

## II. FIRREA Claim

Wescott brings a claim for retaliation in violation of FIRREA against Stephens only. Harris also moves to dismiss this claim on the grounds that Wescott failed to exhaust his administrative remedies, thus depriving the Court of subject matter jurisdiction over this cause of action, and that he fails to state a claim under FIRREA. He does not refute Harris's failure to exhaust argument, but instead contends that he has stated a claim for retaliation under the statute. Because Harris's argument goes to jurisdiction, I will consider its merits.

Wescott cites "12 U.S.C. § 1833 373 (h)," Compl. ¶ 39, as well as "3730(h)," Opp. at 13, but appears to bring his claim under 12 U.S.C. § 1831j for retaliation, *see* Compl. ¶ 39; Opp. at 13.

FIRREA provides that:
> No insured depository institution may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to the request of the employee) provided information to any Federal banking agency or to the Attorney General regarding--
> (A) a possible violation of any law or regulation; or
> (B) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety;

6

by the depository institution or any director, officer, or employee of the institution.

12 U.S.C. § 1831j(a). This provision protects whistleblowers from retaliation, such as discrimination or termination, by certain financial institutions. Harris argues that FIRREA imposes a limitation on judicial review:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. 1821(d)(13)(D).

While the Ninth Circuit has stated that the exhaustion of remedies is a jurisdictional requirement, it has also recognized that "[n]ot all claims are subject to the exhaustion requirement of FIRREA." *Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1156 (9th Cir. 1997). The language of Section 1821(d)(13)(D) refers specifically to claims involving financial institutions for which the FDIC has been appointed receiver, which does not describe plaintiff's claims. Nor does Harris cite to any cases in which the exhaustion of remedies requirement has been applied to retaliation claims. I thus cannot say as a matter of law that plaintiff's failure to exhaust administrative remedies with respect to his retaliation claim divests this Court of jurisdiction.

While Wescott does not bring this claim against Harris, I nonetheless address the substance of the claim because it is apparent from the Complaint and the briefing that it is deficient and must be dismissed. Section 1821j prohibits financial institutions from discriminating against or terminating from employment any employee or agent for reporting violations of law or certain other matters. This cause of action is not pleaded against any financial institution, but rather his former wife. Nor has he been discriminated against or terminated from employment in any way. This claim so obviously does not fit the purposes of Section 1821j-- nor could it-- that I dismiss it with prejudice.

While the failure to state a claim under FIRREA is sufficient grounds for dismissal, I also note that Wescott has yet to serve Stephens with the Complaint in this matter, *see* Dkt. No. 20, which was filed on October 10, 2017. Because Stephens has not been served within 90 days, Rule

4(m) supports dismissal of all counts against her. *See* Fed. R. Civ. P. 4(m). I would thus dismiss the FIRREA claim for this separate reason.

### III. Remaining State Law Claims

Wescott's FDCPA and FIRREA claims are the only federal claims alleged in the Complaint, and the only claims giving rise to federal jurisdiction. They are DISMISSED without leave to amend. I decline to exercise supplemental jurisdiction over the remaining state claims. *See* 28 U.S.C. § 1367(c)(3).

### CONCLUSION

For the foregoing reasons, Harris's motion to dismiss the FDCPA and FIREEA claims is GRANTED without leave to amend, and her motion to dismiss the complaint is GRANTED.

**IT IS SO ORDERED.**

Dated: April 9, 2018

William H. Orrick
United States District Judge